**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 25-7123
1:24-cv-03434-ACR**

**SAMIHA AYYASH et al**

**Plaintiffs-Appellants,**

v.

**AMERICAN AIRLINES INC. et al**

**Defendants-Appellees.**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 14 2025
RECEIVED

---

**APPELLANT FERAS HINDI MOTION FOR SUMMARY REVERSAL
REMAND & REASSIGNMENT**

Appellant Feras Hindi respectfully submits this motion only for him and not

representing other Appellant. The Appellant moves for this Court to reverse

summarily the March 28 2025 order of the District Judge Ana Reyes for the

District of Columbia, granting defendant American Airlines Inc Opposition to

Motion to Default (Dkt. 20, 1:24-cv-03434, D.D.C.) by denying Appellant Feras'

Entry to Default (Ex. 1; Dkt. 17, 1:24-cv-03434, D.D.C.) and denying his Motion

to Strike  (Ex. 2; Dkt. 41, 1:24-cv-03434, D.D.C.). The grounds for this motion is

that a) the District Court's order directly contravened the applicable language of the

Federal Rules of Civil Procedure and the controlling precedents of  this Court in

granting defective, untimely, unserved filings in February 12 2025 and onward.

b)The District Court also abused its discretion by denying Appellant Motions ( Dkt 17, 41) by abusing its discretion in not invoking its inherent authority as justice required and without analysis or acknowledgment, docketing it "denied as moot" despite clear evidence of the March 28 hearing transcript records ( Ex. 3 submitted in UNDERLYING DECISION IN CASE [2137822]) . The District Court's docket and orders reflect multiple procedural irregularities, including misapplications of FRCP 5, 6(b), 11, 12, and 55, disregard for Local Civil Rules, and the dual noncompliance with Judge Ana Reyes's own Standing Order (Ex. 3) by Appellee "AA" and the district court itself. Because the record unequivocally establishes Appellant's entitlement to relief—such that plenary briefing, oral argument, and the usual collegial deliberations would not affect the outcome (*Perry v. Capital One*, 565 F.3d 990, 993 (D.C. Cir. 2009), citing *D.C. Circuit Handbook of Practice and Internal Procedures*)—this Court should summarily vacate the judgment.

Pursuant to its inherent and statutory authority under 28 U.S.C. §§ 1651 and 2106, this Court must remand with clear instructions to reassign the matter to a different District Judge to safeguard both the appearance and the reality of impartial adjudication. Moreover, the Court should invoke its authority to strike the defective untimely filings by Appellee "AA" entered on or after February 12, 2025, or direct the District Court to strike them to preserve the integrity of the judicial record and docket and Enter default.

## I.  **BACKGROUND**

Appellant Feras, appearing pro se along with two other individual Plaintiffs, filed

the original Complaint on December 10, 2024, against ("AA") and Gulf Air B.S.C.

The Amended Complaint was filed on December 31, 2024. Service was properly

effected on "AA" on January 22, 2025, with an answer due by February 12, 2025.

Both the original and amended complaints identified Appellant Pro Se as a party.

### 1.  **Appellee "AA"** *(Docket Nos. 6, 7, and 8, 1:24-cv-03434, D.D.C.)*

On February 12, 2025, Appellee AA filed its Notice of Appearance and related

papers, each accompanied by a Certificate of Service certifying compliance with

Federal Rule of Civil Procedure 12(a)(1)(A)(i). The record, however, establishes

that Appellant Feras did not receive any of these filings until February 18,

2025—six days after the deadline. This undisputed discrepancy renders the

Certificates of Service inaccurate and the underlying filings unserved as of

February 12. Because the Notice of Appearance was defective when filed, all

subsequent filings premised on it were likewise procedurally invalid and should

have been disregarded or corrected. Appellee counsel was notified of this defect

and an amendment of the certificate to reflect the actual service date was

mandated. Nevertheless, Appellee's counsel declined to amend and later under

pressure conceded that Appellant had not been served or notified on February 12

(See Ex. 4, Dkt. 20, 1:24-cv-03434, D.D.C.). This admission confirms the

inaccuracy and procedural defect of the earlier filings—a matter of particular

significance where, as here, a *pro se* litigant is entitled to individual and timely

service under Federal Rules 5(a) (b), 12(a) and Standing order.

Under Judge Reyes's Standing Order § 9(a), any request for an extension of time

must be made by motion; parties are not permitted to stipulate or unilaterally

modify deadlines. Despite this unambiguous requirement, Appellee American

Airlines failed to comply, effectively altering the response period without seeking

leave of court. By doing so, Appellee curtailed Appellant's time to respond and

created procedural uncertainty that disadvantaged him. As a *pro se* litigant,

Appellant reasonably relied on the Court's published rules and deadlines; his

confusion and resulting delay stemmed solely from Appellee's noncompliance, not

from neglect or misunderstanding on his part.

### 2. **Dkt. 14, 1:24-cv-03434, D.D.C. Filed by Appellee "AA"**

On February 20, 2025—eight days after the court's deadline—Appellee American

Airlines filed a *Motion for Hearing and Pre-Motion Conference* (Dkt. 14) seeking

to withdraw its earlier *Motion to Dismiss* (Dkt. 7). The District Court later granted

the withdrawal, though the docket mistakenly lists the motion as "denied." The

filing was procedurally defective in several respects. **First**, it relied on an untimely

and unserved Notice of Appearance with an inaccurate Certificate of Service.

**Second**, it violated FRCP 5(a), 5(b) and Standing Order ¶7(m)by mailing a single

envelope jointly addressed to multiple plaintiffs instead of serving Appellant

individually. **Third**, it breached Rule 6(b) by extending its own deadline without

leave of court. As the Supreme Court held in *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs.*, 507 U.S. 380 (1993), attorney neglect does not excuse non-compliance.

These defects rendered Dkt. 14 procedurally invalid and prejudicial to Appellant

### 3.  Appellant Feras Entry to Default  (Dkt. 17, 1:24-cv-03434, D.D.C.)

On February 24, 2025, losing time from his 14 days granted by the law, Appellant

Feras timely filed a Motion for Entry of Default under FRCP 55(a) against

Appellee AA, The undisputed record establishes that Appellee AA  admitted its

February 12, 2025 filings were not served or delivered by the deadline. Appellee's

own opposition memorandum Dkt. 20, 1:24-cv-03434, D.D.C characterizes the

February 13 mailing as merely a "courtesy copy," confirming that no timely

service occurred by the Rule 12(a)(1)(A)(i) deadline. Under Federal Rules 5(b) and

55(a), no litigant may be deemed to have "appeared" or defended before proper

service. Because the time to respond expired without effective service, entry of

default was mandatory as a matter of law, and the District Court's refusal to enter

default constitutes reversible legal error rather than a discretionary ruling.

### 4.  Opposition to Entry to Default by Appellee "AA" *(Ex. 4* Dkt. 20, 1:24-cv-03434, D.D.C.

On March 4, 2025, Appellee "AA" filed its Memorandum in Opposition (Dkt. 20)

to Appellant Feras's Motion for Entry of Default, combining multiple Plaintiffs'

arguments into a single opposition. As experienced counsel for a corporate defendant, "AA"'s attorney is presumed fully aware of procedural requirements. Tactical defense of implying improper service rather than No service on the deadline, both failed arguments are invalid as "AA"'s reliance on mere "belief" that ECF service applied to all pro se, unconsented parties reflects negligence, or misrepresentation, or misunderstanding of such obligations. The Court erroneously granted "AA's" opposition, denied entry of default and didn't consider sanctions. The opposition was also filed with defective, untimely  Notice Of Appearance.

### 5. Motion To Strike By Appellant Feras *(Ex. 2* Dkt. 41, 1:24-cv-03434, D.D.C.

On March 25, 2025, after the Court clearly ignored prior rulings on his motions and documented irregularities, Appellant Feras filed a Motion to Strike Appellee's filings including the defective Certificate of Service, invoking the Court's inherent authority The motion targeted several filings *(Dkt Nos 6,7,8,14 and 20 1:24-cv-03434, D.D.C.)*These defective filings materially affected the outcome, specifically, they were relied on in denying default and in dismissal orders.

### 6. March 28 2025 Hearing labeled "Pre conference"

Based on Appellees' request and desired date after denying appellant hearing requests, the court finally set a hearing 40 days after the deadline. The proceeding gave the appearance of partiality as the transcript reflects, as the court substituted personal standards for binding federal law. The court denied Appellant's Motion

for Entry of Default, stating as the transcript shows the judge's statement that Appellees had appeared under her [my] local rules and had done everything correctly, despite undisputed record evidence of untimely and defective filings of Appellee. The district court also refused to apply Rules 12(a)(1)(A)(i) and 6(b) when excusing missed deadlines, declaring as Transcript shows : ***"I don't care if they missed the deadlines; I am giving them extra time"*** and ***"We are past the deadlines because I say we are."*** The court improperly accepted defective service and filings in violation of Rules 5, 11, 12, and 55 treating Appellee's Notice of Appearance as lawful and thereby preventing entry of default. The court further misapplied Rule 5, Local Civil Rule 5.4, and its own Standing Order by stating on the records **that ECF service on one pro se litigant constituted service on all** supporting "AA" beliefs" in Dkt 20.

