# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

SAMIHA AYYASH, *et al.*       )
                                      )
      **Appellants,**        )
                                        )
**v.**                               )       **No.  25-7123**
                                        )
**AMERICAN AIRLINES, INC.,** *et al.*,  )
                                        )
      **Appellees.**        )
_____)

## AMERICAN AIRLINES INC.'S OPPOSITION TO APPELLANT HINDI'S MOTION FOR SUMMARY REVERSAL

Appellant Feras Hindi's "Motion for Summary Reversal Remand & Reassignment" (the "Motion") is devoid of merit and should be denied.[1] The District Court dismissed after correctly determining that it lacked personal jurisdiction over both American Airlines and co-defendant Gulf Air B.S.C.  (Dist. Ct. Dkt. 69.)  Rather than challenge the District Court's sound decision related to jurisdiction, Mr. Hindi argues in his Motion that summary reversal is warranted based on an argument that he somehow should have been awarded a default judgment based on his

---

[1] Appellant Hindi states he is bringing the Motion on behalf of himself only and not the other two appellants, his sister and mother.

misunderstanding of the Rules of Civil Procedure.  Because the Motion is without basis, it should be denied.

## BACKGROUND

1.      Mr. Hindi and two other relatives (Samiha Ayyash and Tala Josephano) filed their joint Complaint on December 10, 2024 (Dist. Ct. Dkt. 1), which they amended on December 31, 2024. (Dist. Ct. Dkt. 2.) The lawsuit was filed after their shared relative, Captain Mohannad Alhindi, died of a heart attack at an airport in Dhaka, Bangladesh. (*Id.* at 1.) At all times in the litigation, Mr. Hindi and his co-plaintiffs have acted *pro se*.

2.      On January 8, 2025, Mr. Hindi's co-plaintiff, Tala Josephano, filed a Pro Se Consent to Receive Notices of Electronic Filing.  (Dist. Ct. Dkt. 3.)

3.      American Airlines was served with the Amended Complaint on January 22, 2025, with a response due on February 12, 2025.  (Dist. Ct. Dkt. 4.)

4.      On February 12, 2025, American Airlines filed a Notice of Appearance, Corporate Disclosure, and Motion to Dismiss.  (Dist. Ct. Dkts. 6 - 8.)

5.      In light of the Pro Se Consent to Receive Notices of Electronic Filing, it appeared that the e-filing of the pleadings would provide notice of those filings to plaintiffs.  Counsel for American Airlines also provided courtesy copies of the filings to the email addresses listed in the Amended Complaint.    (Dist. Ct. Dkt. 20-1.)    With respect to Mr. Hindi, the Amended Complaint identified a shared email address (AyyashSamiha@gmail.com) and a shared postal address for himself and his mother, Ms. Ayyash:

> **United States District Court**
>
> **District of Columbia**
>
> 1. Samiha Ayyash, Feras Hindi
>
>    Pro Se
>
>    7823 New London Dr, Springfield, VA 22153
>
>    (703) 980-6955
>
>    AyyashSamiha@gmail.com

(Dist. Ct. Dkt. 2, p. 6 of 123.)

6.      The following day, on February 13, 2025, Counsel's office sent an additional copy of each of the filings to plaintiffs by first-class mail to the addresses listed in the Amended Complaint.

7.     Thereafter, upon learning that Judge Reyes had a local rule requiring that a pre-motion conference must be requested and held before a dispositive motion could be filed, American Airlines filed a Notice Requesting Motion Conference on February 20, 2025 (Dist. Ct. Dkt. 14 at 1.)

8.     On February 24,2025, Mr. Hindi moved for a default against American Airlines because he was not provided a copy of the filing on February 12. (Dist. Ct. Dkt. 17.)  Specifically, Mr. Hindi complained that he was not included in the electronic mail sent by counsel (even though the Amended Complaint provided the same email address for both himself and his mother).  (*Id.* at 3.)  In his filing, Mr. Hindi acknowledged that he was aware that American Airlines filed its Motion to Dismiss on February 12, 2025, the deadline to respond to the Amended Complaint. (*Id.* at 1.)

