# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 25-7123**　　　　　　　　　　　　　　　　　　**September Term, 2025**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　1:24-cv-03434-ACR

　　　　　　　　　　　　　　　　　　　　　　**Filed On:** January 13, 2026

Samiha Ayyash, et al.,

　　　　Appellants

　　v.

American Airlines, Inc. and Gulf Air B.S.C,

　　　　Appellees

　　　**BEFORE:**　　Millett, Pan, and Garcia, Circuit Judges

## O R D E R

　　Upon consideration of the motion for compliance with Rule 5 service; and the motion for summary reversal, the opposition thereto, and the reply, it is

　　**ORDERED** that "at or before the time of filing a paper," the parties shall "serve a copy on the other parties to the appeal," in compliance with Federal Rule of Appellate Procedure 25(b).  It is

　　**FURTHER ORDERED** that the motion for summary reversal be denied.  The merits of the parties' positions are not so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  It is

　　**FURTHER ORDERED** that the request to strike the certificate of service attached to the opposition to the motion for summary reversal be denied.  It is

　　**FURTHER ORDERED** that the following briefing schedule and format will apply:

Appellants' Opening Brief(s)　　　　　　　　　　　　　　　　　　March 10, 2026
(not to exceed 13,000 words in the aggregate,
divided between up to three briefs as
appellants see fit)

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-7123**                                                    **September Term, 2025**

| | |
|---|---|
| Appellees' Response Brief(s) (not to exceed 13,000 words in the aggregate, divided between up to two briefs as appellees see fit) | April 9, 2026 |
| Appellants' Reply Brief(s) (not to exceed 6,500 words in the aggregate, divided between up to three briefs as appellants see fit) | April 30, 2026 |
| Deferred Appendix | May 7, 2026 |
| Final Briefs | May 21, 2026 |

While not otherwise limited, the parties are directed to address in their briefs whether the district court possessed personal jurisdiction over the appellees in this case and, if so, whether appellants' amended complaint stated a claim upon which relief could be granted.

Appellants should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43–44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-7123**                          **September Term, 2025**

       Failure by appellants to comply with this order may result in dismissal of the appeal for lack of prosecution. <u>See</u> D.C. Cir. Rule 38.

### Per Curiam

                         **FOR THE COURT:**
                         Clifton B. Cislak, Clerk

BY:    /s/
         Selena R. Gancasz
         Deputy Clerk