**[ORAL ARGUMENT NOT SCHEDULED]**

No. 25-7123

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

————————

SAMIHA AYYASH, *et al.*,

*Appellants***,**

v.

AMERICAN AIRLINES, INC., *et al.*

*Appellees.*

————————

On Appeal from the United States
District Court  for the District of Columbia

————————

**BRIEF OF APPELLEE AMERICAN AIRLINES, INC.**

————————

MICAH E. TICATCH
ISLERDARE, P.C.
1945 Old Gallows Road,
Suite 650
Vienna, Virginia 22182
Telephone: (703) 748-2690
mticatch@islerdare.com

*Counsel for Appellee*
*American Airlines, Inc.*

## AMERICAN AIRLINES INC.'S CERTIFICATE
## AS TO PARTIES, RULINGS, AND RELATED CASES

### A.     Parties and Amici.

In the District Court, Samiha Ayyash, Feras Hindi, and Tala Josephano were Plaintiffs.  Each of those parties is an Appellant before this Court.  In the District Court, American Airlines and Gulf Air B.S.C. (c) ("Gulf Air") were Defendants.  Both of those parties are Appellees before this Court. All parties appearing before the District Court are before this Court.

### B.     Rulings Under Review.

The primary ruling under review is the District Court's August 5, 2025 Order dismissing Appellants' Amended Complaint.  The Order is not published, but is available at *Ayyash v. Gulf Air B.S.C.*, No. 1:24-CV-03434 (ACR), 2025 WL 2470627, at *1 (D.D.C. Aug. 5, 2025).  Plaintiffs also identify the Minute Orders entered on March 28, 2025 and August 28, 2025 as ruling under review, but their brief does not appear to substantively address those orders.

### C.     Related Cases.

On March 14, 2025, one of the Appellants, Tala Josephano, filed a second lawsuit against American Airlines and also named its Counsel,

i

Micah Ticatch, as a co-defendant in a case styled *Tala Josephano v. American Airlines, Inc., et al.*, Case No. 1:25-cv-753 (D.D.C. 2025). In that case, Ms. Josephano alleged that a certificate of service filed in the instant matter constituted fraudulent misrepresentation, abuse of process, and fraudulent inducement. The *Josephano* case was dismissed by the District Court on September 2, 2025. That dismissal was affirmed on appeal by this Court on January 15, 2026, Case No. 25-7148.

### D.    Rule 26.1 Disclosure.

American Airlines, Inc. is a U.S. airline, which is a wholly owned subsidiary of American Airlines Group, Inc. American Airlines Group, Inc. is a publicly traded company, which has outstanding securities in the hands of the public (Nasdaq: AAL).

Dated: May 26, 2026                              Respectfully submitted,

                                                              /s/ Micah E. Ticatch
                                                        Micah E. Ticatch

# TABLE OF CONTENTS

STATEMENT OF THE CASE ....................................................................1

SUMMARY OF ARGUMENT ...................................................................5

ARGUMENT ...............................................................................................6

I.   The Trial Court Correctly Determined That It Lacked Personal Jurisdiction Over American Airlines................................6

    A.   The Trial Court did not have general jurisdiction over American Airlines. .......................................................7

    B.   The Trial Court did not have specific jurisdiction over American Airlines. .......................................................7

II.  The Trial Court Properly Denied Jurisdictional Discovery. .......................................................................................12

III. The Trial Court Correctly Held That Plaintiffs Failed To State A Claim Against American Airlines....................................13

    A.   Plaintiffs failed to state a claim for negligence. ...................14

    B.   Plaintiffs failed to state a claim for negligence per se.................................................................................16

    C.   Plaintiffs failed to state a claim for constructive fraud. ..................................................................................17

IV.  There Is No Basis For Reversal Of The Minute Orders. ...............19

CONCLUSION ........................................................................................19

# TABLE OF AUTHORITIES

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,*
  582 U.S. 255 (2017) ...................................................................6, 8

*Casey v. Ward,*
  211 F. Supp. 3d 107 (D.D.C. 2016) ....................................................15

