## ORAL ARGUMENT NOT YET SCHEDULED
### No. 25-7123

---

# *United States Court of Appeals*
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**Samiha Ayyash, et al  Plaintiffs – Appellants Pro Se,**

**V.**

**American Airlines Inc., et al  Defendants – Appellees.**

---

Appeal from the United States District Court for the District of Columbia,
No. 1:24-cv-03434-ACR (Judge Ana C. Reyes )

---

## REPLY BRIEF OF APPELLANTS TO APPELLEES' BRIEFS

Pro Se Plaintiff-Appellant
Feras Hindi
7823 New London Drive,
Springfield, VA 22153
(703)980-6955

Pro Se Plaintiff-Appellant
Tala Josephano
1876 PCH
Lomita CA 90717
(347)-749-4980

Pro Se Plaintiff-Appellant
Samiha Ayyash
No. 6 Abu Nssair
Amman Jordan
(703)623-3767

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUN 1 6 2026
RECEIVED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................

INTRODUCTION ............................................................

ARGUMENT ................................................................

1. Appellees Say the Court Did Not Abuse Its Discretion; the Record Shows Discretion Exercised at Every Turn, and Each Time Against Appellants

2. The Order's Dispositive Rulings Are Legal Errors Reviewed De Novo

3. The District Court Deprived Appellants of Fifth Amendment Due Process and Entered an Alternative Merits Dismissal It Had No Power to Render

4. Jurisdiction Before Merits

5. Appellee American Airlines' Brief ("AA")

6. The Dismissal of American Inverted the Prima Facie Standard, Skipped the Long-Arm Analysis, and Ignored the Contact at the Center of the Case ...

7. AA's Footnotes

7A. AA Footnote 1

7B. AA's Second Footnote

7C. Footnote 3 — The "Fort Worth" Finding Inverted the Pleading and the Record

8. Personal Jurisdiction Over American Airlines

8A. Transacting Business

8B. Nexus

8C. Due Process

D. The Disputes Resolve for Appellants, or Go to Discovery

9.  Gulf Air's Declaration vs. Appellants' Evidence & Affidavit

10. Appellees' March 28 Pre-Conference "No Presence" Premise Was Never Verified, Then Became the Finding

11. Personal Jurisdiction Over Gulf Air .

A. Service Was Authorized by Statute and Properly Made

B. Consent

12. The D.C. Long-Arm Statute — Transacting Business

13. All Claims Arise From District Conduct — Not From a Single Certification or the Death Abroad

14. Gulf Air's "Standing" Argument & Mischaracterizing the Claims

15. Denial of Discovery Was Abuse of Discretion

16. Jurisdiction Over Both Appellees Comports With Due Process

CONCLUSION

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)

Ciralsky v. CIA, 355 F.3d 661 (D.C. Cir. 2004)

Companhia Brasileira Carbureto de Calcio v. Applied Indus. Materials Corp., 35 A.3d 1127 (D.C. 2012)

COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515 (D.D.C. 1995)

Crane v. N.Y. Zoological Soc'y, 894 F.2d 454 (D.C. Cir. 1990)

Cutter v. Wilkinson, 544 U.S. 709 (2005)

El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668 (D.C. Cir. 1996)

Erickson v. Pardus, 551 U.S. 89 (2007)

Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir. 1996)

Foman v. Davis, 371 U.S. 178 (1962)

Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351 (2021)

GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir. 2000)

Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982)

International Shoe Co. v. Washington, 326 U.S. 310 (1945)

Lewis v. Mutond, 62 F.4th 587 (D.C. Cir. 2023)

Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014)

Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)

Mallory v. Norfolk S. Ry. Co., 600 U.S. 122 (2023)

Mathews v. Eldridge, 424 U.S. 319 (1976)

Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc)

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 (1950)

Mwani v. bin Laden, 417 F.3d 1 (D.C. Cir. 2005)

Rehman v. Etihad Airways, 2019 WL 12095414 (M.D. Pa. 2019)

Richardson v. United States, 193 F.3d 545 (D.C. Cir. 1999)

Rose v. Silver, 394 A.2d 1368 (D.C. 1978)

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999)

Shoppers Food Warehouse v. Moreno, 746 A.2d 320 (D.C. 2000) (en banc)

Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007)

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)

United States v. American Ry. Express Co., 265 U.S. 425 (1924)

Urquhart-Bradley v. Mobley, 964 F.3d 36 (D.C. Cir. 2020)

Walden v. Fiore, 571 U.S. 277 (2014)


## STATUTES

28 U.S.C. § 636(c)

28 U.S.C. § 1631

49 U.S.C. § 46103

D.C. Code § 13-423

D.C. Code § 13-423(a)(1)

D.C. Code § 13-423(a)(2)

D.C. Code § 13-423(b)

D.C. Code § 13-424

## **RULES**

Fed. R. App. P. 32(f)