## II.    ARGUMENT
### A. SUMMARY REVERSAL IS WARRANTED

As explained by analogy in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a judgment cannot stand when the moving party fails to meet its burden. Appellant presented evidence sufficient to raise genuine disputes, and the trial court's contrary finding is plainly erroneous. As recognized in *Jones v. District of Columbia*, 146 A.3d 125 (D.C. 2016), and consistent with controlling federal precedent, this Court may summarily reverse where "the merits are so clear as to

justify expedited action." *Groves v. United States*, 755 A.2d 579, 580 (D.C. 2000);

*Sills v. Bureau of Prisons*, 761 F.2d 792, 793–94 (D.C. Cir. 1985); *D.C. Circuit*

*Handbook of Practice and Internal Procedures* 65–66 (1994); see also D.C. Cir.

Rule 27(f). The movant must show "that his remedy is proper and the merits so

clearly warrant relief as to justify expedited action." *Metropolitan Washington*

*Coalition for Clean Air v. District of Columbia*, 511 F.2d 809, 812 (D.C. Cir.

1985). Summary reversal is warranted here because, on facts conceded by AA, the

District Court's rulings directly conflict with controlling precedent, and constitute

clear legal error and abuse of discretion. *See Vietnam Veterans Against the War v.*

*Morton*, 506 F.2d 53, 56 (D.C. Cir. 1974) ("However heavy the burden may be for

a litigant to earn summary reversal in the normal case, the District Court's failure

to defer to and follow controlling law clearly warranted that disposition in this

case."). The record is complete and undisputed, leaving no substantial question as

to the outcome. The District Court's refusal to exercise that authority, and its

misapplication of the Federal Rules, abuse of discretion, and a denial of due

process constitutes reversible legal error,. Accordingly, summary reversal and relief

is warranted. The record demonstrates that the denial of entry of default at the

outset of this litigation was not a mere procedural irregularity or a permissible

exercise of judicial discretion. Rather, it formed part of a continuing pattern of

arbitrary decision-making and disregard for procedural fairness that deprived

Appellant Feras of a fair and impartial adjudication on the merits. From the inception of the proceedings, the court repeatedly exceeded the boundaries of sound judicial discretion. The hearing held on March 28, 2025, is particularly illustrative of this abuse. Upon review of the hearing transcript and corresponding docket entries, the appellate court will observe conduct and rulings that go beyond ordinary impatience or case management frustrations. The record reveals an unmistakable appearance of bias, if not actual bias, that undermines public confidence in the legality and fairness of the proceedings that prejudiced Appellant and denied him due process. Following that hearing, the court further disregarded multiple pending motions, including a well-supported motion for jurisdictional discovery, while ruling using Appellee "AA's" withdrawn motion (Dkts. 7) and ultimately dismissing the action for failure to state a claim. This dismissal occurred despite explicit instructions by the Judge that the parties were to brief only the motion to dismiss for lack of jurisdiction, not for substantive merits. Such procedural contradictions and error in selective consideration of parties' withdrawn or defective filings constitute error and abuse of discretion. The refusal to permit jurisdictional discovery particularly when the Appellant had presented plausible and evidentiary grounds warranting discovery under governing standards—further deprived the Appellant of an opportunity to substantiate jurisdictional facts essential to his claims. The court's decision to instead credit appellee "AA's"

assertions without evidentiary hearing or factual inquiry was contrary to law and unsupported by the record. Furthermore, these errors and docketing them as they were decided on the "merits" collectively compromised the accuracy of the official record, hindered appellate review, and denied Appellant fundamental due process. The record will also demonstrate that the Court substituted binding federal standards with ad hoc local preferences, excusing AA's procedural violations while denying Appellant's motions without reasoned rulings. Such conduct constitutes abuse of discretion and denial of a fair and impartial adjudication. The pattern of selective enforcement and disregard for procedural safeguards reflects at least the appearance of bias and warrants summary reversal of the underlying rulings. In light of these cumulative irregularities, the denial of default and not addressing motion to Strike and the docketing of them, was not an isolated or technical error, or targeting the merits, but part of a broader pattern of judicial overreach and procedural deprivation.

## B. <u>Due Process</u>

This error of law is clear, service rules and time to defend and answer are set in Federal Rules, courts may not substitute "their own rules" for binding federal procedure. Judicial discretion must operate within the bounds of law. Here, the court exceeded those bounds directing AA's counsel to ***"add mail service so that [her deputy] doesn't have to do this,"*** diverting judicial resources to assist a

represented party, followed by attempts to serve Appellee counsel in a different case on behalf of Plaintiff Tala without jurisdiction of her court and using Pre-motion conference for one case to solve unserved second case.

Judicial bias stems from an extrajudicial source or demonstrates deep-seated favoritism *Liteky v. United States*, 510 U.S. 540 (1994). The presiding judge's statements and conduct demonstrated actual or apparent bias, violating Appellant's Fifth Amendment right to an impartial tribunal. The judge before jurisdictional discovery insisted on mischaracterizing the claims into another Plaintiff cause of action Wrongful death ( a party that wasn't attending the hearing yet the transcript lists her as appeared). The judge declared merits predetermination to the case, in pre conference hearing stating ***the case obviously "doesn't belong in this courtroom,"*** based on the words of Appellee that are in the court for alleged misrepresentation**,** Judge Ana discouraged Appellant from seeking counsel and repeatedly invoked "**my** local", "**my** own" "**my** special", "**my** unique" rules **"I have all the power in the world"** to Pro Se Appellant evidencing prejudgment and unequal treatment, leniency toward represented corporate Defendants and strict compliance for pro se litigants that all they did is comply with the rules.

The District Court's consolidation of Plaintiffs' claims reflects a tactical approach by Appellee AA and the Court to conflate distinct claims—particularly conflating

Appellant Feras's individual causes of action into a single wrongful death claim focused on the captain's demise. This framing is erroneous because Appellant Feras does not assert a wrongful death claim. Rather, his claims arise from unique events and damages based on individualized evidence. The Court's oversimplification and the combined service misrepresent Feras as merely part of a collective action, treating all Plaintiffs as one package, violating fundamental procedural and due process principles.

### C. <u>The Denial of Entry of Default Was an Abuse of Discretion</u>

Rule 55(a) provides that entry of default is ordinarily a ministerial act performed by the clerk once a party "has failed to plead or otherwise defend." Nonetheless, a district court retains authority to direct or enter default *sua sponte* when the record shows noncompliance. *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995). The District Court abused its discretion by misapplying the law governing Rule 55(a) and by failing to exercise its inherent authority either to enter default or to address counsel's admitted procedural violations. Appellee later filed a motion seeking to withdraw its original defense and introduced new arguments not included in the unserved Motion to Dismiss. These new theories—such as references to "government contacts" and an "FAA submission"—were later cited by the District Court as grounds for dismissal. Courts have long recognized that default may be entered against a party who fails to "otherwise defend," including

where conduct reflects obstruction tactics, delay or disregard of procedural rules. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Even assuming the Notice of Appearance was deemed valid, an untimely or unserved answer cannot constitute a defense under Rule 12(a). The Motion to Dismiss (Dkt. 7) was never served by the February 12 deadline, and the defect was never corrected. This defective service initiated a series of procedural delays that prevented timely resolution of Appellant's claims. Once a party's failure to properly and timely appear or defend is established, no separate showing of prejudice is required under Rule 55(a). The District Court's refusal to enter default despite undisputed non-service therefore constituted legal error and an abuse of discretion. Reversal and remand with instructions to enter default are warranted.

### D. <u>The District Court Possessed Inherent Authority to Strike Improper Filings</u>

District courts possess inherent authority to manage their dockets to ensure the efficient and orderly resolution of cases. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This inherent power includes discretion to strike filings that violate court orders, procedural rules, or standing directives. See *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) recognizing that inherent power enables courts to protect institutional integrity and guard against abuses through orders and sanctions). Appellant's motion invoked this authority to strike filings that were

defective, untimely, and unserved in violation of the Court's Standing Order—documents that created only the appearance of compliance despite Appellee's admitted failure to meet procedural requirements. The repeated procedural lapses created a clear disparity, effectively extending deadlines for a represented corporate party while depriving *pro se* litigants of equal procedural protection. Such conduct falls squarely within the category of abuses that the Court's inherent authority exists to correct. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (recognizing inherent power to sanction or strike abusive filings)

## E. **The District Court Abused Its Discretion by Failing to Exercise Its Inherent Authority**

Although Rule 12(f) "does not explicitly authorize a motion to strike documents other than pleadings," courts across jurisdictions routinely exercise their inherent authority to strike improper filings. *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 11-C-8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (granting motion to strike affidavit and exhibit filed in opposition to motion to dismiss). As that court explained, "this authority comes from the court's inherent power to strike impermissible filings." *Id.* (citing *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994); *In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*, 763 F. Supp. 2d 423, 581–82 (S.D.N.Y. 2011)). Other courts have likewise

recognized that district courts "have inherent power to strike other types of documents for just cause." *Gaskins v. Balt. City Pub. Schs.*, Civ. No. JKB-15-2961, 2016 WL 192535, at *3 (D. Md. Jan. 15, 2016), aff'd sub nom. *Gaskins v. Abiodun*, 649 F. App'x 307 (4th Cir. 2016). The exercise of such inherent authority—including decisions to strike improper filings, deny default, or excuse noncompliance—is reviewed for abuse of discretion. Accordingly, the District Court's failure to exercise its inherent authority, while simultaneously excusing repeated procedural violations, constituted an abuse of discretion. See *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that a court may strike improper filings regardless of whether Rule 12(f) or inherent authority is invoked). The docket entry for Dkt. 41 states that the motion was "denied as moot for reasons on the record." Yet no such reasons were ever articulated, explained, or recorded. While district courts have broad discretion to manage their dockets, that discretion does not extend to disregarding or inaccurately representing the facts reflected in the record. Federal Rule of Civil Procedure 79 requires the clerk to accurately record "the nature of each paper filed" and "the substance and date of entry of each order." Inaccurate docket entries that obscure the procedural history undermine transparency and impede meaningful appellate review, thereby implicating due process concerns.