9.     The other plaintiffs likewise each separately moved for default. (Dist. Ct. Dkts. 18, 19, 22, 26, 27.)

10.     On March 4, 2025, American Airlines opposed Mr. Hindi and Ms. Ayyash's motions for default.  (Dist. Ct. Dkt. 20.)  On March 20, 2025,

American Airlines opposed Ms. Josephano's motion for default. (Dist. Ct. Dkt. 33.)

11.     Plaintiffs continued to file various motions, including a motion for telephonic conference, a motion for hearing, a motion for emergency hearing, and motions to strike until, on March 26, 2025, the district court ordered that "no parties are permitted to file any further motions without leave of Court. The Court will address the pending motions at the March 28, 2025 pre-motion conference."   (Dist. Ct. March 26, 2025 Minute Order.)

12.     On March 28, 2025, Judge Reyes held a virtual hearing on the outstanding matters. During the hearing, the court explained to Plaintiffs that she "looked over your various motions. I am denying all the motions for default, because [] defendants have appeared. And they've appeared appropriately under my local rules. So those are getting denied today." (Ex. A, March 28, 2025 Tr. 2:17-18.)

13.     When pressed about the purported "out of time" filings plaintiffs believed occurred, the court explained that Defendants had "done everything procedurally correctly."  (*Id.* 17-21.)

5

14.    Unsatisfied with that answer, Ms. Josephano continued to argue that American Airlines was late in serving her with its appearance. (*Id.* 8:13-15.)  The District Court responded "ma'am, those deadlines are rules that are a discretion of the judge.  If they did not file on time, I don't really care, I'm giving them the extra time.  So I'm denying the motion for default on timing.  So that's gone.  Forget about the timing.  We are past that." (*Id.* 8:13-15.)

15.    The court then set a briefing schedule for a limited motion to dismiss on whether the court had personal jurisdiction over Defendants, with Defendants' motions due April 18, 2025, Plaintiffs' responses due May 16, 2025, and replies due June 6, 2025.  (*Id.* 11: 8-13.)   After Defendants timely filed the motions to dismiss, Plaintiffs requested, and were granted 4 additional weeks to oppose the motion. (Dist. Ct. May 19, 2025 Minute Order.)

16.    After briefing was completed, the District Court granted Defendants' motions, holding that the court "lacks personal jurisdiction over either Defendant."  (Dist. Ct. Dkt. 69 at 1.)

## LEGAL STANDARD

"A party seeking summary disposition bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987). "Summary reversal is rarely granted and is  appropriate only where the merits are 'so clear, plenary briefing, oral argument, and the traditional collegiality of the decisional process would not affect [the Court's] decision.'" *See* D.C. Circuit Handbook of Practice & Internal Procedures, § VIII.G (quoting *Sills v. Federal Bureau of Prisons*, 761 F.2d 792, 793-94 (D.C. Cir. 1985)).

## ARGUMENT

Mr. Hindi clearly cannot meet the "heavy burden" required for summary reversal.  First, American Airlines timely filed its initial Motion to Dismiss with the court and served the Plaintiffs.

Second, even if there *had* been a delay, Plaintiffs suffered no prejudice because they were never required to respond to American Airlines' initial motion, and were only required to respond to American Airlines' revised motion that was filed after the District Court

established a relaxed briefing schedule.   (Ex. A, March 28, 2025 Tr. 11:8-13.)