*Cockrum v. Donald J. Trump for President, Inc.,*
  319 F. Supp. 3d 158 (D.D.C. 2018) ...................................................8, 9

*Companhia Brasileira Carbureto De Calcio v. Applied Indus. Materials Corp.,*
  35 A.3d 1127 (D.C. 2012) ...............................................................11

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014) .......................................................................7

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
  592 U.S. 351 (2021) .......................................................................8

*Haynesworth v. D.H. Stevens Co.,*
  645 A.2d 1095 (D.C. 1994) ..............................................................15

*Himmelstein v. Comcast of the Dist., L.L.C.,*
  908 F. Supp. 2d 49 (D.D.C. 2012) ......................................................17

*Hunter v. D.C.,*
  64 F. Supp. 3d 158 (D.D.C. 2014) ......................................................16

*Lewis v. Mutond,*
  62 F.4th 587 (D.C. Cir. 2023)...........................................................13

*Livnat v. Palestinian Auth.,*
  851 F.3d 45 (D.C. Cir. 2017) .............................................................6

*Rehman v. Etihad Airways,*
  2019 WL 12095414, FN 7 (M.D. Pa. 2019)..............................................2

*Savage v. Bioport, Inc.,*
  460 F. Supp. 2d 55 (D.D.C. 2006) ......................................................11

*Seiferth v. Helicopteros Atuneros, Inc.,*
   472 F.3d 266 (5th Cir. 2006) .................................................................8

*United States v. Ferrara,*
   54 F.3d 825 (D.C. Cir. 1995) .............................................................11

*Walden v. Fiore,*
   571 U.S. 277 (2014) ............................................................................8

## STATEMENT OF THE CASE[1]

On December 14, 2022, a pilot for Gulf Air, Captain Mohannad Alhindi, suffered a heart attack at an airport in Bangladesh. (*See* Dkt.[2] 2 at 4 of 123, ¶ III.) Eight hours after suffering the heart attack, Capt. Alhindi died in a Bangladeshi hospital. (*See id.* at 10 of 123, ¶ 4.)

Plaintiffs are mother (Ms. Ayyash), brother (Mr. Hindi), and sister (Ms. Josephano) of the deceased Capt. Alhindi. (*Id.* at 8 of 123, ¶¶ 1-3.) At the time of filing their Amended Complaint, Ms. Ayyash and Mr. Hindi resided in Virginia, and Ms. Josephano resided in California.

Plaintiffs alleged in their Amended Complaint that Gulf Air's negligence "contributed to Captain Alhindi's death" by failing to provide timely medical care. (*Id.* at 10 of 123, ¶ 6.) Although Capt. Alhindi was not an employee of American Airlines, Plaintiffs sought to hold it liable for his death because the Gulf Air flight that Capt. Alhindi was scheduled to pilot (but did not pilot because of his heart attack) was allegedly one

---

[1] Because the Trial Court ruled on the Motion to Dismiss based on the allegations asserted in the Amended Complaint, American Airlines recites the allegations as stated therein. American Airlines notes that it disputes many of the facts asserted in the Plaintiffs' pleadings.

[2] References to "Dkt.", refer to the Trial Court's docket numbers.

in which Gulf Air had a codesharing agreement[3] with American Airlines. (*Id.*, ¶ 3.)

In addition to numerous claims against Gulf Air, Plaintiffs asserted three claims against American Airlines: negligence, negligence per se, and constructive fraud. (*Id.* at 109, 111, and 116 of 123.) All three claims appear premised on the allegation that because of the codesharing agreement, American Airlines had a duty to audit Gulf Air, which American Airlines allegedly performed inadequately. (*See id.*) Plaintiffs' allegations left unclear what a properly performed audit would have revealed that would have prevented Capt. Alhindi's heart attack or his subsequent death.

The Amended Complaint also failed to establish an obvious connection between the claims asserted against American Airlines and the District of Columbia — Capt. Alhindi's death occurred in Bangladesh, American Airlines is a Delaware corporation with its principal places of

---

[3] "[A] codeshare agreement is an agreement between two airlines whereby a flight is listed under one airline's two-letter identification code but operated by the other airline." *Rehman v. Etihad Airways*, 2019 WL 12095414, at \*7, FN 7 (M.D. Pa. 2019).

business in Texas, and Gulf Air is incorporated and headquartered in Bahrain.  (Dkt. 2 at 4 of 123, ¶ III; *id.* at 7 of 123, ¶¶ II-III.)