Fed. R. Civ. P. 4(k)(2)

Fed. R. Civ. P. 8(a)(2)

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 15(a)(2)

Fed. R. Civ. P. 73(b)(1)

## **OTHER AUTHORITIES**

14 C.F.R. pt. 212

DOT Order 2023-4-16

## INTRODUCTION

This Court directed the parties to address whether the district court had personal jurisdiction over Appellees and, if so, whether the Amended Complaint stated a claim. Appellants, appearing pro se, understand that sequence: because the record presents genuine disputed jurisdictional facts, jurisdiction must be resolved first, and those disputes should have been developed through the jurisdictional discovery the district court denied. On a paper record, Appellants were entitled to the prima facie standard, with every factual conflict resolved in their favor. The district court did the opposite, resolving disputed facts against Appellants and denying discovery.

Because the court found no jurisdiction, it had no power to reach the merits, and its alternative Rule 8 and 12(b)(6) rulings must be vacated rather than affirmed. But even if the Court reaches the pleadings under its "if so" instruction, a pleading shortfall is not a merits defeat. Any deficiency in a pro se complaint is curable by amendment, and Appellee AA does not argue otherwise — it never contends that amendment would be futile. The district court nonetheless dismissed without identifying the deficiency or affording leave to amend, contrary to *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). A complaint that could be cured is not meritless or futile.

Appellees' briefs confirm that the jurisdictional facts are genuinely disputed. On a paper record, such disputes are not resolved by crediting one side's attorney assertions, but through the jurisdictional discovery the court denied. Appellants made their prima facie showing; the proper course is to reverse and remand for the discovery that would resolve the disputes the Order wrongly decided against them.

Appellants therefore ask this Court to reverse the dismissal as to both Appellees and remand for the jurisdictional discovery the district court denied. The alternative Rule 8 ruling, and the grant of American's withdrawn Dkt. 7, should be vacated, so that neither carries preclusive effect in any forum. On remand, the merits and any amendment of the complaint are for the district court to address in the first instance, with jurisdiction established.Should this Court conclude that jurisdiction cannot be sustained or developed as to either Appellee, Appellants request transfer under 28 U.S.C. § 1631 to a district in which jurisdiction lies, rather than dismissal.

## ARGUMENT

### 1. Appellees Say the Court Did Not Abuse Its Discretion; the Record Shows Discretion Exercised at Every Turn, and Each Time Against Appellants

Appellees contends the district court "did not abuse its discretion" and was managing its docket. The record permits this Court to judge that for itself. Across a single pre-motion conference and a single order, the court exercised its discretion repeatedly — and each exercise fell against Appellants:

i.   It excused Appellees' missed filing deadlines: "those deadlines are... a discretion of the judge. If they did not file on time, I don't really care, I'm giving them the extra time." Tr. 8:16–19.

ii.  It held Appellees' pre-motion filing timely under "my particular rules." Tr. 6:21–25.

iii. It denied Appellants' default motions, ruling Appellees had "appeared appropriately." Tr. 2:20–21.

iv.  It deferred Rule 12(b)(6) to a later stage at its discretion — "I'll let you file a 12(b)(6) later," Tr. 11:14–17 — a stage that never came.

v.   It denied Appellants' motion to strike the Ismaeel Declaration, Dkt. 47, without ruling on it, then relied on the declaration as uncontradicted. Order 5, 8.

vi.    It denied Appellants' motions for jurisdictional discovery, Dkts. 54, 55, on facts within Appellees' exclusive control. Order 7.

vii.    It denied every remaining motion Appellants filed. Order 8.

Each of these was discretionary; each ran one direction. Whether a pattern in which every discretionary ruling favored the moving Appellees — culminating in the denial of the discovery and strike motions that alone could test the dismissal's factual premises — remained within the bounds of sound discretion is a question this Court reviews and may answer on the face of the record. El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996).

## 2. The Order's Dispositive Rulings Are Legal Errors Reviewed De Novo

The dismissal rests on rulings this Court reviews de novo, Urquhart-Bradley v. Mobley, 964 F.3d 36, 43 (D.C. Cir. 2020), owing the district court no deference. Each was an error. The prima-facie standard was inverted; The certification situs was resolved against the pleader without record support; The court excluded the only contact it analyzed and ignored the rest; The court reached the merits it had no power to decide; and The court granted American's withdrawn motion.

### 3. The District Court Deprived Appellants of Fifth Amendment Due Process and Entered an Alternative Merits Dismissal It Had No Power to Render

Due process guarantees notice and an opportunity to be heard "at a meaningful time and in a meaningful manner," Mathews v. Eldridge, 424 U.S. 319, 333 (1976), and a cause of action is itself a protected interest, Logan v. Zimmerman Brush Co., 455 U.S. 422, 428–30 (1982). Reviewed de novo, Urquhart-Bradley v. Mobley, 964 F.3d 36, 43 (D.C. Cir. 2020), the record shows a sequence in which each departure narrowed the next: a conference that confined the case to jurisdiction, an Order resolving disputed jurisdictional facts against Appellants and denying the discovery to test them, and a sua sponte merits dismissal entered without notice or leave — after the court had disclaimed the power to reach the merits. Gulf Air answers only the deferential question of docket sequencing, Gulf Air Br. 27; American does not address due process at all.