### F.  Abuse of Discretion in Failing to Consider Sanctions

The court abused its discretion by failing to consider sanctions under Rule 11 and

its inherent authority for improper litigation tactics by Appellee's experienced

counsel against a *pro se* party. The court possessed clear power to sanction filings

made for improper purposes—such as the inaccurate defective Certificate of

Service and filings that violated 11(b) and 11(a) including for failing to make a

reasonable inquiry into fact or law. Instead, the court declined to act, and diverted

the Sanctions threat to *pro se* litigant that further filings might be deemed

harassment as shows in the hearing transcript stating " I have all the power in the

world to impose". That power was directed at the wrong party. Additionally Entry

of default was one available form of sanction that the district court didn't invoke .

"It is undisputed that a court may impose default as a sanction." *Brock v. Unique

Racquetball & Health Clubs*, 786 F.2d 61 (2d Cir. 1986); 10 Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2d

ed. 1983).

### G. Manifest Abuse of Discretion and Appearance of Judicial Bias

The District Court's actions constitute a manifest abuse of discretion. The court

acted arbitrarily, capriciously and  beyond the bounds of reason manners, applied

the wrong legal standard, and based its ruling on clearly erroneous factual findings.

The Court substituted its own informal rules for the mandatory Federal Rules and

ignored critical factors such as Appellee's failure to effect proper service and the mandatory consequences triggered by Rule 55(a). Instead, the Court improperly excused late defective filings without proper justification and failed to exercise its discretion within lawful bounds. The decision was rendered summarily, without reasoned explanation or citation to authority, making the ruling plainly unreasonable and unsupported by the record. This procedural misconduct prejudiced Appellant by depriving him of fundamental protections and rewarding noncompliance, thereby undermining the fairness of the proceedings. Such conduct evidences an actual or apparent judicial bias by tolerating procedural violations tantamount to Appellee misconduct, violating Appellant's due process rights and exceeding permissible judicial discretion. Appellate intervention is essential to correct these errors, restore adherence to legal standards, and safeguard the integrity of the judicial process. The abuse of discretion standard allows reversal when a court's ruling is arbitrary, legally erroneous, or founded on clearly erroneous facts.

The denial of an impartial tribunal constitutes a structural error that renders the entire proceeding fundamentally unfair and requires reversal without any harmless error analysis. This error is purely legal and factual and strikes at the integrity of the entire judgment. Such inherent bias cannot be cured by full briefing or further proceedings. Efficiency and fairness demand immediate relief for a pro se litigant

who has done nothing but follow the rules yet continues to suffer damages due to violations of due process. The appellant has endured significant harm—losing time and money—before, during, and continuing through the litigation because of procedural violations. Continuing to rely on an adjudication tainted by bias or appearance of bias only compounds the injury to due process rights.

Moreover, the underlying allegations in this case involve aviation safety and regulatory compliance—matters of substantial public importance. Allowing erroneous orders to stand risks ongoing noncompliance by air carriers and erodes public confidence in the judiciary's role in safeguarding aviation oversight. Prompt appellate correction is therefore essential not only to vindicate procedural justice but also to preserve the broader public interest in lawful and transparent regulatory enforcement.

## **CONCLUSION**

The District Court's denial to enforce the Federal Rules constitute structural and procedural error in law and violation of due process. Appellant's entitlement to relief is so clear that further appellate proceedings would serve no purpose and only prolong litigation unnecessarily draining a Pro Se. This Court should summarily reverse the denial of Dkt 17 and Dkt 41 and all subsequent related orders and order remand with instructions to reassign it to a different District Judge

to ensure impartial adjudication. The appeal court should permit amendment to this motion as appropriate and the Court should grant any further relief deemed just and proper.

Submitted Oct 14 2025

*F. H*

Feras Hindi
7536 New London Dr
Springfield VA 22153
(703)980-6955

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,**

**TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

I hereby certify, on Oct 14 2025, that:

1. This document complies with the word limit because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4083 words.

2. This document complies with the typeface requirements because this document was prepared in a proportionally spaced typeface using Doc word in a 14-point Times New Roman font.

Date : Oct 14 2025

Respectfully submitted

Pro Se Appellants


Feras Hindi

*F·H*

Feras Hindi, Pro Se
7823 New London Drive
Springfield, VA 22153
(703)980-6955

## CERTIFICATE OF SERVICE

I hereby certify that on Oct 14 2025  , I served the foregoing Motion For summary

reversal, Remand and reassign and exhibits by placing a true and correct copy in

the United States Mail, first-class postage prepaid, addressed as follows:

-Micah Ticatch IslerDare PC 1945 Old Gallows Road, Suite 650 Vienna, VA 22182

-Mark A. Johnston, Eckert Seamans Cherin Mellott, LLC. 1717 Pennsylvania

Avenue, N.W., Suite 1200 Washington, DC 20006

And By agreed communications Messages to Samiha Ayyash, Tala Josephano


Date : Oct 14 2025

Respectfully submitted

Pro Se Appellants


Feras Hindi

Feras Hindi, Pro Se
7823 New London Drive
Springfield, VA 22153
(703)980-6955

# EXHIBIT 1

DKT 17 Appellant Fears Entry to Default

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **Feras Hindi** | ) | **Case No.:  1:24-cv-03434-ACR** |
| Plaintiff, | ) | |
| **American Airlines, INC.** | ) | |
| Defendant | ) | |
| _____ | ) | |

### MOTION FOR CLERK'S ENTRY OF DEFAULT

February 24 2025

**Feras Hindi**

7823 New London Dr

Springfield VA 22153

(703)980-6955

Fhindi@friendshiplogistics.com

# RECEIVED

FEB 24 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Feras Hindi moves for a

clerk's entry of default against Defendant American Airlines INC.


## I. BACKGROUND

On December 31, 2024, the Plaintiff and other Plaintiffs filed an Amended Complaint

against Defendant American Airlines Inc. in the United States District Court for the

District of Columbia. The Defendant was served on January 22, 2025, with proof of

service entered into the court system on January 23, 2025. The court set a response

deadline of February 12, 2025.

On February 12, 2025, after 5:19 PM Eastern Time, Defendant's counsel filed five

documents via the CM/ECF system, including a Notice of Appearance, Motion to

Dismiss with attachments, and Corporate Disclosure. These filings contained a False

Certificate of Service, which is a serious violation of Federal Rule of Civil Procedure 11

and may constitute perjury .

The Defendant's failure to properly investigate the parties and their approved methods

of service constitutes a breach of their duty of due diligence and violates Federal Rule

of Civil Procedure (FRCP) 11(b). As of February 24, 2025,


## II. ARGUMENT

The Clerk should enter default because Plaintiff seeks relief in his complaint, Defendant

has been served, and Defendant has failed to defend the claims made against them. As

The clerk's entry of default is thus mandatory under Federal Rule of Civil Procedure

55(a), which provides that: "When a party against whom a judgment for  relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or
otherwise, the clerk must enter the party's default.

1. **Defendant's Alleged Service Is Invalid and Fraudulent**

2. Despite certifying service on Plaintiff Feras via electronic mail, Defendant did
NOT serve Plaintiff Feras by any method by the February 12, 2025 deadline.

3. Defendant's lawyer falsely certified service on February 12, 2025, at
approximately 5:30 PM via **electronic** mail, in violation of FRCP 11(b).

4. The certificate of service contains multiple errors and omissions:

    a. Plaintiff Feras' email address (Fhindi@friendshiplogistics.com) is not listed

    b. Co-Defendant Gulf Air is not listed as being served

    c. Co-Plaintiff Tala's email is misspelled (Josephano instead of Josephano)

5. Plaintiffs never consented to electronic service:

    a. Plaintiff Feras did not consent to electronic serving or notifications

    b. Plaintiff Feras does not have an active Court system account

    c. Plaintiff Samiha is 85 years old and never consented to electronic mail
    service

6. Evidence of fraudulent intent:

    a. Electronic mail was chosen as the most expedient method to falsely certify
    service after 5:00 PM

    b. The misspelled email address for Co-Plaintiff Tala would have immediately
    bounced back as "invalid"

    c. Lawyer didn't investigate or inquire any verification

    d. Defendant certified without verification in violation of FRCP 11(b)

8. Legal Implications of False Certificate of Service

    A.  Federal Rules prohibit the use of a false Certificate of Service to validate filings

    B.  The defective certificate should be acknowledged by the court

    C.  Certificate is defective and invalid

    D.  The false certificate should be removed from the records

    E.  The judge should be notified of this violation

### III. VIOLATIONS AND IMPLICATIONS

9. The false certification constitutes violations of Federal Rule of Civil Procedure 11(b) And Federal Rule of Civil Procedure 11(a)

10. The Consequences of the False Certificate that Invalidates the Notice of Appearance; Renders subsequent filings or motions invalid and Creates a lack of proper signature on court filings

11. The false material in the certificate cannot be rectified through simple corrections

12. This fundamental flaw undermines the validity of the entire submission and associated legal action

13. Correction can't be made as 21 days to submit response and served deadline was February 12 2025

14. The behavior appears aimed at distracting Plaintiff  and delaying the case

15. The allegation against Defendant for False Certification to the FAA is now evidenced in the judicial system

## IV. ADDITIONAL CONSIDERATIONS

16. In the event this application is denied, Plaintiff respectfully requests that a
    hearing be scheduled before the Court with Judge Ana C. Reyes.