Third, even if American Airlines' initial filings were somehow late (they were not), the District Court was fully empowered to extend missed deadlines, vacate any default, and decide the case on its merits.  This is exactly what happened in *Khochinsky v. Republic of Poland*, 1 F.4th 1 (D.C. Cir. 2021). There, this Court affirmed the district court's vacatur of default and decision to dismiss for lack of jurisdiction.   The Court explained that the vacatur was not an abuse of discretion because the plaintiff was not prejudiced and the defenses were meritorious.  *Id.* at 7. Indeed, the Court noted that even if the default had been willful, the district court did not necessarily abuse its discretion.  *Id.*

In addition to the default issue, Mr. Hindi argues in his Motion that the "record reveals an unmistakable appearance of bias, if not actual bias, [from the court] that undermines public confidence in the legality and fairness of the proceedings that prejudiced Appellant and denied him due process." (Motion at 9).  The transcript does not remotely support that assertion.  Rather, it shows the District Court going out of its way to help

the Plaintiffs who were proceeding *pro se*. Below are just a handful of examples:

- Explaining the concept of personal jurisdiction and telling plaintiffs where they could file suit against American Airlines based on its incorporation and headquarters. (Ex. A, March 28, 2025 Tr. 2:22-4:9.)

- Requesting Defense counsel serve mailed copies because Plaintiffs withdrew their consent to electronic notifications. (*Id.* 9:7-10:14.)

- Providing Plaintiffs additional time to respond to allow them to hire an attorney (they ultimately moved forward *pro se*). (*Id.* 10:22-11:13.)

Simply put, there is no evidence of bias by the District Court.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Reversal Remand & Reassignment should be denied.

Dated: October 24, 2025                Respectfully submitted,

                                           /s/ Micah E. Ticatch
                                        Micah E. Ticatch
                                        ISLER DARE, P.C.
                                        1945 Old Gallows Road, Suite 650
                                        Vienna, Virginia 22182
                                        (703) 748-2690
                                        (703) 748-2695 (fax)

mticatch@islerdare.com

*Counsel for American Airlines Inc.*

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because this motion contains 1,454 words.

2.     This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen-point, Century Schoolbook.

 /s/ Micah E. Ticatch
Micah E. Ticatch
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2025 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record.  I will also serve a copy of the foregoing via first class mail upon the following:

>Tala Josephano
>615 Catalina Ave, #233
>Redondo Beach, CA 90277
>*Pro Se Plaintiff*
>
>Samiha Ayyash
>7823 New London Dr,
>Springfield, Fairfax
>VA 22153
>703-980-6955
>*Pro Se Plaintiff*
>
>Feras Hindi
>7823 New London Dr,
>Springfield, Fairfax
>VA 22153
>703-980-6955
>*Pro Se Plaintiff*

>       /s/ Micah E. Ticatch
>Micah E. Ticatch
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)

[mticatch@islerdare.com](mailto:mticatch@islerdare.com)

*Counsel for American Airlines Inc.*

# EXHIBIT A

```
 1                    IN THE UNITED STATES DISTRICT COURT
                              DISTRICT OF COLUMBIA
 2

 3      SAMIHA AYYASH, et al.,        ) CIVIL NO.:
                                      ) 24-3434-ACR
 4              Plaintiff,            )
                   vs.               )
 5                                    )
        AMERICAN AIRLINES, INC.,      ) Via: Zoom
 6       et al.,                      ) March 28, 2025
                   Defendant.         ) Washington, D.C.
 7      _____ ) 2:00 p.m.

 8                     Transcript of Pre-motion Conference
                       Before the Honorable Ana C. Reyes
 9                       United States District Judge

10      APPEARANCES:

11      For the Plaintiff:

12           Samiha Ayyash, Pro se
             Feras Hindi, Pro se
13           Tala Josephano, Pro se

14      For the Defendant American Airlines:

15           Micah E. Ticatch, Esquire
             Isler Dare, P.C.
16           1945 Old Gallows Road
             Suite 650
17           Vienna, VA 22182

18      For the Defendant Gulf Air:

19           Mark A. Johnston, Esquire
             Darcy Osta, Esquire
20           Eckert Seamans Cherin & Mellott, LLC
             1717 Pennsylvania Avenue, NW
21           Suite 1200
             Washington, D.C. 20006
22
        Reported by:    Christine T. Asif, RPR, FCRR
23                      Federal Official Court Reporter
                        333 Constitution Avenue, NW
24                      Washington, D.C. 20001
                        (202) 354-3247
25
```

```
 1                      P R O C E E D I N G S
 2              THE CLERK:  We are on the record in civil action
 3     24-3434, Ayyash, et al., versus American Airlines Inc., et
 4     al.
 5              THE COURT:  All right.  Plaintiffs could you please
 6     state your names and defendant's counsel could you please
 7     state your appearances.
 8              MS. JOSEPHANO:  Tala Josephano.
 9              THE COURT:  All right.  Defense counsel.
10              MR. TICATCH:  Good afternoon, Micah Ticatch on
11     behalf of American Airlines.
12              MS. OSTA:  Good afternoon.  Darcy Osta and Mark
13     Johnston on behalf of defendant Gulf Air.
14              THE COURT:  All right.  And Ms. Josephano is Feras
15     Hindi on?
16              MR. HINDI:  Yes, I'm here.
17              THE COURT:  Okay.  So I looked over your various
18     motions.  I'm denying all the motions for default, because the
19     plaintiffs have -- defendants have appeared.  And they've
20     appeared appropriately under my local rules.  So those are
21     getting denied today.
22              Secondly, I think there's an issue with the case for
23     the plaintiffs that I just want to explain to you all, which
24     is it is not possible for individuals to file lawsuits in any
25     state that they want to.  They are required, under American
```