Plaintiffs filed their joint Complaint on December 10, 2024 (Dkt. 1) and the Amended Complaint on December 31, 2024. (Dkt. 2.)  On February 12, 2025, American Airlines filed a Motion to Dismiss.  (Dkt. 7.) Thereafter, upon learning that Judge Reyes had a local rule requiring that a pre-motion conference must be requested and held before a dispositive motion could be filed, American Airlines filed a Notice Requesting Motion Conference on February 20, 2025 (Dkt. 14.)

Following those filings, Plaintiffs filed a series of motions and filings arguing, for the most part, that they were entitled to a default judgment against both American Airlines and Gulf Air (*See* Dkt. 16, 17, 18, 19, 22, 26, 27, 28, 29, 30, 31, 40, and 41.)

On March 28, 2025, the Trial Court held a virtual hearing, where it denied Plaintiffs' various motions and set a briefing schedule for both Defendants' Motions to Dismiss.  Following the hearing, the Trial Court entered upon the docket the following:

**Docket Text:**
**Minute Entry for Pre-Motion Conference held on 3/28/2025 before Judge Ana C. Reyes: For reasons stated on the record, Pending [17], [18], [19], [22], [26] and [27] Motions for Default are DENIED. Motion to Dismiss due by 4/18/2025.**

**Responses due by 5/16/2025. Replies due by 6/6/2025. Court Reporter: Christine Asif. (smc)**

**Docket Text:**
**MINUTE ORDER. For the reasons stated on the record at today's pre-motion conference, the Court DENIES AS MOOT the following Motions: [13] Motion for Telephone Conference, [14] Motion for Hearing, [21] Motion for Extension of Time, [30] Emergency Motion for Hearing, and [34], [35], [40], [41] Motions to Strike. Signed by Judge Ana C. Reyes on 03/28/2025. (lcacr2)**

On April 17, 2025, American Airlines filed its Motion to Dismiss. (Dkt. 42.) Thereafter, Plaintiffs filed:

- a Motion to Recuse (Dkt. 44);

- an "Emergency Motion For Protective Order And Request For In Camera Hearing Due To Harassment And Safety Threats By Defendant Gulf Air, The Jordanian Government On Behalf Of King Abdullah, Prince Suleiman The Real Owner Of Gulf Air B.S.C, And Individuals Assisting Them Within The U.S. Government" (Dkt. 46);

- an "Emergency Motion To Stay Proceedings Pending Federal Investigation, Congressional Review, And Judicial Determination Regarding Foreign Interference" (Dkt. 49);

- multiple motions to conduct discovery (Dkt. 54, 55);

- a "Motion For Leave To File Emergency Motion For Protective Order, Stay On Deadlines And Request For Hearing" (Dkt. 56); and

- a motion for leave to file an amended stay motion (Dkt. 60).

On August 5, 2025, the Trial Court granted American Airlines' Motion to Dismiss, denied Plaintiffs' outstanding motions, and closed the case. (Dkt. 69.)

4

On August 24, 2025, Plaintiffs filed a motion under Rule 60 stating they had "uncovered and obtained clear and convincing evidence that fraud upon the court occurred in this matter, directly implicating Judge Ana C. Reyes, her chambers staff, Deputy Clerk Alexander Burton, and Intake Clerk Mr. Paterson." (Dkt 72, at ¶ 4.) On August 28, 2025, the Trial Court denied the motion in a Minute Order stating:

**Docket Text:**
**MINUTE ORDER denying [72] Motion for Relief from Judgment. Plaintiffs' Motion makes out no basis for fraud on the court warranting relief from the judgment pursuant to Federal Rule of Civil Procedure 60(d)(3). Such relief is "typically confined to the most egregious cases, such as bribery of a judge or a juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged."** *More v. Lew*, **34 F. Supp. 3d 23, 28 (D.D.C. 2014) (quoting** *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, **675 F.2d 1349, 1356 (4th Cir. 1982)). Plaintiffs' Motion appears to identify only occasions when the Court itself has taken certain actions in disposing of this case. Accordingly, the Court DENIES the Motion. Signed by Judge Ana C. Reyes on 08/28/2025. (lcacr2)**