The conference confined the case to jurisdiction and deferred the merits: *"I don't need a briefing on the 12(b)(6) at this point, just jurisdiction for now. If I find that they have jurisdiction, I'll let you file a 12(b)(6) later."* Tr. 11:14–17. The operative motions raised only jurisdiction; the sole motion asserting failure to state a claim, AA's Dkt. 7, had been withdrawn, Tr. 9:2–6. A litigant instructed to brief only jurisdiction, and promised a merits stage

that never came, had no notice to defend the sufficiency of the pleadings —

the deprivation Mathews addresses. Mathews, 424 U.S. at 333.

Appellant Ayyash's motions were resolved at a conference she did not attend ; and the clerk never furnished the magistrate-consent form that § 636(c) and Rule 73(b)(1) require, nor did the court rule on Appellants' written requests for it.

The Order recited the prima facie standard — "any factual disputes must be resolved in the plaintiff's favor," Dkt. 69 at 3 — then inverted it, crediting the Ismaeel Declaration as "without contradiction," Dkt. 69 at 5. The record was contested: Appellants had moved to strike the declaration on a sworn affidavit, Dkt. 47-2, and for discovery to disprove it, Dkts. 54, 55. A declaration sworn against and moved against is not uncontradicted, and the conflict resolves for Appellants.

The court never ruled on the challenge it treated as resolved. It neither struck nor decided the motion — disposing of the strike and discovery motions in a single omnibus denial, Dkt. 69 at 3, 8 — then relied on the declaration as uncontradicted. The opportunity to be heard includes the opportunity to present evidence and contest the opponent's proof. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To resolve disputed facts against a party while denying

the discovery — directed to facts within Appellees' exclusive control — that would test them denies that opportunity. El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996); see infra [§ Discovery].

The same inversion infected the ruling as to AA: the court found the certification occurred "in Fort Worth, not in the District," Dkt. 69 at 6, though the Complaint alleged submission to D.C.-based regulators as the operative situs and Appellants placed contrary evidence before the court, Dkt. 2- Dkt 54, Dkt 67 Resolving that disputed situs against Appellants, then denying the discovery to test it, repeats the deprivation.

Appellees' invitation to affirm "on any ground" cannot supply a merits affirmance the record will not bear. Their position is internally incoherent: they dispute the jurisdictional facts, oppose the discovery that would resolve them, declined to move on the merits below — Gulf Air expressly "preserv[ing]" its Rule 12(b)(6) defenses, Dkt. 43-1 at 1 n.1, and AA withdrawing its only such motion Dkt. 7 , Tr. 9:2–6, while neither argued Rule 8 — and now ask this Court to decide those merits in the first instance, on facts they refused to let anyone test. The "affirm on any ground" rule does not reach that far. It permits an appellee to urge any ground "appearing in the

record" to defend the judgment it obtained, not to enlarge it. United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924).

A court without personal jurisdiction has no power to adjudicate the merits, Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007); a personal-jurisdiction dismissal "makes no assumption of law-declaring power," Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584–85 (1999), and a merits judgment entered without that power is "the same thing as an advisory opinion," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). That prohibition applies a fortiori here: the district court did not merely assume jurisdiction it doubted but reached pleading sufficiency "[e]ven assuming" a personal jurisdiction it had expressly found absent. Order at 6–7. This Court "is a court of review, not of first view," Cutter v. Wilkinson, 544 U.S. 709, 718 n.7 (2005), and should decline to make, in the first instance, a merits ruling the court below had no power to enter.

No opportunity to cure was afforded. Leave to amend is governed by Rule 15(a)(2)'s command to "freely give leave when justice so requires," and an "outright refusal" of leave "without any justifying reason" is "not an exercise of discretion; it is merely abuse of that discretion." Foman v. Davis, 371 U.S.

178, 182 (1962). The Order rested on none of Foman's justifying grounds —
no bad faith, no undue delay, and no futility. Nor could futility apply:
amendment is futile only where the proposed pleading could not survive, a
substantive and incurable defect, not where the fault lies in form. The court's
sole fault was form — pleadings "long, repetitive, disorganized, and difficult
to follow," Dkt. 69 at 2 — curable by repleading. Ciralsky v. CIA, 355 F.3d
661, 670 (D.C. Cir. 2004). That a shorter, reorganized complaint would cure
the only flaw identified is the antithesis of futility, the more so for pro se
filings held to "less stringent standards." Erickson v. Pardus, 551 U.S. 89, 94
(2007).