17. Plaintiff requests that the Court permit an amendment to this application if  to be
    denied based on pleading format or minor errors

18. Plaintiff requests that the Court allow the amendment to be filed

19. Plaintiff Feras does not acknowledge the attorney who submitted the false
    certificate of service in the Notice of Appearance

20. To respect the Court and avoid technicalities, Plaintiff will Send a copy to the
    Defendant and will send a copy to the law office that filed the false certificate

21. Plaintiff reserves all legal rights regarding the false certificate

22. Plaintiff requests the Clerk to report this matter to the Judge, based on the
    attached Declaration of Plaintiff

### III. CONCLUSION

According to FRCP 12(a)(1)(A)(i), a defendant must serve an answer within 21 days
after being served with the summons and complaint. In this case Defendant was served
properly pursuant to  the Federal Rules of Civil Procedure on January 22, 2025. The
applicable time limit for the Defendant to appear or otherwise respond to this action
expired on February 12, 2025. As of today, February 24, 2025, the Defendant has not
submitted an answer or response to Feras' claims.

Given that the deadline has passed and no response has been filed, the Defendant is in
default. The Clerk should enter default against the Defendant as per Federal Rule of

Civil Procedure 55(a), which mandates that the clerk must enter a party's default when the party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . Plaintiff respectfully requests a clerk's entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Following the Clerk's entry of default, Plaintiff will seek an entry of default judgment under Federal Rule of Civil Procedure 55(b).

Respectfully submitted,

February 24, 2025
Pro Se Plaintiff

*F.H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com

### DECLARATION OF NON-SERVICE

**Case : 1:24-CV-03434-ACR**

I, Feras Hindi, declare as follows:

1. I am the Plaintiff in this matter and have claims against Defendant American Airlines, Inc.

2. To date, I have not been served with the following documents: Notice of Appearance, Motion to Dismiss and its attachments, or Corporate Disclosure by Defendant American Airlines Inc. or their attorneys, by any method requested, or by any approved court method, including mail or personal service.

3. I was not served by American Airlines Inc. or any of their attorneys via electronic mail (email) on February 12, 2025, or at any time thereafter.

4. I am not registered for electronic service and have never consented to receiving electronic service or notifications in this case.

5. I do not have access to the PACER system to view any court filings.

6. I do not have access to the email addresses of Co-Plaintiff Samiha or Co-Plaintiff Tala.

7. I did not consent to or file any Pro Se electronic service notifications, nor have I agreed to receive emails regarding this case.

8. I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge and belief.

On February 24, 2025
Pro Se Plaintiff

*F. H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, Plaintiff Feras Hindi will submit Motion for the Clerk of Federal Court of DC VIA the Intake email " dcd_intake@dcd.uscourts.gov"  and send a true and correct copy of the following document to be served upon the parties listed below:

**MOTION FOR CLERK'S ENTRY OF DEFAULT**

1. Defendant American Airlines, Inc.
   Registered Agent Address: CORPORATION SERVICE COMPANY
   1090 Vermont Ave. NW, Washington, DC 20005
2. A copy will be sent to:
   Micah E. Ticatch
   1945 Old Gallows Road, Suite 650
   Vienna, Virginia 22182

   Method of Service: Via ABC Legal Services (Process Server)

3. Defendant Gulf Air B.S.C., Inc.
   Counsel: Darcy C. Osta, Esq. D.C. Bar No. 1686937
   Mark A. Johnston, Esq. D.C. Bar No. 455764
   AT Eckert Seamans Cherin & Mellott, LLC
   1717 Pennsylvania Ave., N.W., 12th Floor
   Washington, D.C. 20006

   Method of Service: Via ABC Legal Services (Process Server)

4. Plaintiff Tala Josephano & Plaintiff Samiha Ayyash: Accepted Service via Email

A request for process service will be submitted, and service is expected to be completed by the processor. A Proof of Service request (Affidavit of Service) will be filed with the Court upon receipt of confirmation from ABC Legal Services.

Respectfully submitted,
February 24, 2025
Pro Se Plaintiff

*F.H*

Feras Hindi
7823 New London Dr
Springfield VA 22153
(703)980-6955
Fhindi@friendshiplogistics.com

# EXHIBIT 2

DKT 41 Appellant Fears Motion To Strike

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **Samiha Ayysah, Feras Hindi,** | | |
| **Tala Josephano** | ) | **Case No.:  1:24-cv-03434-ACR** |
| | ) | |
| Plaintiffs | ) | |
| **American Airlines Inc. ,** | ) | |
| **Gulf Air B.S.C** | ) | |
| Defendants | ) | |
| ────────────────── | ) | |

## PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)

Plaintiff Feras Hindi, pro se, respectfully moves this Court to strike Defendant American

Airlines, Inc.'s Certificate of Service and all filings , including the Notice of Appearance, Motion

to Dismiss with attachments, and Corporate Disclosure Statement, filed on February 12, 2025, as

well as all filings after such as February 20, 2025, and March 4, 2025.

**RECEIVED**

MAR 25 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)

USCA Case #25-7123    Document #2140226        Filed: 10/14/2025    Page 35 of 62
Case 1:24-cv-03434-ACR    Document 41    Filed 03/25/25    Page 2 of 11

2

This motion is made pursuant to Federal Rule of Civil Procedure 12(f)(1), as Defendant's

Certificate of Service in the Filings of February 12 2025 contains false and misleading

information, rendering these filings invalid and improper. A filing based on false certification is

legally defective, and all subsequent filings that rely on it must also be stricken.

Allowing these improper filings to remain prejudices Plaintiff, disrupts the proceedings, and

undermines the integrity of the case. Defendant's failure to serve Plaintiff has denied him the

opportunity to respond, delayed the case, and caused unnecessary legal burdens. This Court has

the authority under Rule 12(f)(1) to strike these filings on its own initiative to preserve fairness

and procedural integrity.

## BACKGROUND

Plaintiff Feras Hindi, proceeding pro se, filed his claims against Defendant American Airlines on

December 10, 2024, and amended his complaint on December 30, 2024. Defendant was served

with the Amended Complaint on January 22, 2025, making its deadline to respond February 12,

2025.

On February 12, 2025, after 5:19 PM Eastern Time—on the final day of the 21-day response

period—Defendant filed a Notice of Appearance, Motion to Dismiss with attachments, and

Corporate Disclosure Statement. However, the Certificate of Service falsely certified that

Plaintiff Feras Hindi was served electronically, when in fact, Plaintiff was not served by any

method on or before this date.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

USCA Case #25-7123    Document #2140226    Filed: 10/14/2025    Page 36 of 62
Case 1:24-cv-03434-ACR    Document 41    Filed 03/25/25    Page 3 of 11

3

Due to Defendant's failure to respond within the required timeframe, Plaintiff filed a Motion for

Clerk's Entry of Default (Document 17) on February 24, 2025. Plaintiff also submitted notices to

the Court alerting it to Defendant's procedural violations, including no service and

misrepresentations.

Later, in March 2025, Defendant mailed Plaintiff Feras Hindi an opposition to his Entry of

Default. The envelope was specifically addressed to Plaintiff Feras, yet it did not include a copy

of the Notice of Appearance, which would have been required for Plaintiff to reply. Notably, in

this opposition, Defendant acknowledged that Plaintiff Feras was not served on February 12,

2025, contradicting the false certification submitted with its earlier filings.

Further, Defendant's Certificate of Service in this opposition in March separately listed each

Plaintiff, acknowledging the distinction in service requirements. Yet, in its arguments, Defendant

continued to falsely represent the claims as "joint and collective"—a contradiction that

underscores its misrepresentations in the litigation.

Additionally, Co-Plaintiff Tala Josephano has initiated a separate fraud case against Defendant in

Josephano v. American Airlines, Inc., **No. 1:25-cv-00753**, further highlighting Defendant's

pattern of misrepresentation and procedural misconduct.

This Motion to Strike is made in further support of Plaintiff's Entry of Default Motion and to

ensure that Defendant does not benefit from false and improper filings that have prejudiced

Plaintiff's ability to litigate his claims. This motion doesn't prejudice the court as the court, as

the court was the main intended side for Defendant's misrepresentation.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

## II. GROUNDS FOR STRIKING THE FILINGS UNDER FRCP 12(f)

Defendant falsely certified that Plaintiff was served on February 12, 2025, misleading the Court
into believing Plaintiff had notice of the filings and was served. This violates Federal Rule of
Civil Procedure 11(b), which requires attorneys to ensure the accuracy of factual contentions
before submitting filings. Defendant was notified of this issue but failed to correct it, forcing
Plaintiff to file for Entry of Default (DKT 17).