1    law to file a state -- an action either where the events

2    occurred or where the defendants are incorporated, that's the

3    broad swath.  And if those things don't -- if either of those

4    aren't present then the Court cannot hear the case.  And so

5    American Airlines has not yet filed a motion to dismiss for

6    lack of personal jurisdiction, that's what it's called because

7    of my unique rules.  But what they've told me is they plan to

8    file a motion to dismiss the case because the actions did not

9    happen in the District and because neither or none of the

10   defendants are incorporated in D.C.

11           And that's correct; right, defense counsel?

12           MS. OSTA:  Yes, Your Honor.

13           MR. TICATCH:  That's correct.

14           THE COURT:  So there's really very little that I can

15   do.  And I just wanted to explain that to you because I'm

16   going to give the plaintiff -- the defense an opportunity to

17   file their motion.  And if you want a lawyer, you know, I'm

18   happy to let you find one.  But this isn't a close call.  This

19   obviously does not belong in this courtroom.  So I don't want

20   you wasting money on this case.  Where are you all

21   headquartered or incorporated?

22           MR. TICATCH:  American Airlines is incorporated in

23   Delaware and its headquarters are in Texas.

24           MS. OSTA:  Gulf Air is a corporation under the

25   republic of -- or sorry, the Kingdom of Bahrain and that's

4

```
 1        where its headquarters is located as well.  It's in Bahrain.
 2                THE COURT:  Okay.  All right.  So you don't have a
 3        U.S. presence?
 4                MS. OSTA:  Currently that's correct, Your Honor.
 5                THE COURT:  All right.  So the plaintiffs, Gulf Air
 6        would be difficult to sue anywhere in the U.S., I think.
 7        Although, I can't say that for sure.  American, you could sue
 8        in Delaware or you could sue in Texas, but you cannot sue in
 9        the District.
10                MS. JOSEPHANO:  May I speak when you're finished
11        with this, the personal --
12                THE COURT:  Yes.  Go ahead.
13                MS. JOSEPHANO:  I believe that after studying the
14        jurisdiction, I believe American Airlines fits under general
15        and personal.  And Gulf Air for sure they fit under personal.
16        The other thing is they've already participated in the case,
17        which means they filed oppositions, they filed quite a few
18        things.  And I don't know if that's a rule or not, but filing
19        I believe that would waive that.  But I am ready, we are ready
20        to present their jurisdiction proof that they both -- and Gulf
21        Air just stated that they have no presence in the U.S. which
22        is not accurate, which I can prove as well for both
23        jurisdiction.
24                And for D.C. the venue, I also can because the cause
25        of action, the fraud specifically and the negligence per se
```

1    arise from D.C.  It's about the code share agreement and their

2    misrepresentation to the Department of Transportation.  It's

3    not about the death only.  There's two parts to the case.