## SUMMARY OF ARGUMENT

The Trial Court correctly held that there was no personal jurisdiction over American Airlines. There was no general jurisdiction over American Airlines because it was neither incorporated in, nor did it have its principal place of business in D.C. Further, there was no specific jurisdiction over American Airlines because the case did not arise in, and

5

has no substantial connection with, the District of Columbia. Captain Alhindi's heart attack, and subsequent death, occurred in Bangladesh.

Furthermore, the Trial Court's alternative holding that Plaintiffs failed to state a claim against American Airlines was also undoubtedly correct. Plaintiffs did not plead the essential elements of any of the claims asserted against American Airlines. Consequently, the Trial Court's order dismissing the claims should be affirmed.

## ARGUMENT

### I.    The Trial Court Correctly Determined That It Lacked Personal Jurisdiction Over American Airlines.

A plaintiff has the burden to establish personal jurisdiction over a defendant. *Livnat v. Palestinian Auth.*, 851 F.3d 45, 58 (D.C. Cir. 2017). The Trial Court's decision that Plaintiffs failed to carry that burden is reviewed *de novo. See, e.g., id.* at 48.

In order to exercise personal jurisdiction over a defendant, a court must have either general or specific jurisdiction. *See, e.g., Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

As explained below, the Trial Court correctly held that Plaintiffs' claims were subject to dismissal because the Trial Court had neither type

of personal jurisdiction over American Airlines. (Dkt. 69 at 6-7.) Consequently, the Trial Court's dismissal should be affirmed.

### A. The Trial Court did not have general jurisdiction over American Airlines.

General jurisdiction only exists in those forums where a defendant is said to be "at home," which for corporate entities are the jurisdiction(s) in which they are incorporated and where they have their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137-138 (2014). Plaintiffs correctly pled that American Airlines is a Delaware corporation with its principal place of business in Texas. (Dkt. 2 at 7 of 123, ¶ III.) Consequently, the Trial Court correctly concluded that it lacked general jurisdiction over American Airlines. (Dkt. 69 at 6.) As best as can be discerned, Plaintiffs do not contest this conclusion in their Opening Brief.

### B. The Trial Court did not have specific jurisdiction over American Airlines.

When a court lacks general jurisdiction, it can still exercise specific jurisdiction over a claim, but Constitutional Due Process limits such jurisdiction to only those instances where there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an

7

occurrence that takes place in the forum State." *Bristol-Meyers,* 582 U.S. at 264.

> In order to establish specific jurisdiction, a defendant must take:

> > some act by which it purposefully avails itself of the privilege of conducting activities within the forum State. The contacts must be the defendant's own choice and not random, isolated, or fortuitous. They must show that the defendant deliberately "reached out beyond" its home— by, for example, exploiting a market in the forum State or entering a contractual relationship centered there.

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (cleaned up).

Additionally, the suit-related activity or occurrence must represent a "substantial connection" to the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). A connection that is only tangential to the claim does not create jurisdiction. *See id.* at 288-289.

A plaintiff arguing for specific jurisdiction has the burden to plead sufficient facts to establish that <u>each</u> of their claims is sufficiently connected to the forum to warrant specific jurisdiction. *See, e.g., Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 175 (D.D.C. 2018) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266,

8

274 (5th Cir. 2006)).  In other words, specific jurisdiction must be evaluated on a claim-by-claim basis.  *See id.*

In the operative Amended Complaint, Plaintiffs asserted three claims against American Airlines: negligence, negligence per se, and constructive fraud.  (Dkt. 2 at 109, 111, and 116 of 123.)  Plaintiffs did not establish a basis for specific jurisdiction as to any of these claims.