Appellants' single prior amendment does not exhaust that standard. That
amendment was made as of right and to add a Plaintiff, before any motion to
dismiss was submitted, and at a time when no court had suggested the
complaint was deficient , not a failed attempt to cure an identified defect.
The "repeated failure to cure deficiencies by amendments previously
allowed" that can justify denial, Foman, 371 U.S. at 182, presupposes a
deficiency identified and a chance to cure it given. The District Court faulted
the complaint's organization for the first time in the order dismissing it — no
prior notice, no opportunity to replead.

Gulf Air's premise is wrong on the record. Appellants requested leave to correct before dismissal in the Complaint and their filings below, Dkt. 2 ; Dkt. 47-1 at 36; Gulf Air's contention that they never moved, Gulf Air Br. 24–26 is mistaken in fact, not merely contested in law.

Gulf Air's reliance on Ciralsky inverts the record. There, the plaintiff was warned of the defect and forfeited the limitations issue by raising it only after judgment. 355 F.3d at 671, 673. Here the dismissal was sua sponte and unannounced — entered without the merits stage the court had promised — so Appellants had no occasion to raise limitations, to guard against the dismissal's preclusive effect, or to seek leave to cure before a ruling they had no reason to anticipate. Forfeiture presupposes a foregone opportunity; there was none to forego.

### 4.Jurisdiction Before Merits

The district court set the sequence itself: ***"I don't need a briefing on the 12(b)(6) at this point, just jurisdiction for now. If I find that they have jurisdiction, I'll let you file a 12(b)(6) later."*** Tr. 11:14–17 . It then did the opposite — holding jurisdiction lacking, Dkt. 69 at 6, yet ruling on the pleadings "[e]ven assuming" jurisdiction existed, id. at 7. That is hypothetical jurisdiction, and *Steel Co.* forbids it: a court that finds personal jurisdiction absent may not adjudicate the merits, even in the alternative. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101

(1998); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999). Calling the ruling "**alternative**" does not save it; the vice is not the label but the power, and a court without jurisdiction has no law-declaring power, principal or alternative. Appellees do not engage this rule. Disputed jurisdiction is unresolved jurisdiction. An unresolved jurisdictional predicate forecloses any merits ruling — by the district court or by this Court on review. The panel's own scheduling order confirms the sequence: personal jurisdiction "and, if so," whether the Complaint states a claim. That conditional is not satisfied. The "if so" cannot be answered before the "if."

## 5.APPELLEE AMERICAN AIRLINES BRIEF "AA"

AA's brief reports that the court "granted American Airlines' Motion to Dismiss," AA Br. 4, without disclosing that the Order granted the withdrawn Dkt. 7 the very motion from which the Order drew its codeshare definition, Order at 2 n.2. A dismissal cannot rest on a motion no longer before the court.

AA argues the merits at length, some exact wording from withdrawn Dkt. 7 — the only motion raising them — Tr. 9:2–5 , leaving Dkt. 42's jurisdiction-only motion live. AA raises them for the first time on appeal. Any pleading shortfall is curable, not a merits defeat; AA does not argue futility. *Ciralsky*, 355 F.3d 661, 668–69. Jurisdiction unresolved — the merits cannot be reached. Same with Gulf Air, no live motions for 12(b)6 or Rule 8

**6. The Dismissal of American Inverted the Prima Facie Standard, Skipped the Long-Arm Analysis, and Ignored the Contact at the Center of the Case**

The court resolved the dispositive jurisdictional facts against Appellants on counsel's representations, without the evidentiary record the prima facie standard requires, Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005) — crediting AA's "prepared in Fort Worth" assertion (attorney argument, no declaration) over Appellants' pleaded and documented showing that the certifications were submitted to, and signed in, the District. Am. Compl. ¶¶ 526, 530; Dkt. 54-1 (Ex. 10). It then skipped the threshold step its own opinion required, examining the long-arm statute for Gulf Air but not AA, Order 4–6 — never analyzing § 13-423(a)(1) or (a)(2). GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Had it applied that test, AA's contacts — the codeshare administered and sold through its District operations, its D.C. registration, and its Regulatory Affairs office — were sufficient on a prima facie record, yet the court weighed none of them, Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999), and excluded the one contact it acknowledged as a "government contact." That was legal error: jurisdiction turns on where AA acted, not where injury was felt, Walden v. Fiore, 571 U.S. 277, 284–86 (2014); the doctrine shields petitioning, not AA's commercial codeshare; and the fraud exception, never addressed, removes an allegedly false certification from its protection. These facts lie in AA's exclusive

control and require the discovery the court denied as "speculation." El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996).