Defendant falsely claimed service via electronic mail, despite Plaintiff never consenting to
electronic service; Plaintiff's email address was omitted, despite being listed in the original
complaint; Defendant failed to list Co-Defendant Gulf Air as being served; Co-Plaintiff Tala's
email address was misspelled.

Plaintiff Feras Hindi does not have an active CM/ECF account and never agreed to receive
electronic service; As stated in Plaintiff's Declaration of Non-Service (Document 17),
Defendant's claim of electronic service is false and unsupported.

### III. ARGUMENT

### Court's Authority to Strike Improper Filings Under Rule 12(f)

Federal Rule of Civil Procedure 12(f) grants the Court discretion to strike filings containing
false, improper, or misleading information on its own initiative. Defendant's false Certificate of
Service was filed on the last day of the 21-day deadline under Rule 12(a)(1)(A)(i), meaning any

correction would have been untimely and would not cure the default and still Defendant till today didn't fix the certificate or submit any motion to correct the records.

This false certification invalidates the Notice of Appearance and taints all subsequent filings, including those submitted on February 20, 2025, and March 4, 2025. A defective Notice of Appearance cannot serve as the basis for later filings, making all motions and pleadings that rely on it equally improper and defective.

Furthermore, Defendant's failure to serve Plaintiff on time of certifying violated Rule 11(b), which requires attorneys to ensure factual accuracy before filing documents. The Court has authority under Rule 12(f) to strike these improper submissions sua sponte to prevent prejudice to Plaintiff and uphold procedural integrity. Defendant failed to do basic inquiry on the Plaintiff method of serving, Defendant has instant notification of Failure of service and multiple notification after. Defendant counsel refused to correct the records stating to Co-Plaintiff Tala with confidence that the Judge will not care. The court did approve Defendant's request for their invalid motion submitted 20 days after their deadline. It's unknown how the court approved this.

Defendant had the opportunity to admit their mistake regarding the no service and false certification but failed to do so until after Plaintiff Feras filed for Entry of Default.. The Defendant's delay in acknowledging their error until after the Entry of Default motion was filed demonstrates a failure to address the issue promptly. By waiting to admit the mistake, the Defendant allowed the prejudice against the Plaintiff to continue and potentially worsen, as Feras was unable to respond properly within required timeframes. Defendant still didn't fix his errors.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

USCA Case #25-7123    Document #2140226    Filed: 10/14/2025    Page 39 of 62
Case 1:24-cv-03434-ACR    Document 41    Filed 03/25/25    Page 6 of 11

6

The delayed admission is an attempt to avoid consequences rather than a genuine acknowledgment of error. Even their reply in admitting the mistake was presented with another misrepresentation of claiming ignorance and negligence of a mistake that doesn't happen with lawyers, especially a Billion dollar company lawyers. The Defendant's failure to promptly admit and correct the mistake led to unnecessary filings and proceedings, wasting court resources. Additionally, by not admitting the mistake earlier, the Defendant missed chances to negotiate or resolve the issue before it escalated to an Entry of Default situation. The court has to consider this delayed admission as a factor when ruling on the Entry of Default and any related motions.

## IV. IMPACT ON PLAINTIFF'S ABILITY TO PARTICIPATE FAIRLY

The false Certificate of Service has negatively impacted Plaintiff's ability to participate fairly in the case and caused separate harm and damages from delayed letigiation ( including out of pocket damages, uncertainty, stress, chaos and anxiety ) as a result. As a *pro se* litigant, Plaintiff Feras operates without the resources and support of a large legal team. Time is a critical factor in preparing a defense. Because Plaintiff was not served, he was unaware of the initial filings. This caused the Plaintiff to miss the deadline for filing an opposition to the Motion to Dismiss, Plaintiff Feras knows he has to be served to reply. He can't reply if he wasn't individually served, the rules are made for a reason. Every day, or even every hour, makes a significant difference in a *pro se* litigant's ability to research, understand, and prepare a legal response.

Without notification of the filings, the Plaintiff had no opportunity to adequately prepare a defense or response within the allotted time frame. The Court did not adjust the 14-day time limit for Plaintiff to respond, despite the Defendant's failure to serve Plaintiff.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Case 1:24-cv-03434-ACR     Document 41     Filed 03/25/25     Page 7 of 11

7

The attorney for the Defendant has failed to correct this deficiency by serving Plaintiff, thus causing separate new harm. Being notified of the filings days after the fact does not absolve the Defendant's attorney of their obligation to serve Plaintiff Feras individually or correct the records with the court. Again, Plaintiff cannot reply if he was not officially served. Even if Defendant falsely claims this is a Joint claim, still the rules clearly states that each Plaintiff has to be served individually.

All Plaintiffs had a strategic plan for responding to motions; however, the Defendant's failure to serve Plaintiff has completely disrupted this plan. Now, each plaintiff is compelled to file numerous, complex motions solely due to American Airlines' initial failure to serve and its subsequent failure to rectify that error, as falsely certified on February 12, 2025. Without notification or serving of the filings, the Plaintiff had no opportunity to adequately prepare a defense or response.

Defendant filed its Meet and Confer request on February 20, 2025—eight days after the response deadline—knowing it had failed to serve Plaintiff Feras. Despite this procedural defect, Defendant proceeded to secure a meeting for a Meet and Confer, during which it sought to amend its Motion to Dismiss. This attempt to cure procedural failures after the deadline while bypassing service further prejudices Plaintiff and undermines the integrity of the proceedings.

The Plaintiff is now required to file this Motion to Strike and other motions and notices, incurring additional legal costs and wasting judicial resources, all due to the Defendant's initial submission of Defective Certificate of Service.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

USCA Case #25-7123    Document #2140226    Filed: 10/14/2025    Page 41 of 62
Case 1:24-cv-03434-ACR    Document 41    Filed 03/25/25    Page 8 of 11

8

The Defendant could attempt to seek a default judgment based on the Plaintiff's failure to respond to the Motion to Dismiss or other filings further harming the Plaintiff. The Plaintiff will now be required to file this Motion to Strike and incurring additional costs.

The defect occurred on the last day of the response deadline and was never corrected, making any subsequent correction untimely; Rule 12(a)(1)(A)(i) requires a timely response, and a failure to meet the deadline cannot be retroactively cured; Prejudice exists because Plaintiff was deprived of a fair opportunity to respond within the required time; The misrepresentation in the Certificate of Service is a serious issue that affects the integrity of the proceedings and is not merely a technical error; Defendant acknowledged the failure but did not correct it before proceeding with additional filings, exacerbating the procedural defects. Defendant **didn't submit a declaration** of Service to Feras.

Local Civil Rule 7(m) requires parties to confer in good faith before filing any non-dispositive motion. Defendant failed to meet this requirement before submitting its motions in February and in March, including its opposition, making these filings improper under the rule. Additionally, the Judge's Standing Order mandates that every motion include a proposed order and certificate of Confer, which Defendant also failed to provide. These procedural violations further demonstrate Defendant's disregard for court rules, rendering its filings defective.

Plaintiff has submitted Multiple Notices with declaration and detailed explanation of Defendant Certificate of Service. Defendant has not provided any evidence that he served Plaintiff Feras.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's Motion to Strike in its entirety. Defendant submitted a false and defective Certificate of Service, failed to serve Plaintiff, and only admitted to these errors after Plaintiff filed for Entry of Default. These procedural violations have significantly prejudiced Plaintiff's ability to participate fairly in this litigation and caused him personal damages. Accordingly, Plaintiff respectfully requests that the Court:

A. **Strike the improper Certificate of Service in its entirety** from all filings submitted on February 12, 2025, including the Notice of Appearance, Motion to Dismiss and attachments, and Corporate Disclosure Statement.

B. **Strike all filings submitted on February 12, 2025, in their entirety** for being defective, as they contain a false and improper defective Certificate of Service that also fails to meet court and Federal rules requirements, and misrepresent service on Plaintiff.

C. **Strike all filings submitted on February 20, 2025**, as they were based on an invalid and improper Notice of Appearance and Corporate Disclosure Statement and they also fail to meet court and Federal rules requirements

D. **Strike all filings submitted in March 4 2025**, as they were served on Plaintiff Feras without a corrected Notice of Appearance, rendering them improper and prejudicial. The filing also fail to meet court and Federal rules requirements

E. Grant Plaintiff leave to amend if any aspect of their pleading or legal phrasing requires correction, as a pro se litigant relying on available resources and making every effort to comply with legal, court, and procedural requirements.

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

    F.  Deny Defendant any further filings, as the deadline to respond was February 12, 2025.

    G.  Grant Plaintiff's Motion for Entry of Default, as Defendant failed to serve hence respond within the required period.

Granting this motion will uphold procedural integrity, prevent Defendant from benefiting from its misconduct, it will not set a precedent that awards non compliance by powerful Defendants against Pro Se Litigants, and protect Plaintiff's right to fair litigation. Additionally, it will prevent further financial out of pocket expenses and personal harm to Plaintiff and deter future violations, ensuring compliance with the Federal Rules of Civil Procedure.

March 24 2025

Feras Hindi
Pro Se Plaintiff
7823 New London Dr
Springfield, VA 22153
(703) 980-6955

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, Plaintiff Feras Hindi  will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion To Strike and its Attachments

1-Defendant American Airlines, Inc. Registered Agent  Registered Office Address :CORPORATION SERVICE COMPANY 1090 VERMONT AVE. NW Washington DC 20005.