4    There is the personal injury with the death.  And there is the

5    personal -- the claims as part of the public that actually

6    were caused harm.  Can I be given a chance to prove the

7    jurisdiction?

8            THE COURT:  Yes, of course.  Yes.  All right.  Well,

9    if you want to try to oppose, by all means.  They have not

10    waived personal jurisdiction.  They're permitted to raise the

11    issue in an initial -- they were allowed to file everything

12    they filed and they raised personal jurisdiction at the right

13    time.  So I'm not going to say they were late on that.  But if

14    you want to proceed, by all means.

15            So what we'll do is set a briefing schedule for

16    motions to dismiss.  So what happens, ma'am, is they will file

17    a motion, you will have an opportunity to respond.  They will

18    file a reply brief and then we will have a hearing.

19            I understand that for some reason you no longer are

20    receiving emails and that you would wish to be contacted by

21    mail.  That's really quite --

22            MS. JOSEPHANO:  I think the picture is not really

23    clear here where we have not discussed -- we're willing to

24    like pass over it, but we have not discussed the way that they

25    approached the service and the way they served or not served

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1    plaintiffs.  We have --

2              THE COURT:  Well, they're not required to serve you,

3    ma'am.  You're required to serve them.

4              MS. JOSEPHANO:  I did serve them.

5              THE COURT:  Right.  But they're not required to

6    serve you.

7              MS. JOSEPHANO:  How are they not req- -- yes, go

8    ahead.  Sorry.

9              THE COURT:  So what they do is they file their

10   papers on the docket, on the electronic docket.  And then

11   usually what happens is that all of the lawyers and the

12   parties get emails from the docket automatically.  But for

13   some reason -- so they're not required to send you anything at

14   all.  All they're required to do is file their papers on the

15   public docket, which they have done.

16             MS. JOSEPHANO:  Aren't they supposed to serve us an

17   answer on the 21 days for our claims?  They're supposed to

18   serve us that.

19             THE COURT:  No.  No, they're not.  But, ma'am,

20   that's wrong.  They have 21 days to file an answer or a motion

21   to dismiss.  Each judge has different rules.  My particular

22   rules say that within the time line for service, they have to

23   file a pre-motion conference paper, which is what they did,

24   laying out what their motion will be.  And that was timely

25   filed and that is on the docket currently.

1          MS. JOSEPHANO:  So it was filed on the last day and

2     if it's goes with the rules of your -- the outstanding orders

3     it's -- they should have conferred with the plaintiffs, No. 1.

4     And No. 2, she did have an expired attorney certificate on

5     filing, which we were willing to confer the motion to dismiss

6     before filing, but we were not approached for that.  So even

7     though she did --

8          THE COURT:  Ma'am -- ma'am.  They are not required

9     to meet and confer for a dispositive motion.  A dispositive

10    motion is one that gets rid of the case, like a motion to

11    dismiss.  They are only required to meet and confer with

12    respect to a discovery motion.  So if the trial -- if the case

13    moves forward and you all have fights about documents, then

14    that they have to meet and confer about. Under the general

15    rules, there's no duty to meet and confer before you file a

16    motion to dismiss, which is what they plan to do.

17         The reason I have the pre-motion conference

18    requirement is because I think conferences are good before

19    motions.  But that's what they pursued and that's what we're

20    doing right now and that includes me as the judge.  So they've

21    done everything procedurally correctly.