In Counts 3 and 5, Plaintiffs asserted that American Airlines was negligent because it allegedly breached a duty by "failing to audit Gulf Air's certifications," and by "neglecting to detect and report systemic safety deficiencies," which allegedly led to Capt. Alhindi's death.  (*See* Dkt. 2, at 109 and 111 of 123.)

There is *no* connection between these claims and D.C. — let alone the *substantial* connection required to assert personal jurisdiction.  First, the actual incident — Capt. Alhindi's heart attack and subsequent death — occurred in Bangladesh.  (*Id.* at 10 of 123, ¶¶ 3-4.) Second, since Gulf Air is based in Bahrain, any audit of the airline would presumably take place in that country.  (*See id.* at 8 of 123, ¶ 1 (second ¶ 1 on that page).)  Plaintiffs did not allege in the Amended Complaint that any audit

took place in D.C.  Consequently, there is no plausible connection between D.C. and the negligence claims.

In the only other claim asserted against American Airlines, Count 6, Plaintiffs alleged that the airline committed constructive fraud by "certifying compliance with FAA/DOT standards despite evidence of systemic deficiencies."  (Dkt. 2 at 116 of 123, ¶ 679.)  Plaintiffs pled that American Airlines' "compliance team, legal counsel, and executive leadership and relevant staff *at its headquarters in Fort Worth, Texas*" prepared, reviewed, and electronically submitted the certifications to the FAA.  (*Id.* at 90 of 123, ¶ 526.)  In light of those allegations, the Trial Court correctly held that, "to the extent that American falsely certified Gulf Air's compliance with federal safety standards, it did so in Fort Worth, not in the District."  (Dkt. 69 at 6.)[4]

The only connection to the District identified in the Amended Complaint is that the FAA allegedly received the certifications in D.C.

---

[4] Plaintiffs argue that this statement by the Trial Court was an erroneous finding of fact "on a disputed record" and requires reversal. (Opening Brief at 41-42.)  This is not accurate.  As stated, the Trial Court relied on Plaintiffs' *own allegations* that any certification was prepared and submitted in Texas.

(Dkt. 2, 90 of 123, ¶ 526.) The Trial Court held that such contact with the District is properly ignored for jurisdictional analysis under the government contacts doctrine. (Dkt. 69 at 6 (citing *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006).) As best as can be discerned, Plaintiffs argue that government contacts doctrine does not apply to claims of fraud. (Opening Brief at 38-39 (citing *Companhia Brasileira Carbureto De Calcio v. Applied Indus. Materials Corp.*, 35 A.3d 1127 (D.C. 2012)).) However, the exception to the doctrine noted in *Companhia* applies only when a fraudulent action "causes unwarranted government action against another." 35 A.3d at 1134. Plaintiffs do not allege that any government action was taken against them because of the certifications. Consequently, the ruling in *Companhia* is inapplicable.

Moreover, even setting the government contacts doctrine aside, the alleged contact with the FAA is simply not the type of "substantial" connection that is required to establish specific jurisdiction— as the audit was performed outside the country, the certifications were prepared in Texas, and the death occurred in Bangladesh. *See United States v. Ferrara*, 54 F.3d 825, 831 (D.C. Cir. 1995) (letter to Department of Justice was not substantial connection to D.C.). Further, such contact with D.C.

11

was clearly not "the defendant's own choice," and therefore cannot constitute American Airlines having "purposefully avail[ed] itself of the privilege of conducting activities within" D.C.  The location where the FAA "receives" an electronic submission is a random choice made by the government, of which American Airlines has no control.  The FAA controls where an electronic submission is "received" not American Airlines.  The FAA could have chosen to review the electronic submission in Idaho, rather than D.C.  In such a case, the random choice by the FAA would not somehow mean that American Airlines voluntarily and purposefully availed itself of Idaho's jurisdiction.  The place of receipt of the certification is the opposite of the "purposeful availment" necessary for specific jurisdiction to exist.

In light of the above, the Trial Court was correct to find that there was no personal jurisdiction over American Airlines for any of Plaintiffs' claims, and that holding should be affirmed.