The Government- contact doctrine also does not reach this conduct, and the court never asked whether it should. It is grounded in the First Amendment right to petition the federal government; it shields genuine petitioning, not commercial conduct, and not fraud — which the First Amendment does not protect. Rose v. Silver, 394 A.2d 1368 (D.C. 1978). The court invoked the doctrine without addressing whether AA's certifications were protected petitioning at all. They were not: a false certification submitted to the FAA is not petitioning activity, and the fraud exception removes it from the doctrine's protection. Companhia Brasileira Carbureto de Calcio v. Applied Indus. Materials Corp., 35 A.3d 1127, 1134 (D.C. 2012 which was never analyzed.

Appellants cannot know from outside AA's records which office prepared and submitted the certifications or which officers signed them. The standard thus requires only a "good faith belief that reasonable discovery could supplement [the] jurisdictional allegations" — the test the court itself recited. *Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023); Order at 7.

### 7. AA's FOOTNOTES

**A. AA Footnote 1** defines codeshare as a "marketing arrangement," drawn from a footnote in an unpublished, out-of-circuit magistrate decision in an unrelated injury case (citing *Rehman v. Etihad Airways*, 2019 WL 12095414, at *7 n.7 (M.D. Pa. 2019)). The Amended Complaint pleads the opposite — a DOT- and FAA-regulated safety undertaking in the interest of the public, "not a mere branding or marketing arrangement." The district court adopted AA definition not from the pleading but from American's withdrawn Dkt. 7. Order at 2 n.2 (quoting "Dkt. 7 at 4"). On a Rule 12(b)(2) motion the pleaded version controls; a generic footnote from an unrelated case cannot displace it, and this Court cannot resolve the contest on a cold record. *Mwani*, 417 F.3d at 7; *El-Fadl*, 75 F.3d at 676.

**2. AA's Second footnote** concedes it "disputes many of the facts asserted in the Plaintiffs' pleadings." AA Br. 1 n.1. That concession is dispositive of the standard. The findings that decided the case were not the pleaded facts but AA's own contested assertions — the "marketing" codeshare (from withdrawn Dkt. 7, Order at 2 n.2), the audit "in Bahrain," and the certifications "in Fort Worth" (both from American's motion, Order at 6). American disputed the pleaded facts, prevailed on its own, opposed the discovery that would test them, and now asks this Court to affirm them on a cold record. But disputed facts on a Rule 12(b)(2) motion "must be resolved in the plaintiff's favor" — as the court itself recited, Order at 3 — not

credited to the movant. A record American sealed and refused to open cannot be resolved against Appellants for the first time on appeal. *Mwani*, 417 F.3d at 7; *El-Fadl*, 75 F.3d at 676.

### 3. Footnote 3 The "Fort Worth" Finding Inverted the Pleading and the Record

Appellants pleaded that AA "electronically submit[ted]" the certifications "to the FAA in Washington, D.C." Am. Compl. ¶¶ 526, 530. The operative act is the submission to Washington; Fort Worth is where AA sits, not where it directed the certification. Appellants' own filings confirm it: the certifications were executed and submitted through AA's Washington office, signed by its D.C.-based counsel and Regulatory Affairs officers. Dkt. 54-1 (Ex. 10). The court nonetheless found AA certified "in Fort Worth, not in the District," Order 6 — drawn not from the pleading or the exhibits but from American's own motion, Dkt. 42. On a Rule 12(b)(2) motion the court was required to credit the pleaded allegation and the supporting record and resolve disputes for Appellants; it did the opposite, adopting the movant's unsworn characterization over the documentary record. Order 3.

### 8. Personal Jurisdiction Over American Airlines

The record makes a prima facie showing on each prong, and on that standard the disputes resolve in Appellants' favor. Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005).

**A. Transacting business.** That codeshare business satisfies the "transacting any business" prong, which reaches the limit of due process. D.C. Code § 13-423(a)(1); Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981) (en banc).

**B. Nexus.** Appellants' codeshare-safety claims bear the "discernible relationship" to that same codeshare business that § 13-423(b) requires; no causal link to the death abroad is needed. Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 335 (D.C. 2000) (en banc).

**C. Due process.** These are Appellees own deliberate contacts — "exploiting a market in the forum State [and] entering a contractual relationship centered there." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021). Appelles thus "should reasonably [have] anticipate[d] being haled into court" in the District, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985), and bore the burden to show jurisdiction would nonetheless be unreasonable — a showing it never attempted.

**D. The disputes resolve for Appellants, or go to discovery.** AA does not deny these facts; it disputes only their characterization. AA Br. 1 n.1. A competing characterization does not defeat a prima facie showing on a paper record. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). And the court never weighed these commercial contacts — it addressed only the FAA's receipt of the

certifications. Where a defendant disputes the scope of contacts whose proof lies in its own files, the plaintiff is entitled to discovery, not dismissal. El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996)

## 9. GULF AIR  Declaration Vs Appellants' Evidence & Affidavit

Gulf Air's brief leans on the Ismaeel Declaration, Dkt. 43-2, as though its averments were settled fact. They were not settled below and cannot be credited here: Appellants met the declaration with a contrary sworn § 1746 affidavit, Dkt. 47-2, and moved to strike it with exhibits, Dkt. 47. Appellants also moved for jurisdictional discovery to test the declaration, Dkts. 54, 55. A declaration met with a contrary sworn affidavit, moved against, and the subject of an unanswered discovery request is not the uncontradicted record Gulf Air treats it as — in the district court or in this Court.