A Copy will be sent to **Micah E. Ticatch** 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Personal delivery via ABC Legal Services (Process Server)

2-Defendant Gulf Air B.S.C., Inc  AT Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Ave., N.W., 12th Floor 12th Washington, D.C. 20006 Method of Service: Personal delivery via ABC Legal Services (Process Server)

3- Plaintiff Tala Josephano & Plaintiff Samiha Ayyash : Waived Service, Courtesy given.

Respectfully submitted,

March 25 2025

**Pro Se Plaintiff**

**Feras Hindi**

7823 New London Dr

Springfield VA 22153
(703)623-3767

**PLAINTIFF FERAS MOTION TO STRIKE DEFENDANT AMERICAN AIRLINES' FILINGS**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

# EXHIBIT 3

Judge Ana Reyes Standing Order

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**STANDING ORDER IN CIVIL CASES**

**THIS ORDER CONTROLS THIS CASE**

To help "secure the just, speedy, and inexpensive determination of" this action, FED. R. CIV. P. 1, the parties are hereby **ORDERED** to comply with the following directions:

**1.    REMOVED ACTIONS**

    a.  A defendant removing an action to this Court must refile any answer filed before removal and promptly ensure that all parties receive a copy of this Standing Order.

    b.  Any motion pending in the court from which the case is removed at the time of removal must be refiled in this Court by the party seeking relief. *See* FED. R. CIV. P. 81(c)(2). Motions that are not refiled will be deemed withdrawn and not considered.

**2.    TRANSFERRED ACTIONS**

    a.  Any motion pending and unresolved in the court from which the case is transferred at the time of transfer must be refiled in this Court by the party seeking relief *within seven days* after the transfer order is filed in this Court's docket. Motions that are not refiled will be deemed withdrawn and not considered.

    b.  A defendant who did not answer the complaint before transfer must answer or make any motion otherwise authorized under Federal Rule of Civil Procedure 12 *within twenty-one days* after the transfer order is filed in this Court's docket.

**3.    COMMUNICATIONS WITH CHAMBERS**

Except as authorized in this Order, the parties may not contact Chambers by telephone. If extraordinary circumstances or emergencies so require, however, counsel may contact Chambers jointly via telephone conference. Chambers will not provide legal advice of any kind.

**4.    INITIAL STATUS CONFERENCE AND ISSUANCE OF SCHEDULING ORDER**

    a.  After an answer is filed, for those cases covered by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the Court will set an Initial Scheduling Conference and order the parties to meet and confer to discuss the matters set forth in Local Civil Rule 16.3(c), and to jointly file a report addressing them.[1] Following the Initial Scheduling Conference, the Court will issue a Scheduling Order governing further proceedings in the case.

---

[1] The Local Civil Rules are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

b. As part of the joint report, the parties shall propose three alternative dates for a trial in the matter. The Court will set a trial date as part of its Scheduling Order. The trial date *will not be extended* absent extraordinary cause, i.e., the legal equivalent of Armageddon. Counsel should plan accordingly.

5. **FILING GUIDELINES**

a. Courtesy Copies. Counsel for the moving party shall provide Chambers, not the Clerk's Office, with **two** printed courtesy copies, with ECF headers, of any electronic submission that, along with exhibits, numbers fifty (50) pages or more in total length.

    i. Briefs:

        A. Chambers' copies should not be submitted until briefing is complete and should include any oppositions, replies, or sur-replies. For dispositive motions, the operative complaint should be included.

        B. Briefs and exhibits shall be indexed and tabbed for ease of reference. Pages should be **double-sided** and in either black and white or greyscale, unless color would aid the Court's review (e.g., charts and photographs).

        C. The Court prefers A5 coil-bound courtesy copies; however, the Court will also accept three-ring binders (no larger than two-inch). Before providing any courtesy copy that would exceed three coil-bound copies or three two-inch binders, counsel shall contact Chambers for instruction.

        D. *Pro se*, *in forma pauperis*, and incarcerated plaintiffs are excused from providing courtesy copies.

    ii. Key Cases: The moving party shall also provide **one** jointly-prepared, three-ring binder comprised of key cases. The cases should be tabbed and in alphabetical order, and the binder should include an index. Pages should be **single-sided**.

b. Exhibit Index. Each submission that attaches more than one exhibit shall contain an index of exhibits. Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions.

c. Attachments. Each attachment to a filing (e.g., supporting memorandum, statement of material facts, exhibit, affidavit, and proposed order) must be filed as a separate PDF and appropriately labeled in ECF. If the document has its own pagination, it should be a separate attachment.

d. Joint Status Reports. In FOIA cases, if the parties agree on providing updated status reports to the Court, the parties should inform the Court of their schedule. If the Court does not enter an order to the contrary, the parties should proceed to provide status reports per the agreed-upon schedule.

6. **APPEARANCES BEFORE THE COURT**

    a. Attorneys are expected to treat ***all*** courtroom staff, opposing counsel, and parties with civility and respect.

    b. Absent leave of Court, the attorney who will serve as principal trial counsel must appear at all conferences with the Court. Any attorney appearing before the Court must enter a notice of appearance on ECF.

    c. All attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceeding (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding.

    d. The Court encourages the participation of less experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court will be more likely to grant a request for oral argument if doing so would afford the opportunity for a junior attorney to gain courtroom experience.

7. **MOTIONS – GENERALLY**

The parties shall comply with the following instructions when briefing any motion. Motions filed not in compliance with this Standing Order may be rejected by the Court.

    a. <u>Format</u>. Motions and submissions should be double-spaced, in 12-point, Times New Roman font, with page numbers and margins of no less than 1 inch, and two spaces between sentences.[2] All citations must include exact page references (pin citations). Absent leave of the Court, memoranda of points and authorities in support of, and in opposition to, motions may not exceed 45 pages, and reply memoranda may not exceed 25 pages. *See* LCvR 7(e). All electronically filed documents are to be in text-searchable Portable Data Format ("PDF"). Likewise, exhibits that must be scanned because they exist only in paper format should, if possible, be submitted as text-searchable files using Optical Character Recognition ("OCR") technology, available in Adobe Acrobat.

---

[2] The Court is mindful of the raging debate spaces between sentences engenders. *See* James Hamblin, *The Scientific Case for Two Spaces After a Period*, The Atlantic (May 11, 2018). Team Two Spaces champions improved readability and processing speed. *See* Rebecca L. Johnson, et al., *Are two spaces better than one? The effect of spacing following periods and commas during reading*, 80:6 ATTENTION, PERCEPTION, & PSYCHOPHYSICS, 1504–11 (2018). Team One Space questions the science and notes that two space use is the monospaced font relic of a bygone era. *See* Angela Chen, *Please don't use this study to justify your horrible habit of using two spaces after periods*, The Verge (Apr. 28, 2018). Personally finding that one space use makes documents impenetrable, the Court sides squarely with Team Two Spaces.

b. <u>Tables</u>. Every memorandum of points and authorities that is ten pages or longer in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.

c. <u>Sur-Replies</u>. A party may not file a sur-reply without first obtaining leave of the Court and may do so only upon a specific showing of good cause. Any motion for leave to file a sur-reply shall ***not*** be accompanied by a copy of the sur-reply that the party wishes to file.

d. <u>Supplemental Authorities</u>. A party may bring supplemental authorities to the Court's attention without seeking prior leave of the Court but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief. Although the submission of supplemental authorities should not be made by letter to the Clerk, but rather in a pleading filed in the usual manner, the parties are otherwise directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j).

e. <u>Proposed Orders</u>. A proposed order should be submitted whenever a party requests relief from the Court, including for matters as routine as proposing a new date for a joint status report (with an exception for FOIA cases, as noted above, *supra* Section 5.d). Proposed orders should be filed on the docket as a PDF attachment to the corresponding motion, and counsel must also submit proposed orders to the Court by emailing a **Microsoft Word version of the draft** to reyes_proposedorders@dcd.uscourts.gov. The subject line of the email must include (1) the case name; (2) the case number; (3) the docket number of the corresponding motion; and (4) the title of the order that is proposed as indicated on the Notice of Electronic Filing. Counsel must serve a copy of a proposed order on all other parties by copying them on the email to the Court. Unless the Court directs otherwise, a party must file a motion asking the Court to enter the proposed order. Submitting a draft to the Court's proposed order inbox is not a substitute for a motion. The Court will consider proposed orders when ruling on motions, but will modify (or disregard altogether) such proposed orders as it deems appropriate, even if all parties agree on the proposed order. Proposed orders (such as stipulated protective orders) require Court approval before they are in effect.

f. <u>Pre-Motion Conference</u>. If a party wishes to file a dispositive motion, it must request that the Court schedule a pre-motion conference. To so request, the moving party shall submit a short notice via ECF, not to exceed **four** double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue. Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion. The Court will review and discuss with counsel the anticipated motion at the pre-motion conference, which will take place in-person unless the Court grants permission to hold the conference by video. The parties should contact Judge Reyes' Courtroom Deputy to schedule the conference for a date 1-2 weeks after the response is filed. This requirement shall not apply to incarcerated *pro se* litigants or immigration mandamus cases.