22         MS. JOSEPHANO:  Okay.  May I ask here, American

23    Airline, they certified that they did serve the 21-day motion.

24    And they submitted their motion conference despite me pretty

25    much almost begging them to fix the certificate so we can

```
 1    submit in a position to his motion to dismiss.  He totally

 2    ignored it and filed the meet and confer eight days after the

 3    deadline.  Is that procedure --

 4              THE COURT:  Ma'am, I'm not quite sure what -- what

 5    is it that you want right now that you think you don't have?

 6              MS. JOSEPHANO:  I think we -- to be honest, I read

 7    his motion to dismiss.  And even the motion to dismiss and

 8    their meet to confer is about the merits, it's not even about

 9    their jurisdiction or any of this.  And even with that, they

10    both -- both defendants did not follow the procedure to serve

11    or serve on time.

12              THE COURT:  Ma'am --

13              MS. JOSEPHANO:  And she did file with an expired

14    attorney certificate.  And he did admit that he served on the

15    13th, which is day after the deadline he did admit to his --

16              THE COURT:  Ma'am -- ma'am, those deadlines are

17    rules that are a discretion of the judge.  If they did not

18    file on time, I don't really care, I'm giving them the extra

19    time.  So I'm denying the motion for default on timing.  So

20    that's gone.  Forget about the timing.  We are past the

21    timing.

22              MS. JOSEPHANO:  No, no, we're not worried about

23    that.

24              THE COURT:  Ma'am, we are because I said we are.

25    All right.  When I say we are past something, we are past it.
```

1    So we're fine, we're done, we're past the deadlines.

2           Now, they did file a motion to dismiss, but then

3    they realized that I have special rules, so then they withdrew

4    the motion to dismiss and they filed a pre-motion conference

5    document.  And then that's why we set this hearing, because

6    those are my rules.

7           Now, for some reason that I do not understand, you

8    all sent an email to my courtroom deputy saying that you no

9    longer wanted to receive emails and you took your emails off

10   of the automatic ECF filing, which is why we had to mail you

11   the information for this call.  Now, I want to understand

12   first, why you don't want to get emails.  And second, explain

13   to you that what I'm now going to allow is allow the

14   defendants to file motions to dismiss, I will let you have the

15   opportunity to oppose, they will get a reply and then we will

16   have a hearing.

17          MS. JOSEPHANO:  I'm good with that.  But I do not

18   wish to receive emails, because my phone gets either sometimes

19   does and sometimes doesn't, that's reason No. 1.  No. 2 is

20   they did not -- I don't want to say the word "respect," but

21   they didn't use it in the right way.  So I prefer to be mailed

22   like you mailed me a letter from the Court and here I am, I

23   appeared.  You mailed --

24          THE COURT:  All right.  That's -- ma'am, that's

25   totally fine.  If you want mail, that's totally fine.  That

```
1    just means that you're going to get things three or four days
2    after they've been put on the public docket.  If that's what
3    you want, that's totally fine.  I don't care.
4              Counsel, can you all add mail service to your
5    pleadings, so that our courtroom deputy doesn't have to do
6    this?
7              MS. OSTA:  Yes, Your Honor.
8              MR. TICATCH:  Yes.
9              THE COURT:  Okay.  So after you docket it on the ECF
10   docket, please do so with our traditional, you know,
11   certificate of service that we haven't done in a while, that
12   you've actually mailed it out and make sure it gets mailed
13   out, all right?
14             MS. OSTA:  Yes, Your Honor.
15             THE COURT:  All right.  How long would you guys like
16   for a motion to dismiss briefing?  When do you want to file?
17             MS. OSTA:  Your Honor, Gulf Air would request two to
18   three weeks, please.
19             THE COURT:  Okay.
20             MR. TICATCH:  Your Honor, that schedule works for us
21   as well.
22             THE COURT:  All right.  Ma'am, how long would you
23   like to file an opposition?  Do you want 30 days?  That's
24   what, you know, usually people ask for is 30 days.
25             MS. JOSEPHANO:  Is it possible that we get it in a
```

```
1    month, like them submitting that, so we can have time to get
2    legal representation.
3              THE COURT:  Yeah.  So what I will do is -- what's
4    today, the 28th?  You guys okay with April 18th, that's eight
5    weeks -- that's three weeks.
6              MS. OSTA:  Yes, Your Honor.
7              MR. TICATCH:  Yes.
8              THE COURT:  All right.  So I'm going to make their
9    motion due on April 18th.  And then I'm going to give you all
10   two months,  -- I'm going to give you until May 16 to oppose,
11   so you get 60 days to try to find a lawyer.  And then I will
12   give them until June 6th to reply.  And then we will set a
13   hearing.
14             Counsel, I don't need a briefing on the 12(b)(6) at
15   this point, just jurisdiction for now.  If I find that they
16   have jurisdiction, I'll let you file a 12(b)(6) later, all
17   right?
18             MS. OSTA:  Thank you, Your Honor.
19             THE COURT:  All right.  Ma'am, does that -- did you
20   understand that schedule?
21             MS. JOSEPHANO:  Yes, I did.
22             THE COURT:  All right.  So we will send out a minute
23   order with the schedule on it.  Can you guys print it out and
24   send it to her, please?
25             MR. TICATCH:  Yes, we can do that.
```