## II.   The Trial Court Properly Denied Jurisdictional Discovery.

As part of its order dismissing the claims, the Trial Court denied Plaintiffs' request for jurisdictional discovery.  (Dkt. 69 at 7.)  An order

denying jurisdictional discovery is reviewed for abuse of discretion. *E.g., Lewis v. Mutond*, 62 F.4th 587, 590 (D.C. Cir. 2023).

In its order, the Trial Court correctly held that discovery was unlikely to alter the jurisdictional analysis. Discovery would not alter the location of Capt. Alhindi's death, the location of Gulf Air's headquarters, or the locations of American Airlines' headquarters and state of incorporation. Those are the locations where jurisdiction could potentially lie, and none are located in the District.

Because there was no plausible reason to believe that discovery would lead to personal jurisdiction, the Trial Court did not abuse its discretion in denying discovery. Furthermore, because, as noted below, Plaintiffs failed to state a substantive claim against American Airlines, any jurisdictional discovery would have been futile.

## III. The Trial Court Correctly Held That Plaintiffs Failed To State A Claim Against American Airlines.

The Trial Court held that even if there were personal jurisdiction over American Airlines, the claim would still be subject to dismissal under Rules 8 and 12(b)(6) for failure to state a claim. For the reasons stated below, that ruling was undoubtedly correct. Consequently, even

13

if personal jurisdiction were to be found to exist over American Airlines, this Court should still affirm the Trial Court's dismissal.

### A.    Plaintiffs failed to state a claim for negligence.

In Count 3, Plaintiffs purported to allege a claim for negligence, which, as best as can be discerned, alleges that: (i) American Airlines has an FAA requirement to periodically audit Gulf Air's safety protocols; (ii) American Airlines' audit of Gulf Air was allegedly performed inadequately; (iii) Capt. Alhindi, who died before getting the chance to operate Gulf Air's aircraft, somehow would not have had a heart attack, or not have died, if American Airlines had performed a better audit of Gulf Air. (*See* Dkt. 2 at 109 of 123.) This line of factual causation is not plausible, and there are no facts in the Amended Complaint to plausibly suggest anything American Airlines could have reasonably done in an audit would have affected Capt. Alhindi's survival.

However, even putting aside the implausible causation theory, the claim fails for other reasons. In order to state a claim for negligence, Plaintiffs need to demonstrate "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of

14

duty proximately caused damage to the plaintiff." *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1098 (D.C. 1994).

Plaintiffs cannot demonstrate the first element. To start with, a safety audit does not generally give rise to a duty of care to third parties. *Casey v. Ward*, 211 F. Supp. 3d 107, 121 (D.D.C. 2016). To the extent that an audit mandated by the FAA, did somehow give rise to a duty of care to third parties — any such duty would be owed to *passengers*. To state the obvious, the FAA audit requirement is not designed to ensure that pilots of foreign airlines are prevented from experiencing heart attacks during times when they are not even operating an airplane. American Airlines owed no duty of care to Capt. Alhindi, and it *certainly* did not owe a duty of care to the Plaintiffs— whose only connection is as relatives of Capt. Alhindi.

Likewise, Plaintiffs did not establish the other two elements of the claim either. The Amended Complaint did not plausibly allege that American Airlines failed to use reasonable care in performing their audit. Furthermore, even if there was a showing of breach of reasonable care, the foreseeable damage is an accident or safety issue arising while the

15

plane is being *operated*.  A heart attack *before* the operation of the plane is not a foreseeable risk associated with a safety audit.

In sum, Plaintiffs have failed to allege any of the essential elements of a negligence claim.

### B.    Plaintiffs failed to state a claim for negligence per se.

In Count 5, Plaintiffs asserted a claim of negligence per se based on alleged violations  of the FAA Codeshare Safety Guidelines.  (Dkt. 2 at 111 of 123.)  "However, negligence per se is not in and of itself a separate legal claim—rather, it permits a plaintiff under certain circumstances and under specified conditions to rely on a statute or regulation as proof of the applicable standard of care." *Hunter v. D.C.*, 64 F. Supp. 3d 158, 188–89 (D.D.C. 2014) (cleaned up).  Because, as explained above, American Airlines' audit was not the proximate cause of Capt. Alhindi's or Plaintiffs' injuries, Plaintiffs did not state a negligence per se claim any more than they did a negligence claim.