## 10. Appellees' Statement at March 28 Preconference "No Presence" Premise Was Never Verified, Then Became the Finding

i.   The Amended Complaint pleaded the opposite of the premise the dismissal rests on — that Gulf Air is registered in New York and has a Washington, D.C. agent. Compl. ¶ 5.

ii.  The "no presence" premise entered the case orally, from counsel: asked "you don't have a U.S. presence?", counsel answered "Currently that's correct." Tr.

4:2–4. The court itself doubted it — "Gulf Air would be difficult to sue anywhere in the U.S.... Although, I can't say that for sure." Tr. 4:5–7.

iii. Appellants disputed it on the spot and asked to prove jurisdiction; the court answered, "Yes, of course." Tr. 4:20–5:8.

iv. Gulf Air then reduced the oral premise to a declaration denying any U.S. or District business. Ismaeel Decl. ¶¶ 12–14. It did not stand uncontradicted: Appellants moved to strike it with exhibits, Dkt. 47; identified Gulf Air's codeshare sales, DOT/FAA filings, and revenue, Dkt. 55 at 16, 21–22; and pleaded contrary facts, Compl. ¶ 5.

v. The declaration also contradicts itself — denying District contacts, ¶¶ 13–14, while conceding a DOT permit, New York registration, and expanding U.S. authority, ¶¶ 8–11. These are documentary conflicts, not unsupported allegations.

vi. The court nonetheless adopted the declaration as standing "without contradiction," Order 5, though it had recited two pages earlier that disputes "must be resolved in the plaintiff's favor." Order 3 (citing Crane, 894 F.2d at 456). The uncertain oral premise of March 28 — which the court could not "say for sure" — became the dispositive finding of August 5, resolved against the complaint, the strike motion, the discovery record, and Gulf Air's own admissions. On a prima facie record those conflicts had to be resolved

for Appellants. El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996).

## 11. PERSONAL JURISDICTION OVER GULF AIR

Personal jurisdiction over a nonresident defendant requires two distinct showings: that service of process was properly made, and that the exercise of jurisdiction comports with due process — whether through the defendant's consent or through its contacts with the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A.  Service Was Authorized by Statute and Properly Made

Gulf Air was served on four independent grounds:

i. On Gulf Air's  Registered agent designated ( Same Law Firm Representing them now )

ii. On the agent Gulf Air was required to maintain under its DOT foreign-air-carrier order. DOT Order 2023-4-16; Dkt. 55 at 11–12.

iii.  Gulf Air designated an agent under 49 U.S.C. § 46103 to receive the process, and Appellants served that designated agent.

iv. To the extent Gulf Air is deemed not subject to jurisdiction in any single state, Appellants additionally invoked Rule 4(k)(2) below on the federal-law bases pleaded in the Amended Complaint

v.    Under the D.C. long-arm statute, D.C. Code § 13-423 (via § 13-424).

The district court did not dismiss for insufficient service, and Gulf Air's bare assertion to the contrary is unsupported.

## B. Consent

Personal jurisdiction "represents first of all an individual right" and may be conferred by the defendant's consent, without any minimum-contacts showing. Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982); Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 134 (2023) (consent is an independent basis to which the International Shoe contacts framework does not apply). Because consent independently satisfies due process, the Court need not reach the minimum-contacts analysis. Gulf Air consented on the following grounds:

i.    DOT permit condition — its foreign-air-carrier order conditions U.S. operating authority on consent to suit for operations within the order's terms. [Dkt. 55 ]

ii.   Acceptance of the permit — by operating under it, Gulf Air accepted that condition for operations whose contract of carriage includes a United States point. [Dkt. 55 ]

iii.  § 46103 agent designation — Gulf Air designated an agent for service of process in the United States.

Gulf Air's contrary assertion — that the flight was "not conducted under" the DOT permit, Ismaeel Decl. ¶¶ 21–22 — is a contested characterization that does not stand on a prima facie record, where the dispute is resolved in Appellants' favor. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).

## 12 The D.C. Long-Arm Statute — Transacting Business

The business Gulf Air transacts is its codeshare carriage, not its DOT filings. Barred from operating its own aircraft to the United States, Gulf Air reaches this market solely through codeshare arrangements with U.S. carriers — its only lawful means of U.S. access. Ismaeel Decl. ¶ 9. Gulf Air sells that carriage into the District through American as its codeshare partner, which markets and sells Gulf Air's carriage on through-ticketed itineraries, including service to a United States point (JFK, DCA, IAD ). Dkt. 55 . That is purposeful, forum-directed commercial activity — "a deliberate and voluntary association with the forum," Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981) (en banc) — not the fortuitous contact COMSAT rejected. COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 520–21 (D.D.C. 1995).