For motions to dismiss under Federal Rule of Civil Procedure 12(b), the filing date of the letter will serve as the operative date for determining compliance with Rule 12's timing requirement.

g. <u>Oral Argument</u>.

    i.   A party may include a request for oral argument in its motion, opposition, or reply papers and, if this request is granted, counsel will be advised of the argument date. *See* LCvR 7(f). ***See supra* ¶ *6(d) for further information concerning oral argument.***

    ii.   The Court understands that, for reasons passing understanding, not all counsel are fans of the Boston Red Sox. Counsel should be aware, however, that the Court may reference key moments in Red Sox history during oral argument. References may include: (a) Dave Roberts's steal; (b) Carlton Fisk's walk-off homerun; (c) Ted Williams's final at-bat;[3] and, *inter alia*, (d) David Ortiz's "this is our [bleep] city" speech. Any reference to Game 6 of the 1986 World Series is strictly prohibited.

    iii.   Upon arrival to the courtroom, counsel may share their preferred pronouns with the Courtroom Deputy.

h. <u>Duty to Confer Regarding Non-Dispositive Motions</u>. Local Civil Rule 7(m), which requires counsel to confer before filing a non-dispositive motion and to include in the motion confirmation that such conferral occurred and a statement whether the motion is opposed, will be strictly enforced. *See* LCvR 7(m). The Court expects counsel to exhaust efforts to confer before bringing before it any such dispute. An adequate certificate of conference almost always requires at least two personal communications between counsel. Un-responded to emails are not enough to satisfy counsel's obligations under this Rule. Failure to comply fully with Local Civil Rule 7(m) when filing a non-dispositive motion will result in the motion being stricken and may also result in further sanctions.

i. <u>Motions to Amend Pleadings</u>. Any amended pleading shall be accompanied by a redline comparison between the original and the amended or proposed amended pleading.

j. <u>Motions for Summary Judgment</u>. This Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also* FED. R. CIV. P. 56(e).

    i.   Pursuant to Local Civil Rule 7(h)(1), the moving party shall include a separate document entitled **Statement of Material Facts Not in Dispute.** This document shall be formatted as a two-column table. In the left column, the moving party shall list in separately numbered rows concise statements of each material fact it

---

[3] The Court recommends to the reader John Updike's classic, *Hub Fans Bid Kid Adieu*. As Garrison Keillor has highlighted, "No sportswriter ever wrote anything better."

contends is not in dispute, supported by appropriate citations to the record. The statement must contain only one undisputed factual assertion per numbered row.

  i. Following the filing of this document with the Court, the moving party shall promptly provide an electronic copy in editable format to the opposing party.

 ii. In response, the opposing party shall file a separate document entitled **Counter-Statement of Disputed Facts**. The opposing party shall indicate in the right column whether each corresponding fact in the left column is admitted or denied, and for those denied, provide appropriate citations to the record. If the fact is admitted in part and denied in part, the opposing party shall specifically identify which parts are admitted and which are denied, with appropriate citations to the record.

iii. If the opposing party has additional facts that are not directly relevant to its response to a specific paragraph, it must identify such facts in consecutively numbered rows in the right-hand column at the end of its responsive statement of facts.

 iv. At the end of the **Counter-Statement of Disputed Facts**, the opposing party shall list the material facts as to which the opposing party contends there is a genuine issue of material fact for trial in the right column in consecutively numbered rows.

  v. Following the filing of this document with the Court, the opposing party shall promptly provide an electronic copy in editable format to the moving party.

 vi. In response, the moving party shall file a separate document entitled **Reply to Counter-Statement of Disputed Facts**, responding with appropriate citations in the left column to the additional facts.

vii. The parties are cautioned that failure to comply with this requirement may result in the denial of the motion without prejudice or may result in the Court concluding that facts are not properly controverted and thus undisputed.

k. Motions to Seal. A party must submit a redacted version, suitable for filing on the public docket, of any document that it proposes to seal at the same time the party files a motion to seal. If a party believes that all portions of a sealed document must remain sealed, the party must specifically notify the Court of that belief at the time of filing the motion to seal.

l. Motions to Seal Relying on Protective Orders. Parties may not rely solely on designation under a protective order to file documents under seal. Even when a protective order has been issued in a case, the Court cannot abdicate its responsibility to determine whether filings should be made available to the public, applying the test articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to

seal, as well as analysis of the relevant *Hubbard* factors warranting sealing, to ensure that any requested sealing is appropriate under *Hubbard*.

m. *Pro Se* Parties. In a case involving a *pro se* party, electronic filing procedures will be followed by parties represented by counsel only. Absent separate order of the Court, the party appearing *pro se* shall continue to file documents in paper form with the Clerk's Office. Parties represented by counsel must serve documents upon *pro se* parties in paper form.

n. Requests Other Than Ultimate Relief Referenced in Complaint. Requests other than for ultimate relief that are referenced in the Complaint, such as requests for an extension of time to seek class certification or for a temporary restraining order, shall be made in a motion separate from the Complaint. *See, e.g.*, LCvR 75.1(a). Such motions shall be accompanied by a statement of the specific points of law and authority that support the motion, including, where appropriate, a concise statement of facts. LCvR 7(a).

## 8. MOTIONS FOR RECONSIDERATION

Motions for reconsideration are strongly discouraged. The Court will not entertain a motion that (a) reasserts arguments previously raised and rejected by the Court or (b) raises for the first time arguments that should have been advanced in the original motion.

## 9. MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING

a. Motion Required. Extensions or enlargements of time will be granted only upon motion, ***and not upon stipulation by the parties***. Motions for extensions of time or for continuances of court proceedings are strongly discouraged. Counsel and parties should work within the time frames set by the Scheduling Order.

b. Timing and Content. When good cause is shown, the Court will consider a motion for time extension or continuance of a proceeding that is filed ***at least 4 days prior*** to the deadline and states:
   i. the original date of the deadline the motion is seeking to extend or the date of the scheduled hearing the motion is seeking to continue;
   ii. the number of previous extensions of time or continuances granted to each party;
   iii. the good cause supporting the motion;
   iv. the effect, if any, that the granting of the motion will have on existing deadlines;
   v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
   vi. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

c. Opposition. A party opposing a motion for an extension of time or continuance of a scheduled hearing date must file, **by 5:00 PM of the business day after the motion is filed, the party's reasons for opposing the motion**. If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded. Informing the opposing party that the motion for an extension or continuance is opposed **does not constitute an explanation to the Court**.

d. <u>Untimely motions</u>. Untimely motions for an extension must contain an explanation for the failure to comply with the four-day rule. Untimely motions will be denied absent compelling cause.

10. **DISCOVERY DISPUTES**

a. <u>Telephone Conference</u>. The Court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2. Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally. If unable to resolve the dispute informally, the parties shall jointly prepare a ***short*** email to send to the Court, at Reyes_Chambers@dcd.uscourts.gov, requesting a teleconference with the Court and including a clear, concise description of the issues in dispute, an explanation of the parties' positions with citations, and responses to opposing arguments.

b. <u>Leave of Court Required</u>. Before filing a motion relating to a discovery dispute, a party must obtain leave of the Court. Failure to comply with this requirement may result in any such motion being stricken.

11. **SETTLEMENT**

The Court expects the parties to evaluate the case for purposes of settlement. Toward that end, the parties may, by motion, request referral for mediation to a Magistrate Judge or the Court's mediation program. The parties may also seek relief, by motion, from a Scheduling Order for arbitration, early neutral evaluation, or any other form of alternative dispute resolution that may be tailored to the needs of the case. If the case settles, in whole or in part, plaintiff's counsel must promptly file a notice with the Court.

12. **JOINT PRETRIAL STATEMENT**

a. <u>Timing</u>. The parties must file with the Court a Joint Pretrial Statement ***at least 14 days before the final pretrial conference unless the Court sets another filing date***. *See* LCvR 16.5(a).

b. <u>Contents</u>. In accordance with Local Civil Rule 16.5(b), (d), and (e), the Joint Pretrial Statement must include:
    i. <u>a one-paragraph joint statement of the case</u> that is appropriate to be read to the jury and describes the nature of the case and the identities of the parties;

    ii. <u>the estimated length</u> of the evidentiary portion of the trial;

    iii. <u>a statement of claims</u> setting forth each claim a party has against any other party and the statutory basis of the Court's jurisdiction for all causes of action;

    iv. <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;

    v.    <u>a list of witnesses</u> (including expert and potential rebuttal witnesses) anticipated to be called by each party, accompanied by a brief description of each witness's expected testimony and the anticipated time for such testimony on direct, followed by specific objections (if any) to each witness;

    vi.    <u>a list of exhibits</u> that each party intends to offer during trial and separately identifying exhibits that may be offered if the need arises, followed by specific objections (if any) to each exhibit, which exhibit list shall be in a format with six columns, with separate headings for: (1) exhibit number, (2) description of exhibit, (3) marked for identification, (4) admitted in evidence, (5) objection, and (6) witness/date;

    vii.    <u>a designation of depositions</u>, or portions thereof, to be offered into evidence by each party. To facilitate the Court's review and ensure clarity of the record regarding the Court's ruling on each objection posed by any party to the opposing party's transcript designation or cross-designation, any objections to a designation shall be set out in a chart for each deposition, which chart shall be in a format with eight columns that identifies, for each transcript designation to which objections are lodged, IN TRANSCRIPT PAGE NUMBER ORDER: (1) the sequential number to be associated with the objection; (2) identification of the page and line of the transcript designations offered; (3) the party offering the transcript designation; (4) the party objecting to the transcript designation; (5) the Federal Rule of Evidence relied upon for the objection and a brief explanation by the objecting party; (6) a brief rebuttal by the proponent of the transcript designation; (7) a column, which the parties shall leave blank, with the heading "Sustained"; and (8) a second column, which the parties shall leave blank, with the heading "Overruled";

    viii.    <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought;

    ix.    <u>a description of other relief</u> sought by each party;

    x.    <u>stipulations</u> concerning authenticity of documents, admissibility of exhibits or testimony, or undisputed facts;

    xi.    <u>a description of each specific item of demonstrative evidence, physical evidence, or videotape evidence</u> that will be offered at trial and any objections; and

    xii.    <u>a list of any motions *in limine*</u> that are pending to address issues the parties reasonably anticipate will arise at trial. ***See infra* ¶ 14 regarding the timing for briefing on motions *in limine*.**

c.    <u>Jury Cases</u>. In jury cases, the parties must submit as part of the Joint Pretrial Statement:

    i.    proposed *voir dire* questions that indicate:
        I.    the *voir dire* questions on which the parties agree; and