12

```
 1          THE COURT:  All right.  Anything else at this time?
 2          MR. TICATCH:  Your Honor, I have been alerted that
 3   one of the plaintiffs in this case has filed a lawsuit against
 4   me, personally, and my client American Airlines, based on the
 5   same issue that was addressed here today.  I'm not sure if
 6   there's anything we can do on that today, but --
 7          THE COURT:  What's the issue?  What's the issue?
 8          MR. TICATCH:  That -- the claim is for fraud and
 9   abuse of process, again, on the certificate of service.
10          THE COURT:  Okay.  Ma'am --
11          MS. JOSEPHANO:  No, it's not about the certificate
12   of service.  Don't say -- you have to give the picture
13   correctly.
14          THE COURT:  Okay.  What's the correct picture.
15   Ma'am, what's the correct picture?
16          MS. JOSEPHANO:  I emailed him twice and I spoke to
17   him like four times, and every time he actually misled me that
18   he did serve -- send papers and that he did do all --
19   everything correctly.  And I pretty much begged him to fix it.
20   And I gave him a chance and I said, I want to argue the
21   merits.  We do not want this on procedures.  And he still
22   refused.  And then he was so sure that the judge is not going
23   to care for your case.  That's exactly what he told me.
24          THE COURT:  All right.  Well, I'm not going to get
25   into he said, she said, I think what he meant was --
```

13

 1        MS. JOSEPHANO:  This is a different case.  This has

 2   nothing to do with --

 3        THE COURT:  All right.  Ma'am.  Ma'am.  Where was

 4   that case filed, Mr. Ticatch?

 5        MR. TICATCH:  Here.  And I believe it's been

 6   assigned to you, I think maybe because it's a related case,

 7   but I have not been served with it yet.  I just found it on

 8   the docket.

 9        THE COURT:  All right.  Ma'am, I still don't

10   understand what you think that he did incorrectly, he --

11   everything that I have seen that he has done, he has done

12   correctly.  He is under no obligation to talk you about the

13   merits of the case.  None.  There's no rule that requires him

14   to talk about the merits of the case.  He doesn't even have to

15   take your phone call if he doesn't want to.

16        MS. JOSEPHANO:  I'm -- I'm sorry here, I think I

17   deserve a chance in my other case, which is not related to

18   this case, it has nothing to do and it's against him

19   personally, it's not against the defendants in this case.

20   This man --

21        THE COURT:  Ma'am.  Ma'am, it is related in this

22   case under our rules, it is my case, so if you, you know, --

23   Mr. Ticatch if you want to --

24        MS. JOSEPHANO:  Dismiss it and I'll just appeal,

25   because that's separate case, has nothing to do with this one,

14

```
 1    that's personal.

 2              THE COURT:  One second.

 3              All right.  Ma'am, I mean, I'm telling you right now

 4    that this second complaint, I'm looking at it right now, has

 5    no basis in it whatsoever.

 6              Mr. Ticatch, file a short brief motion to dismiss

 7    with your other motion.

 8              MS. JOSEPHANO:  But it wasn't served on him yet.  I

 9    haven't served him yet because I plan to hire a lawyer for

10    it.

11              THE COURT:  I can --

12              MS. JOSEPHANO:  You can dismiss it from your end and

13    I can appeal it.

14              THE COURT:  Ma'am, I'm not going to dismiss it from

15    my end without giving you a chance to respond to a motion.

16              Mr. Ticatch, you've officially been served.  I just

17    served you.  Will you please file a motion.

18              MS. JOSEPHANO:  But I'm going to amend the claim,

19    I'm not ready to submit the claim as it is.

20              THE COURT:  Well, I'm not going to --

21              MS. JOSEPHANO:  I have 21 days to amend the claim.

22    How can you serve him on me if I have a lawyer, I want to get

23    a lawyer for it.

24              THE COURT:  All right.  Ma'am, you know what, fine.

25    You have until -- when do you have until -- to amend do you
```