Moreover, negligence per se can only be used when the "the statute or regulation promotes public safety and was enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred." *Id.*  As previously noted, Plaintiffs cannot point to any relevant statute

16

or regulation that was enacted to protect pilots of foreign airlines during the time they are not operating a plane. More to the point, Plaintiffs certainly cannot point to any statute or regulation that was enacted to protect the *family members* of such pilots. Consequently, this claim was properly dismissed as well.

### C.    Plaintiffs failed to state a claim for constructive fraud.

In their final count against American Airlines, Plaintiffs asserted a claim for constructive fraud. (Dkt. 2 at 116 of 123.) To state a claim for constructive fraud a plaintiff must demonstrate: (1) the defendant made a false representation; (2) in reference to a material fact; (3) with knowledge of its falsity; (4) the plaintiff acted in reasonable reliance on that representation; (5) which consequently resulted in provable damages. *Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F. Supp. 2d 49, 59 (D.D.C. 2012). Additionally, a constructive fraud claim can only be made when the defendant has a "confidential relationship . . which the defendant is able to exercise extraordinary influence over plaintiff." *Id.*

American Airlines does not have a confidential relationship with any of the Plaintiffs, nor did it have one with Capt. Alhindi. As such, this claim failed for this reason alone.

17

Additionally, the claim failed because Plaintiffs did not allege the other factors. As best as can be discerned, the alleged "false representation" is an April 28, 2023 "fraudulent certification" that American Airlines electronically submitted to the FAA. (*See* Dkt. 2 at 91 of 123, ¶ 530.) But this was submitted after Capt. Alhindi's death, and therefore, the submission cannot be responsible for his death.

Moreover, to the extent Plaintiffs were alleging that they were personally misled by the April 28, 2023 certification, such an allegation is contradicted by their own allegations which state that a few days before American Airlines' certification, "plaintiffs sent detailed court documents and correspondence to AA's U.S. offices, providing evidence of Gulf Air's systemic safety violations. These included unreported crew incapacitations, medical examination failures, and breaches of ICAO safety standards." (*Id.*, ¶ 529.) In other words, Plaintiffs were aware that the American Airlines' certification was allegedly inaccurate, meaning they did not reasonably rely on that certification. Moreover, there is no plausible claim that Plaintiffs suffered an injury related to a certification made after Capt. Alhindi's death.

18

In sum, Plaintiffs did not come close to alleging any of the claims asserted against American Airlines, and the Trial Court was correct to dismiss the claims.

## IV.  There Is No Basis For Reversal Of The Minute Orders.

Although Plaintiffs identify the Minute Orders of March 28, 2025 and August 28, 2025 as rulings they are appealing (*see* Opening Brief at 2), their brief fails to identify any legitimate basis for reversing those orders.  Consequently, the Trial Court's Minute Orders should be affirmed.

**CONCLUSION**

In summary, the Trial Court correctly found that it lacked personal jurisdiction over American Airlines, and that even if such jurisdiction existed, Plaintiffs had failed to state a claim.  Because there is no basis for overturning that decision, the Trial Court should be affirmed.

Dated:  May 26, 2026                 Respectfully submitted,

      /s/ Micah E. Ticatch

Micah E. Ticatch, Va. Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690

19

mticatch@islerdare.com
*Counsel for Appellee American
Airlines, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the word limit prescribed by this Court's March 6, 2026, Order (Doc. #2162474) because Appellees agreed to split the word limitation evenly, and this brief contains 3,867 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in Century Schoolbook 14-point font.

/s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
mticatch@islerdare.com
*Counsel for Appellee American Airlines, Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record.  I will also serve a copy of the foregoing via electronic mail (as requested by Appellants on April 24, 2026) upon the following:

Tala Josephano
Talacali4@gmail.com

Samiha Ayyash
*sankouhi75@gmail.com*

Feras Hindi
fhindi@friendshiplogistics.com

/s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
mticatch@islerdare.com
*Counsel for Appellee American Airlines, Inc.*