Gulf Air's showing that it has no offices, employees, or own-aircraft operations here, Ismaeel Decl. ¶¶ 12–14, addresses only physical presence, which § 13-423(a)(1) does not require. It does not answer the codeshare carriage Gulf Air

sells into the forum. Disputed facts as Gulf Air has offices in NY and LA. Gulf Air does not deny transacting this business; it argues only that the claims "do not arise from" it, Gulf Air Br. 10, resting that nexus point on its assertion that the flight was "not conducted under the Permit," Ismaeel Decl. ¶¶ 21–22. That is a contested characterization the prima facie standard required resolved in Appellants' favor, Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990), and a fact within Gulf Air's exclusive control — squarely the subject of the jurisdictional discovery the court denied. El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996). At a minimum, these disputed facts — the scope of Gulf Air's codeshare business in the District and whether the operation fell within it — entitled Appellants to the targeted jurisdictional discovery they sought, which the court denied as "speculation." The request was not speculative: Appellants identified specific codeshare revenue, D.C. ticket-sale data, and codeshare agreements, [Dkt. 55  facts within Gulf Air's control that bear directly on the transacting-business analysis. Denying discovery while resolving those facts against Appellants was an abuse of discretion. Lewis v. Mutond, 62 F.4th 587, 596 (D.C. Cir. 2023).

Gulf Air's reliance on COMSAT underscores the point rather than refuting it: COMSAT found no jurisdiction over a Monaco firm whose only contact was passively forwarding invoices. COMSAT Corp. v. Finshipyards S.A.M., 900 F.

Supp. 515, 520–21 (D.D.C. 1995). Gulf Air's conduct is the opposite —

affirmatively building a codeshare distribution network with U.S. carriers and

deriving revenue from it: "a deliberate and voluntary association with the forum,"

Mouzavires, 434 A.2d at 992, not the fortuitous contact COMSAT rejected.

Gulf Air presses Rule 12(b)(6) merits grounds, Gulf Air Br. 17–24, on a record that

supports none. It never moved under Rule 12(b)(6) — "specifically preserv[ing]"

those defenses, Dkt. 43-1 at 1 n.1 — and never moved under Rule 8; the Rule 8

dismissal was the court's own. There is thus no merits ruling as to Gulf Air to

affirm. Worse, Gulf Air's merits arguments rest on its own declaration — that the

flight was "not conducted under the Permit," Ismaeel Decl. ¶¶ 21–22, and similar

contested assertions — treating disputed facts as settled. On a Rule 12(b)(6)

inquiry confined to the face of the complaint, a defendant's declaration has no

place, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); and on the prima facie

jurisdictional record, those disputes must be resolved for Appellants, not credited

for Gulf Air.

### 13. All Claims Arise From District Conduct — Not From a Single Certification or the Death Abroad

Both appellees recast this case as a foreign death and a single certification. It

is neither. Appellants' claims arise from the same District-centered codeshare

— which American sells, markets, and administers through its District

offices, and which is Gulf Air's only lawful means of U.S. access — together with the certifications submitted to, and the approvals sought from, federal regulators in Washington. Appellants allege these acts shared a common purpose: to obtain and protect the codeshare and DOT operating authority pending in the District. So alleged, every claim relates to District-directed conduct — the relatedness specific jurisdiction requires. Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 362 (2021); The claims are therefore not confined to the certification, the audit, or the death. The negligence claims rest on each appellee's broader District-directed conduct administering and certifying the codeshare; the fraud claims turn on the submission to the FAA in Washington, complete only on submission, Walden v. Fiore, 571 U.S. 277, 284–85 (2014); and the survivors' own claims relate to the same concealment undertaken to protect that District-pending authority. Each need only bear a "discernible relationship" to that District business — no causal link to the death abroad is required — and on the papers the showing is prima facie, with disputes resolved for Appellants. § 13-423(b); Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 335 (D.C. 2000) (en banc); Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).

## 14. GULF AIR's "STANDING" & Mischaritizing The Claims

Gulf Air's standing objection — that Appellants' claims are survival claims only a personal representative may bring — was never reached by the district court, which dismissed for lack of personal jurisdiction alone; this Court need not reach it either. What Gulf Air frames as "standing" is, as to the statutes, a merits question of whether a cause of action lies, not a jurisdictional bar. Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 128 n.4 (2014). And Article III standing is plainly satisfied: Appellants plead their own concrete injuries — not the decedent's — which a favorable judgment would redress. That is also why the premise fails: only the wrongful-death claim, brought by one Plaintiff Samiha Ayyash, turns on representative capacity; the remaining claims are the living Appellants' own — their emotional-distress injuries, the fraud practiced on Feras, and Gulf Air's post-death concealment from the family — none a claim the decedent could ever have held. As to the wrongful-death claim, any capacity question is curable by substitution, not a ground for the with-prejudice affirmance Gulf Air seeks.

## 15. Denial of DIscovery  Was Abuse Of Discretion

Appellants still submitted evidence to support their Prima Facie. The court resolved the contested facts against Appellants on AA's motion, Order at 6 (citing

Dkt. 42), then denied discovery because those facts could not be supplemented, Order at 7 — the circularity this Court condemns: a defendant may not "defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl*, 75 F.3d at 676.

Appellants' request was specific, not speculative. They identified Aa's District offices at 1101 and 1200 17th Street NW, the senior officers stationed there to administer the codeshare, the DOT docket reflecting filings from those offices (OST-2008-0195), and the framework requiring submission to FAA AFS-50 in Washington (14 C.F.R. Part 212). Dkt. 54-1 . The court denied discovery without addressing any of it. Order at 7.

## 16. JURISDICTION OVER BOTH APPELLEES COMPORTS WITH DUE PROCESS

Due process requires "minimum contacts" reflecting a "deliberate and voluntary association with the forum," not contact "fortuitous or accidental." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981) (en banc). The codeshare is that association: both Appellees chose it as the commercial vehicle to reach the U.S. market and profit from it. Having availed themselves of the forum for profit, neither may take its benefits while disclaiming its burdens, and both could "reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473–76

(1985). Appellees cannot carry their burden of showing jurisdiction "so unreasonable as to violate due process." Id. at 476–77. The burden of litigating here is modest for carriers represented by U.S. counsel; Appellants' residency does not defeat the District's interest in conduct directed at its own regulators; and the relevant record sits in the forum.

Notice is satisfied: both Appellees were served, appeared through counsel, and litigated the motion to dismiss. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Both components of due process being met, jurisdiction comports with due process.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court **Reverse** the dismissal for lack of personal jurisdiction as to both American and Gulf Air, and **remand** for the jurisdictional discovery the district court denied; **Vacate** the alternative Rule 8(a)(2) ruling, which the court entered; **Vacate** the grant of American's Dkt. 7, which American withdrew on the record, Tr. 9:2–6, and on which the court nonetheless rested both its codeshare characterization, Order at 2 n.2, and its dismissal, Order at 1, 8; **Remand** for further proceedings, including any amendment of the complaint, to be addressed by the district court in the first instance once jurisdiction is established; **and grant such other and further relief as the Court deems just and proper**

In the alternative, should this Court conclude that personal jurisdiction cannot be sustained or developed, Appellants request transfer under 28 U.S.C. § 1631 rather than dismissal.

Dated: June 16  2026

Tala Josephano / Pro Se Appellant

*Tj*

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980

Feras Hindi / Pro Se Appellant

*F.H*

Feras Hindi

7823 New London Drive

Springfield, VA 22153

(703)980-6955

Samiha Ayyash / Pro Se Appellant

*S.A*

Samiha Ayyash

#6 Abu Nsair Karmeh Street,

Jubaiha Amman Jordan 11937

(703)623-3767

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,**

**TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

Appellants hereby certify, on June 16 2026, that:

1.  This document complies with the word limit because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains **5890** words.

2.  This document complies with the typeface requirements because this document was prepared in a proportionally spaced typeface using Doc word in a 14-point Times New Roman font.

Dated: June 16 2026

Tala Josephano / Pro Se Appellant

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980

Feras Hindi / Pro Se Appellant

Feras Hindi

7823 New London Drive

Springfield, VA 22153

(703)980-6955

Samiha Ayyash / Pro Se Appellant

Samiha Ayyash

#6 Abu Nsair Karmeh Street,

Jubaiha Amman Jordan 11937

(703)623-3767

## CERTIFICATE OF SERVICE

We hereby certify that on June 16, 2026, We served a copy of the foregoing document by email on counsel of record for Appellees

-Micah Ticatch, IslerDare PC 1945 Old Gallows Road, Suite 650 Vienna, VA 22182 Email : Mticatch@islerdare.com

-Mark A. Johnston, Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Avenue, N.W., Suite 1200 Washington, DC 20006 Email : Mjohnston@eckertseamans.com

Date : June 16 2026

Respectfully submitted

Pro Se Appellants
Tala Josephano

Tala Josephano, Pro Se
1876 PCH
Lomita, CA 90717
(347)749-4980

Feras Hindi

*F.H*

Feras Hindi, Pro Se

7823 New London Drive

Springfield, VA 22153

(703)980-6955


*S.A*


Samiha Ayyash

#6 Abu Nsair Karmeh Street,

Jubaiha Amman Jordan 11937

(703)623-3767