II.   the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

  ii.   the text of each proposed jury instruction that indicates:

      I.   the instructions on which the parties agree;

      II.   the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and

      III.   the proposed instruction's source (*e.g.*, Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, the supporting legal authority.

  iii.   a proposed verdict form, as well as proposed special interrogatories (if any), that includes date and signature lines for the jury foreperson.

d.   Non-Jury Cases.  In non-jury cases, the plaintiff, or plaintiffs jointly, shall file proposed findings of fact and conclusions of law within one week of the close of evidence, and the defendant, or defendants jointly, shall file proposed findings of fact, which include specification of any facts proposed by the plaintiff that are admitted or controverted, and conclusions of law within one week of the close of evidence, unless otherwise ordered by the Court upon request of the parties.

## 13.   PRETRIAL CONFERENCE

a.   Attendance.  In addition to parties' counsel, all parties or party representatives must be present at the Pretrial Conference.

## 14.   MOTIONS IN LIMINE.

a.   Timing.  Motions *in limine* shall be ***fully briefed at the time of filing of the parties' Joint Pretrial Statement***.  Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party **at least 21 days** before the Joint Pretrial Statement is due.  The opposition shall be filed and served upon the moving party **within 14 days** of service of the motion *in limine*.  Any reply shall be due **within 7 days** of service of the opposition.  Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

b.   Format.  The Court does not accept omnibus motions *in limine*.  Parties should file separate motions *in limine* for each discrete issue.  The motions should be numbered in sequential order.

15. **JURORS**

   a. <u>Confidentiality</u>.  The names and personal information of prospective and sitting jurors in any trial of this matter shall be kept confidential and not disclosed outside of open court, except upon order of the Court.  *See* D.D.C. JURY SELECTION PLAN ¶ 18.1, available at https://www.dcd.uscourts.gov/jury-selections.  Counsel and parties are cautioned that violation of this directive may result in contempt proceedings.

   **SO ORDERED**.

   */s/ Ana C. Reyes*
   ANA C. REYES
   United States District Judge

# EXHIBIT 4

DKT 20 Appellee American Airlines Opposition to Default

**IN IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAMIHA AYYASH, et al.          )
                               )
        Plaintiffs,            )
                               )
v.                             )          **Case No.  1:24-cv-3434-ACR**
                               )
GULF AIR B.S.C. et al.,        )
                               )
        Defendants.            )
_____)

### DEFENDANT AMERICAN AIRLINES, INC.'S
### OPPOSITION TO PLAINTIFFS' MOTIONS FOR DEFAULT

Defendant American Airlines, Inc. hereby responds to Plaintiff Hindi's Application for Entry of Default (Dkt. 16), Plaintiff Hindi's Motion for Clerk's Entry of Default (Dkt. 17), and Plaintiff Ayyash's Motion for Clerk's Entry of Default (Dkt. 19).  For the following reasons each of those motions should be denied:

1.      Plaintiffs filed their joint Complaint on December 10, 2024 (Dkt. 1), which they amended on December 31, 2024. (Dkt. 2.)

2.      On January 8, 2025, Plaintiff Tala Josephano filed a Pro Se Consent to Receive Notices of Electronic Filing.  (Dkt. 3.)

3.      American Airlines was served with the Amended Complaint on January 22, 2025, with a response due on February 12, 2025.  (Dkt. 4.)

4.      On February 12, 2025, undersigned counsel filed a Notice of Appearance, Corporate Disclosure and Motion to Dismiss.  (Dkts. 6 - 8.)

5.      In light of the Pro Se Consent to Receive Notices of Electronic Filing, undersigned counsel believed the filing would provide notice of those filings to Plaintiffs.  Undersigned also provided courtesy copies of the filings to the email address listed in the Amended Complaint.  (*See*

1

Exhibit A.)    The Amended Complaint appears to identify a shared email address (AyyashSamiha@gmail.com) and a shared postal address for Plaintiff Ayyash and Plaintiff Hindi ("Moving Plaintiffs"). (*See* Dkt. 2, p. 6 of 123.)

6.    On February 13, 2025, undersigned's office sent additional copies of each of the filings to all three plaintiffs by first class mail to the addresses listed in the Amended Complaint. On the same day, undersigned had an extensive call with Plaintiff Josephano regarding the case, who indicated she was contacting counsel after learning of counsel's representation of American Airlines in this matter from PACER. During the call, it was confirmed that Plaintiff Josephano was aware of the filings made on February 12, 2025.

7.    On February 20, 2025, American Airlines filed a request for a motion conference, which was served on each of the Plaintiffs by first class mail. (Dkt. 14.)

8.    Plaintiff Josephano has communicated repeatedly with undersigned counsel regarding service of the initial Motion to Dismiss. In addition to explaining that service under the rules does not require a tracking number or formal personal service, undersigned counsel has also repeatedly communicated that he will consent to reasonable extensions of time any of the Plaintiffs need in order to respond to American Airlines' filings. Plaintiff Josephano apparently communicated that message to Moving Plaintiffs. (*See* Dkt. 19, ¶ 6.)

9.    Plaintiff Hindi filed his motions asking for entry of default on February 23 and 24, 2025. (Dkts. 16, 17.) Plaintiff Ayyash filed her motion on February 27, 2025. (Dkt. 19.)

10.    Both Moving Plaintiffs acknowledge that American Airlines timely filed its Motion to Dismiss on February 12, 2025. (*See* Dkt. 17 at 2 ("On February 12, 2025, after 5:19 PM Eastern Time, Defendant's counsel filed five documents via the CM/ECF system"); Dkt. 19, ¶ 2

("Defendant American Airlines' counsel filed five documents via CM/ECF after 5:00 PM (Eastern Time).").)

11.      Despite this acknowledgement, Moving Plaintiffs both suggest that an entry of default under Rule 55(a) is somehow appropriate. This is not correct. By its terms, Rule 55(a) only applies when a defendant "fails to plead or otherwise defend." Because American Airlines timely responded to the Amended Complaint, there is no basis for an entry of default. *See, e.g., Younger v. D.C. Pub. Sch.*, 2014 WL 12959305, at *1 (D.D.C. 2014) (holding "Rule 55(a) does not apply here…[because] Defendants have filed motions to dismiss the Amended Complaint."); *Marin v. Bank of Am. N.T. & S.A.*, 194 F.3d 174 (D.C. Cir. 1999); *Peavey v. Holder*, 2010 WL 3155823, at *1 (D.C. Cir. 2010); *Jean-Baptiste v. U.S. Dep't of Just.*, 2024 WL 1253858, at *7 (D.D.C. 2024).

12.      Both Plaintiffs also allege that service of the Motion to Dismiss was somehow not proper. However, as Plaintiff Ayyash's own exhibits demonstrate, undersigned's office did in fact serve both Moving Plaintiffs by first class mail as permitted by Rule 5(b)(2)(C). (*See* Dkt. 19-1, p. 5 of 5.) Counsel also served both Moving Plaintiffs at the email address listed for them in the Amended Complaint. (Exhibit A.) In addition, Counsel has agreed to consent to any reasonable extension requested by Plaintiffs, which would negate any prejudice Plaintiff could have possibly experienced from slow delivery of American Airlines' pleadings.

13.      Given that American Airlines timely filed and served its Motion to Dismiss, the Plaintiffs' motions are without merit and should be denied.

Dated: March 4, 2025                              Respectfully submitted,

                                                          /s/ Micah E. Ticatch
                                                          Micah E. Ticatch, DC Bar No. 1005398

ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2025 I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system which will serve a copy on all counsel of

record. I will also serve a copy of the foregoing via first class and electronic mail upon the

following:

> Tala Josephano
> 615 Catalina Ave, #233
> Redondo Beach, CA 90277
> joesephanotala@gmail.com
>
> Samiha Ayyash
> 7823 New London Dr,
> Springfield, VA 22153
> 703-980-6955
> ayyashsamiha@gmail.com
>
> Feras Hindi
> 7823 New London Dr,
> Springfield, VA 22153
> 703-980-6955
> Fhindi@friendshiplogistics.com
>
> *Pro Se Plaintiffs*

> /s/ Micah E. Ticatch
> Micah E. Ticatch, DC Bar No. 1005398
> ISLER DARE, P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
> (703) 748-2690
> (703) 748-2695 (fax)
> mticatch@islerdare.com
>
> *Counsel for American Airlines, Inc.*

5