15

```
 1    think?  When does she have to amend, do you guys know?

 2              MS. JOSEPHANO:  19 days or maybe 15 days.

 3              MR. TICATCH:  I think the only deadline right now is

 4    the service deadline, which I think is 60 days or 90 days.

 5              MS. JOSEPHANO:  I'm actually thinking of filing

 6    criminally on you, just so you understand the position we're

 7    in, because he did actually --

 8              THE COURT:  All right.  Ma'am, you cannot file

 9    criminal charges against anyone, only a prosecutor can do

10    that.  All right.  I'm not going to have you harass the

11    lawyer.  If I start seeing that you're harassing the lawyer,

12    there are going to be consequences.  All right?

13              MS. JOSEPHANO:  That's what I -- filing a police

14    report.  That's what I meant.  Not filing criminal charges,

15    sorry, for my --

16              THE COURT:  All right.  Well, you file the police

17    report and it will go absolutely nowhere.  And if I find that

18    Mr. Ticatch is getting harassed by you, I have all the power

19    in the world to impose --

20              MS. JOSEPHANO:  Why are you -- why are you -- why

21    are you, like, being rough on me only?  Why?

22              THE COURT:  Ma'am --

23              MS. JOSEPHANO:  I'm on every step of your rules,

24    they didn't.  Why are you being rough on me, like, I don't

25    understand.
```

16

 1              THE COURT:  Ma'am, I'm not being rough on you, I'm

 2    trying to -- in fact, I've been far more patient than about 99

 3    percent of judges would be under the circumstances.  You

 4    are -- you missed -- your complaints are based on a

 5    misconstruction of the rules.  All right.  What you are

 6    saying, and I looked at the complaint that Mr. Ticatch did

 7    incorrectly, he did not do incorrectly.  Now, if you want to

 8    file a lawyer and file an amended complaints, by all means do

 9    so.

10              Mr. Ticatch, after you get served with a complaint,

11    file your motion, two, three weeks, then we will set a

12    briefing schedule and then we will get that taken care of as

13    well.  And, ma'am, you will have every opportunity to oppose

14    that motion.

15              MS. JOSEPHANO:  Thank you.

16              THE COURT:  All right.

17              MS. JOSEPHANO:  Thank you very much.

18              MR. TICATCH:  I'm sorry, Your Honor, just to

19    clarify, you want a letter, like we did in this case, or you

20    want me to skip that step?

21              THE COURT:  Don't -- you don't need a PMC in this

22    one, just file your motion.

23              MR. TICATCH:  Okay.  Thank you, Your Honor.

24              THE COURT:  Just wait until you get served and then,

25    you know, file within some reasonable time after you get

```
1    served.  I'll set a briefing schedule to let her know when to

2    oppose, all right?

3                MR. TICATCH:  Sounds good.  Thank you, Your Honor.

4                THE COURT:  All right.  Mr. -- if any party here is

5    abusing the system, or harassing the other side, please bring

6    it to my attention and we will get it dealt with, okay?

7                All right.  Thank you.

8                All right.  Thank you, everyone.

9                MR. TICATCH:  Thank you.

10               MS. OSTA:  Thank you.

11               MR. JOHNSTON:  Thank you, Your Honor.

12               (The proceedings were concluded at 2:21 p.m.)

13               I, Christine Asif, RPR, FCRR, do hereby certify that
     the foregoing is a correct transcript from the stenographic
14   record of proceedings in the above-entitled matter.

15               _____/s/_____
                       Christine T. Asif
16                 Official Court Reporter

17

18

19

20

21

22

23

24

25
```

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter