NOT YET SCHEDULED FOR ORAL ARGUMENT

# United States Court of Appeals for the District of Columbia Circuit

**No. 25-7123**

SAMIHA AYYASH; FERAS HINDI; TALA JOSEPHANO,

*Plaintiffs-Appellants,*

*v.*

AMERICAN AIRLINES, INC.; GULF AIR B.S.C.,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the District of Columbia in No. 1:24-cv-03434-ACR, Ana C. Reyes, U.S. District Judge.*

# BRIEF FOR DEFENDANT-APPELLEE GULF AIR B.S.C.

MARK A. JOHNSTON
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006
(202) 659-6600
mjohnston@eckertseamans.com

*Counsel for Defendant-Appellee Gulf Air B.S.C.*

August 21, 2026

COUNSEL PRESS
A Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (393391)

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A. Parties.**

Plaintiffs below were Samiha Ayyash, Feras Hindi, and Tala Josephano. All plaintiffs are Appellants before this Court.

Gulf Air B.S.C. (c) ("Gulf Air") was a defendant below and is an Appellee before this Court. Gulf Air, a Bahraini corporation, is the national flag air carrier of the Kingdom of Bahrain. American Airlines, Inc., a U.S. airline, was a defendant below and is an Appellee before this Court.

**B. Rulings.**

The ruling under review is the Order of the United States District Court for the District of Columbia, per the Hon. Ana C. Reyes, entered August 5, 2025 (R. 24–31), granting Defendants' Motions to Dismiss (R. 160, 385, and 397), denying Plaintiffs' motions (R. 485, 493, 621, 650, 803, 828, and 852), and dismissing Plaintiffs' Complaints.

The lower court's decision is not yet published.

**C. Related Cases.**

None.

# DISCLOSURE STATEMENT

Pursuant to Circuit Rule 26.1, Gulf Air makes the following disclosures:

Gulf Air is 100% owned by Gulf Air Group Holding B.S.C. (c). Gulf Air Group Holding B.S.C. (c) is not a publicly held corporation.

Dated: August 21, 2026
Washington, D.C.

*/s/ Mark A. Johnston*

Mark A. Johnston, Esq.

*Counsel for Defendant-Appellee*
*Gulf Air B.S.C. (c)*

# TABLE OF CONTENTS


**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES .............i

DISCLOSURE STATEMENT ................................................................ ii

TABLE OF AUTHORITIES ....................................................................v

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES.............................................................1

STATUTES AND REGULATIONS........................................................1

STATEMENT OF THE CASE................................................................2

A. Background ..............................................................................2

B. Procedural History.....................................................................3

SUMMARY OF ARGUMENT ...............................................................6

ARGUMENT .........................................................................................9

I. THE DISTRICT COURT CORRECTLY DETERMINED THAT IT LACKED PERSONAL JURISDICTION OVER GULF AIR AND JURISDICTIONAL DISCOVERY WAS FUTILE ...............................................................................9

A. Standard of Review.........................................................9

B. The District Court Lacked Specific Personal Jurisdiction Over Gulf Air ...............................................9

C. The District Court did not Abuse its Discretion in Denying Plaintiffs' Request for Jurisdictional Discovery ..............................................................14

II. THE DISTRICT COURT CORRECTLY DETERMINED THAT THE COMPLAINT FAILED TO STATE A CLAIM ............15

A. Standard of Review.......................................................15

B. The District Court Correctly Found that the Complaint Failed to Comply with Rule 8, and it was within its Discretion to Dismiss the Complaint without Prejudice...........16

C. Plaintiffs Lacked Standing to Assert Wrongful Death and Survival Claims Against Gulf Air ........ 17

D. Plaintiffs Failed to State Claims for Negligence and Negligence Per Se ........ 20

E. Plaintiffs' Breach of Fiduciary Duty Claim Fails ........ 22

F. Plaintiffs' Fraud Based Claims Fail ........ 22

G. Plaintiffs' Emotional Distress Claims Fail ........ 23

III. PLAINTIFFS NEVER MOVED FOR LEAVE TO AMEND THEIR COMPLAINT, AND IT WAS NOT AN ABUSE OF DISCRETION FOR THE DISTRICT COURT NOT TO HAVE AFFORDED SUCH LEAVE SUA SPONTE ........ 25

A. Standard of Review ........ 25

B. Plaintiffs Never Moved for Leave to Amend ........ 25

IV. THE DISTRICT COURT DID NOT DEPRIVE PLAINTIFFS OF THEIR DUE PROCESS RIGHTS ........ 28

A. Standard of Review ........ 28

B. Plaintiffs were Not Deprived of their Due Process Rights by the District Court's Docket Management Decisions ........ 28

CONCLUSION ........ 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Bancoult v. McNamara*,
214 F.R.D. 5 (D.D.C. 2003)....................14

*Bastin v. Fed. Nat'l Mortg. Ass'n*,
104 F.3d 1392 (D.C. Cir. 1997)....................14

*Brown v. Califano*,
75 F.R.D. 497 (D.D.C. 1977)....................15

*Buck v. Am. Airlines, Inc.*,
476 F.3d 29 (1st Cir. 2007)....................22

*Carswell v. Air Line Pilots Ass'n, Int'l*,
540 F. Supp. 2d 107 (D.D.C. 2008)....................22

*Ciralsky v. C.I.A.*,
355 F.3d 661 (D.C. Cir. 2004).................... 16, 26, 27

*COMSAT Corp. v. Finshipyards S.A.M.*,
900 F. Supp. 515 (D.D.C. 1995)....................10

*Confederate Mem'l Ass'n, Inc., v. Hines*,
995 F.2d 295 (D.C. Cir. 1993)....................26

*Dietz v. Bouldin*,
579 U.S. 40 (2016)....................29

*Edmond v. U.S. Postal Serv. Gen. Couns.*,
949 F.2d 415 (D.C. Cir. 1991)....................14

*Essroc Cement Corp. v. CTI/D.C., Inc.*,
740 F. Supp. 2d 131 (D.D.C. 2010)....................23

*Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*,
693 F. Supp. 2d 4 (D.D.C. 2010)....................19

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000)....................14

*Gunn v. Minton*,
568 U.S. 251 (2013)....................12

*Hamrick v. United Nations*,
No. CIV.A.07-1616(RMC), 2007 WL 3054817
(D.D.C. Oct. 19, 2007) ........................................................................ 16, 17

*Hedgepeth v. Whitman Walker Clinic*,
22 A.3d 789 (D.C. 2011) ..........................................................................24

*Henson v. W.H.H. Trice and Co.*,
466 F.Supp.2d 187 (D.D.C. 2006)...............................................................18

*Hunter on behalf of A.H. v. District of Columbia*,
64 F.Supp.3d 158 (D.D.C. 2014)..................................................................21

*Huynh v. Air Canada*,
No. 1:24-CV-476-RCL, 2025 WL 522053 (D.D.C. Feb. 18, 2025)...............11, 15

*Iacangelo v. Georgetown Univ.*,
595 F. Supp. 2d 87 (D.D.C. 2009)...............................................................21

*In Re Sealed Case*,
77 F.4th 815 (D.C. Cir. 2023) .....................................................................28

*In re Westinghouse Sec. Litig.*,
90 F.3d 696 (3d Cir.1996)............................................................................16

*International Shoe v. Washington*,
326 U.S. 310 (1945) .....................................................................................9

*Jackson v. D.C.*,
No. 25-CV-00889 (DLF), 2026 WL 890452 (D.D.C. Mar. 31, 2026) .......... 18, 19

*Kowal v. MCI Commc'ns Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) ................................................................ 25, 26

*Kowalevicz v. United States*,
302 F. Supp. 3d 68 (D.D.C. 2018)...............................................................24

*Krukas v. AARP, Inc.*,
458 F. Supp. 3d 1 (D.D.C. 2020).................................................................22

*McKesson Corp. v. Islamic Republic of Iran*,
539 F.3d 485 (D.C. Cir. 2008) .....................................................................13

*Mouzavires v. Baxter*,
434 A.2d 988 (D.C. 1981) ..........................................................................10

*Perry v. Criss Brothers Iron Works*,
741 F. Supp. 985 (D.D.C. 1990) .......... 19

*Rollins v. Wackenhut Services, Inc.*,
703 F.3d 122 (D.C. Cir. 2012) .......... 25, 26

*Rong Yao Zhou v. Jennifer Mall Rest., Inc.*,
534 A.2d 1268 (D.C. 1987) .......... 21

*Roz Trading Ltd v. Zeromax Grp., Inc.*,
517 F. Supp. 2d 377 (D.D.C. 2007) .......... 14-15

*Samuels v. Safeway, Inc.*,
391 F. Supp. 3d 1 (D.D.C. 2019) .......... 21

*Saucier v. Countrywide Home Loans*,
64 A.3d 428 (D.C. 2013) .......... 23

*Schwartz v. CDI Japan, Ltd.*,
938 F. Supp. 1 (D.D.C. 1996) .......... 9

*Sere v. Group Hospitalization, Inc.*,
443 A.2d 33 (D.C. 1982) .......... 24, 25

*Strother v. District of Columbia*,
372 A.2d 1291 (D.C. 1977) .......... 18, 19

*United States ex rel. Kini v. Tata Consultancy Servs., Ltd.*,
146 F.4th 1184 (D.C. Cir. 2025) .......... 15, 17

*United States v. Emor*,
785 F.3d 671 (D.C. Cir. 2015) .......... 18

*Urquhart-Bradley v. Mobley*,
964 F.3d 36 (D.C. Cir. 2020) .......... 9

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 11

*William Loveland Coll. v. Distance Educ. Accreditation Comm'n*,
347 F. Supp. 3d 1 (D.D.C. 2018), *aff'd sub nom. William Loveland Coll. v. Distance Educ. Accrediting Comm'n*, 788 F. App'x 5 (D.C. Cir. 2019) .......... 20

**Statutes & Other Authorities:**

28 U.S.C. § 1332 ....................1
49 U.S.C. § 41713(b)(1) ....................22
D.C. Code § 12-101 ....................18
D.C. Code § 13-423(a)(1) .................... 6, 9, 10
D.C. Code § 16-2702 ....................19
DOT Order 87-8-8, 1987 WL 111215 .................... 12, 13
Fed. R. Civ. P. 4(k)(2) ....................6, 11, 12
Fed. R. Civ. P. 8 .................... 1, 7, 16, 17, 26
Fed. R. Civ. P. 8(a) ....................16
Fed. R. Civ. P. 8(a)(2) ....................16
Fed. R. Civ. P. 8(d)(1) ....................16
Fed. R. Civ. P. 8(e)(1) ....................16
Fed. R. Civ. P. 9(b) .................... 22, 23
Fed. R. Civ. P. 12(b)(1) ....................4
Fed. R. Civ. P. 12(b)(2) ....................4, 6
Fed. R. Civ. P. 12(b)(5) ....................4
Fed. R. Civ. P. 12(b)(6) .................... 4, 7, 17
Fed. R. Civ. P. 60 .................... 5, 25
Fed. R. Civ. P. 59(e) .................... 26, 27
Fed. R. Civ. P. 60(d)(3) ....................5
Fed. R. Civ. P. 73 ....................29
Local Rule of the District of Columbia District Court 7(i) ....................25
Local Rule of the District of Columbia District Court 15.1 ....................25
Convention for the Unification of Certain Rules for International Carriage
by Air, Art. 17, 18 & 19, May 28, 1999, S. Treaty Doc. 106-45,
2242 U.N.T.S. 309 ....................13

## JURISDICTIONAL STATEMENT

The sole basis for subject matter jurisdiction asserted in the Amended Complaint ("Complaint") is diversity jurisdiction under 28 U.S.C. § 1332.

Gulf Air adopts the remaining statements in Appellants' Jurisdictional Statement.

## STATEMENT OF THE ISSUES

1. Whether the District Court erred by concluding that it lacked personal jurisdiction over Gulf Air and dismissing the Complaint against Gulf Air.

2. Whether the District Court erred by denying Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery when the information sought was irrelevant to the District Court's jurisdictional analysis.

3. Whether the District Court erred by finding, in the alternative, that Plaintiffs' 118-page 693-paragraph Complaint was subject to dismissal, without prejudice, under Rule 8.

4. Whether the District Court abused its discretion by denying Plaintiffs' meritless and conspiratorial motions and not allowing Plaintiffs to amend their Complaint a second time where Plaintiffs filed no motion for leave to amend.

## STATUTES AND REGULATIONS

Pertinent statutes, regulations, and other materials are set forth in the addendum to this brief.

## STATEMENT OF THE CASE

### A. Background.

This case *never* should have been filed in the District of Columbia. Plaintiffs have no connection to the forum, Gulf Air is a foreign airline that does not fly to D.C., and the events giving rise to the Complaint *all* occurred abroad. Indeed, the only nexus to D.C. is that it is the forum in which Plaintiffs chose to file.

Gulf Air's corporate status and operations further underscore the absence of any meaningful connection to D.C. Gulf Air is a Bahraini corporation and the national flag carrier of the Kingdom of Bahrain. Declaration of Captain Qasim Ghuloom Ismaeel ("Ismaeel Dec.") (R. 429–30, ¶¶ 4–5.)

On December 5, 2022, Gulf Air applied for a foreign air carrier permit ("Permit") and exemption authority with the U.S. Department of Transportation ("DOT"). DOT granted the exemption request and on February 22, 2023, issued Gulf Air a Permit. (R. 430–31, ¶ 9.) Per DOT's Final Order, Gulf Air was authorized to conduct operations only "through a code-share or wet-lease arrangement with a duly authorized and properly supervised U.S. or foreign air carrier, where Gulf Air is not physically operating the flight to and from the United States." (*Id.*) This is a standard condition placed on foreign air carriers when their home country has not achieved a Category 1 (in compliance with ICAO safety standards) rating under the Federal Aviation Administration's ("FAA") International Aviation Safety Assessment

("IASA") program. (*Id.*) Gulf Air's Permit was issued on February 22, 2023, and subsequently served by DOT Order 2023-4-16. (*Id.*)

On December 4, 2024, Gulf Air applied for an exemption and amended Permit. (R. 431, ¶ 11.) On January 30, 2025, DOT granted Gulf Air exemption authority to conduct operations to/from the United States using its own aircraft and tentatively granted Gulf Air an amended Permit. (*Id.*) Notwithstanding, Gulf Air did not operate scheduled flights to/from the U.S. using its own aircraft and crews. (*Id.* ¶ 12.)

From February 18, 2005, until the time of his death, Decedent was employed by Gulf Air as a pilot. (R. 432, ¶ 18.) On December 14, 2022, Decedent operated a flight from Bahrain to Bangladesh. Decedent had a layover in Bangladesh and was scheduled to operate a return flight from Bangladesh to Bahrain. Neither flight was operated under DOT authority. (R. 432–33, ¶¶ 21–22.)

Sometime after arriving at the airport in Dhaka and prior to the departure of the return flight, the Decedent "became incapacitated" and was taken to a hospital for treatment. Compl. (R. 41, ¶ 4.) Unfortunately, the Decedent passed away eight hours later due to a 99% blockage of his left coronary artery. (*Id.*)

### B. Procedural History.

Plaintiffs filed their original Complaint on December 10, 2024, and subsequently filed an Amended Complaint ("Complaint") on December 31, 2024

(R. 32). The Complaint, liberally construed, asserted various claims against Gulf Air including negligence and/or breaches of duty, intentional and negligent infliction of emotional distress, and fraud. (R. 40, 46, 138–39, 141, 143–46, 148–49.)

Despite not having been properly served, in accordance with Paragraph 7(f) of the District Court's Standing Order In Civil Cases Before Judge Reyes ("Standing Order"), Gulf Air timely filed its Request to Schedule Pre-Motion Conference on its anticipated Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). (R. 184.) American Airlines filed a similar request. (R. 189.) The District Court held a Pre-Motion Conference on March 28, 2025, at which time Judge Reyes ordered that Defendants' motions would be limited to jurisdictional defenses. March 28, 2025 Hearing Tr. (R. 963 at 11:14-17.) Gulf Air timely filed its Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss") on April 18, 2025 (R. 397.)

Starting on February 24, 2025, Plaintiffs began filing numerous meritless motions, including multiple motions for default against Defendants; motions to strike; motions for protective orders against non-party, foreign actors; and motions to stay. (*See, e.g.*, R. 193, 203, 215, 223, 254, 275, 281, 322, 338, 354, 485, 621, 828.) Many of those filings, which Plaintiffs attempt to raise on appeal, were replete with wholly unsupported conspiracy theories and inflammatory rhetoric directed at the District Court and court personnel.

Plaintiffs, however, did not file a substantive response to Gulf Air's Motion to Dismiss. Instead, Plaintiffs filed a Motion for Leave to Conduct Jurisdictional Discovery. (R. 803.) Gulf Air opposed the request because Plaintiffs failed to meet their burden to justify subjecting Gulf Air to invasive and burdensome discovery completely irrelevant to the District Court's jurisdictional analysis. (R. 882.)

On August 5, 2025, the District Court entered an Order granting Gulf Air's Motion to Dismiss and denying eight of Plaintiffs' pending motions, including their requests for jurisdictional discovery. *See* August 5, 2025 Order ("Final Order") (R. 24–31.) Plaintiffs then filed a Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(d)(3) ("Rule 60 Motion") in which they asserted that Judge Reyes, courtroom staff, and the Clerk's office had committed "fraud on the court." (R. 14.)

The District Court appropriately dismissed the Complaint. Exercising personal jurisdiction over Gulf Air on the facts in the record would stretch the sacrosanct doctrine of personal jurisdiction far beyond its statutory and constitutional limits. Final Order (R. 28–29.) The Court should affirm.

## SUMMARY OF ARGUMENT

The District Court correctly dismissed the Complaint against Gulf Air under Rule 12(b)(2) for lack of personal jurisdiction. There is no meaningful connection to D.C. – Gulf Air is a foreign airline, Plaintiffs are not D.C. residents, and the events underlying their claims occurred abroad.

Plaintiffs concede that there is no general jurisdiction over Gulf Air, a Bahraini airline. Instead, Plaintiffs argue that the exercise of specific jurisdiction over Gulf Air is authorized under the "transacting business" prong of the D.C. Long Arm Statute, D.C. Code § 13–423(a)(1), based on its various "submissions" and "applications" to DOT. However, the filings at issue do not give rise to Plaintiffs' claims. Thus, the required connection between Gulf Air, D.C., and the litigation is lacking, rendering the exercise of personal jurisdiction over Gulf Air incompatible with due process.

Plaintiffs' additional arguments in support of their contention that the District Court erred by granting Gulf Air's Motion to Dismiss are equally unavailing. Rule 4(k)(2) does not apply and cannot confer jurisdiction over Gulf Air because Plaintiffs' claims do not arise under federal law. Further, the conditions under which DOT requires carriers to waive sovereign immunity are not applicable to this case. Thus, Gulf Air did not consent to the District Court's exercise of personal jurisdiction over it.

Further, denying Plaintiffs' request for jurisdictional discovery was not an abuse of discretion. Plaintiffs failed to demonstrate that their jurisdictional allegations against Gulf Air could be supplemented through discovery, and the information sought was not pertinent to the District Court's jurisdictional analysis.

The District Court also acted well within its discretion in finding that, in the alternative, Plaintiffs' pleading was subject to dismissal under Rule 8 for failure to provide the requisite short and plain statement of their claims. Indeed, the Complaint spanned hundreds of paragraphs and asserted a sweeping, long-winded and disjointed narrative involving alleged events dating back several decades. This prolixity was not merely form over substance; it obscured the factual underpinnings for each claim and failed to allege how Gulf Air's conduct gave rise to liability under any legal theory.

Notwithstanding, the Complaint would still be subject to dismissal under Rule 12(b)(6). There were no allegations that any Plaintiff was the personal representative of the Decedent, thus barring their claims for wrongful death as well as negligence, negligence per se, and breach of fiduciary duty, which are, in effect, survival claims as they seek to recover damages for alleged injuries to the Decedent.

These claims are subject to dismissal on additional grounds. The Complaint fails to allege any cognizable duty, under statute or common law, owed by Gulf Air to the Decedent or to Plaintiffs.

The remaining theories fare no better: Plaintiffs pleaded fraud without particularity, relying on conclusory assertions of misrepresentation and concealment. The emotional distress claims likewise rest on bald assertions and legally insufficient allegations of emotional harm.

Moreover, Plaintiffs never moved for leave to amend. Thus, the District Court's failure to afford Plaintiffs leave to file a *second* amended complaint was not an abuse of discretion. Lastly, Plaintiffs fail to establish that the District Court abused its discretion with respect to the manner and method in which it managed its own docket and that there were "procedural irregularities" which warrant overturning/reversing any of the District Court's rulings, including the Final Order. As a result, this Court should affirm.

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY DETERMINED THAT IT LACKED PERSONAL JURISDICTION OVER GULF AIR AND JURISDICTIONAL DISCOVERY WAS FUTILE

#### A. Standard of Review.

This Court reviews *de novo* the District Court's dismissal for lack of personal jurisdiction. *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 43 (D.C. Cir. 2020). The District Court's denial of jurisdictional discovery is reviewed for abuse of discretion. *Id*.

#### B. The District Court Lacked Specific Personal Jurisdiction Over Gulf Air

The District Court correctly found that it could not exercise specific jurisdiction over Gulf Air under § 13-423(a)(1) of the D.C. Long Arm Statute because Gulf Air does not transact business in D.C.

To establish personal jurisdiction under § 13-423(a)(1), a plaintiff must show: "(1) that the defendant transacted business in the District; (2) that the claim arose from the business transacted in the District; and (3) that the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 4 (D.D.C. 1996) (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Fortunately, the personal jurisdiction

inquiry need not be bifurcated because D.C.'s Long Arm Statute is coextensive with the U.S. Constitution's due process guarantee. *See, e.g., Mouzavires v. Baxter*, 434 A.2d 988, 992, 995, 997 (D.C. 1981) (*en banc*) (clarifying that "the most critical inquiry is … whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum" and are not "fortuitous or accidental"). The constitutional touchstone of the "transacting business" determination under § 13-423(a)(1) is "whether the defendant purposefully established minimum contacts in the forum state," which can only be shown by conduct purposefully directed towards the forum. *COMSAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 520–21 (D.D.C. 1995) (internal citations and quotations omitted). Accordingly, exercising personal jurisdiction over a non-resident defendant under the transacting-business prong of the Long Arm Statute does not pass constitutional muster unless the defendant's minimum contacts demonstrate a deliberate and voluntary association with the District.

Here, as the District Court properly concluded, no such contacts exist. At all relevant times, Gulf Air did not operate scheduled flights to/from the U.S. using its own aircraft and crews, nor does it have any registered offices or assets in the District. Ismaeel Dec. (R. 431, ¶¶ 12–13); *see also* Final Order (R. 28.) Gulf Air is not a resident of, and has no place of business in the District. Ismaeel Dec. (R. 431, ¶ 13.) Gulf Air has no employees in the District and did not advertise or solicit

business there. (*Id.* ¶ 14.) Simply stated, Gulf Air did not conduct *any* business in the District. (*Id.* ¶¶ 12–14.) As a result, Gulf Air did not have fair warning that it would be sued in D.C., and exercising personal jurisdiction over Gulf Air is incompatible with due process. Final Order (R. 28.)

Plaintiffs' contention that Gulf Air's various submissions to, and filings with DOT constitute "transacting business" is equally unavailing. The District Court's decision should be affirmed because Plaintiffs' claims do not arise from Gulf Air's contacts with DOT. None of the acts alleged in the Complaint implicate Gulf Air's Permit. Neither the flight that Decedent operated prior to his death, nor the flight that he was scheduled to operate, were conducted under the Permit. Ismaeel Dec. (R. 432–33, ¶¶ 21–22.) Further, the audit reporting about which Plaintiffs take issue was submitted by American Airlines. Br. at 15, 17. The Complaint, therefore, "fails to establish the requisite triple-nexus between 'the defendant, the forum, and the litigation.'" *Huynh v. Air Canada*, No. 1:24-CV-476-RCL, 2025 WL 522053, at *4 (D.D.C. Feb. 18, 2025) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)); *see also* Final Order (R. 28) (finding that "the exercise of jurisdiction in this case would be unreasonable and unfair.")

Plaintiffs' assertion that the District Court erred by not finding personal jurisdiction over Gulf Air pursuant to Rule 4(k)(2) fails as Rule 4(k)(2) only applies in cases where subject matter jurisdiction is based on a federal question. Here, none

of the claims asserted in the Complaint arise under federal law. Fed. R. Civ. P. 4(k)(2). The Supreme Court has made clear that "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton,* 568 U.S. 251, 257 (2013). The causes of action asserted in the Complaint clearly arise under state law. *See*, *generally*, Compl. (R. 32.)

Plaintiffs also argue that Gulf Air consented to the District Court's exercise of personal jurisdiction over it. In support, they cite language in Gulf Air's Permit under which it agreed, as a condition of receiving DOT authority, to waive sovereign immunity under certain, limited circumstances. Br. at 44–45. However, Plaintiffs' reliance on this Permit condition is misplaced. The waiver is inapplicable here because Gulf Air never raised an immunity defense, Plaintiffs' claims are not based on operations conducted under the Permit (Ismaeel Dec., R. 432–33, ¶¶ 21–22), and Plaintiffs' claims do not fall within the scope of the Permit condition.[1]

Pursuant to the corresponding DOT Order, foreign air carriers cannot assert an immunity defense in actions based on:

---

[1] Moreover, DOT made clear that the condition, "does not deprive foreign air carriers of any other jurisdictional arguments available to them." DOT Order 87-8-8, "Amendment of Foreign Air Carrier Permit and Exemption Authority", 1987 WL 111215, at *4 (D.O.T).

(a) operations in international transportation that, according to the contract of carriage, include a point in the United States as a point of origin, point of destination, or agreed stopping place, or for which the contract of carriage was purchased in the United States; or

(b) a claim under any international agreement or treaty cognizable in any court or other tribunal of the United States.

DOT Order 87-8-8, 1987 WL 111215, at *3 (D.O.T). By its clear terms, subsection (a) applies only to claims by passengers whose relationship with the carrier is governed by the contract of carriage. Subsection (b) is also inapplicable because the Montreal Convention only applies to claims arising from international carriage that involve: (1) passenger death or bodily injury; (2) cargo destruction, loss, or damage; and (3) delay in the transportation of passengers, luggage or cargo. *See* Convention for the Unification of Certain Rules for International Carriage by Air, Art. 17, 18 & 19, May 28, 1999, S. Treaty Doc. 106-45, 2242 U.N.T.S. 309. None of the claims asserted in the Complaint fall within the scope of the Montreal Convention. Similarly, Plaintiffs' assertion that their claims arise under the Open Skies Agreement between the U.S. and the Kingdom of Bahrain is also without merit as there is no private right of action to enforce that agreement. *See McKesson Corp. v. Islamic Republic of Iran*, 539 F.3d 485, 489 (D.C. Cir. 2008) (finding that, absent explicit conferral of private enforcement rights, "the presumption is that international agreements, even those directly benefitting private persons, generally

do not create private rights or provide for a private cause of action in domestic courts.") (internal citations and quotations omitted).

For these reasons, the District Court's dismissal of the claims against Gulf Air for lack of personal jurisdiction should be affirmed.

### C. The District Court did not Abuse its Discretion in Denying Plaintiffs' Request for Jurisdictional Discovery.

Before a plaintiff can obtain jurisdictional discovery, it must "demonstrate[ ] that it can supplement its jurisdictional allegations through discovery." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000). "If the plaintiff has provided statements too bare to support an inference of jurisdiction, responded to a defendant's affidavit with speculative or a complete absence of jurisdictional facts, or fails to make counter-allegations in its own affidavit, denial of discovery is not an abuse of discretion." *Bancoult v. McNamara*, 214 F.R.D. 5, 10 (D.D.C. 2003); *see also Edmond v. U.S. Postal Serv. Gen. Couns.*, 949 F.2d 415, 425 (D.C. Cir. 1991) (finding jurisdictional allegations may be denied when plaintiffs' allegations are conclusory). Denying a motion for jurisdictional discovery is appropriate when the information sought will not aid the court in determining whether jurisdiction exists and, therefore, amounts to nothing more than a "fishing expedition." *See Bastin v. Fed. Nat'l Mortg. Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997); *see also Roz Trading Ltd v. Zeromax Grp., Inc.*, 517 F. Supp. 2d 377, 389

(D.D.C. 2007) (denying request for jurisdictional discovery when discovery sought "would not affect the jurisdictional outcome in [the] case").

Plaintiffs contend that they were entitled to jurisdictional discovery on "Gulf Air's D.C. codeshare revenue," "D.C. ticket-sale data, and DOT submissions" (Br. at 43, 45). However, they fail to explain how that information, to the extent it exists, would sufficiently supplement their jurisdictional allegations. Plaintiffs' claims do not arise from any commercial activity Gulf Air is alleged to have conducted in the District, including revenue earned from ticket sales in D.C. The actions giving rise to their claimed injuries occurred in either Bahrain or Bangladesh. Jurisdictional discovery on unrelated financial and regulatory documents would, therefore, be futile. *See*, *e.g.*, *Huynh*, 2025 WL 522053, at *6 (D.D.C. Feb. 18, 2025).

## II. THE DISTRICT COURT CORRECTLY DETERMINED THAT THE COMPLAINT FAILED TO STATE A CLAIM.

### A. Standard of Review.

This Court reviews dismissal of a complaint *de novo* and may affirm its decision on any grounds supported in the record. *United States ex rel. Kini v. Tata Consultancy Servs., Ltd.*, 146 F.4th 1184, 1191 (D.C. Cir. 2025).

### B. The District Court Correctly Found that the Complaint Failed to Comply with Rule 8, and it was within its Discretion to Dismiss the Complaint without Prejudice.

Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir.1996)). While pro se pleadings may be afforded a liberal construction, they are still subject to the requirements of Rule 8. *See Hamrick v. United Nations*, No. CIV.A.07-1616(RMC), 2007 WL 3054817, at *1, n.1 (D.D.C. Oct. 19, 2007); *see also Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing pro se complaint containing "an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments.").

This Court has made clear that a complaint which fails to meet the basic Rule 8 pleading standards is subject to dismissal. *See Ciralsky*, 355 F.3d at 669-71 (affirming trial court's discretion to dismiss prolix 61-page, 105 paragraph complaint). Indeed, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* (cleaned up).

The District Court correctly found that Plaintiffs' "sprawling and conclusory Complaint" failed to meet the minimum federal pleading requirements. Final Order (R. 24.) The Complaint is a textbook example of the type of "meandering, disorganized, prolix narrative" that courts within this Circuit routinely dismiss. *See, e.g.*, *Hamrick*, 2007 WL 3054817, at *1 (cleaned up). Plaintiffs presented a lengthy, disjointed narrative that laid together numerous wholly unsupported theories and categories of alleged misconduct. As the District Court correctly noted, allegations entirely divorced from the Decedent's incapacitation and death are interwoven throughout the Complaint. *See, e.g.,* Final Order (R. 30) ("Safety issues from decades-old incidents have zero bearing on whether an airline pilot suffers a heart attack.").

Because the Complaint is sprawling, prolix, and insufficiently organized to comply with Rule 8, dismissal on these additional grounds was warranted.

### C. Plaintiffs Lacked Standing to Assert Wrongful Death and Survival Claims Against Gulf Air.

This Court may affirm on any ground supported by the record. *United States ex rel. Kini*, 146 F.4th at 1191. Here, the Complaint's defects were not limited to personal jurisdiction and basic Rule 8 requirements; it failed to state a claim under Rule 12(b)(6), and this Court may affirm the Final Order on that alternative ground.

To start, Plaintiffs lacked statutory standing to pursue the wrongful death and survival claims. Statutory standing asks "whether the statute at issue conferred a cause of action encompassing a particular plaintiff's claim." *United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015) (cleaned up). Plaintiffs cannot satisfy the inquiry, and they lack a valid cause of action to assert claims for wrongful death, negligence, negligence per se, and breach of fiduciary duty against Gulf Air.

First, the common law tort claims for negligence, negligence per se, and breach of fiduciary duty are, in substance, claims based on alleged actions and inactions with respect to Decedent that are claimed to have resulted in his death. As such, these claims belonged to Decedent and can only be pursued through a survival action brought by Decedent's "legal representative" on behalf of the estate. *See* D.C. Code § 12-101; *Henson v. W.H.H. Trice and Co.*, 466 F.Supp.2d 187, 192 n. 6 (D.D.C. 2006). Under the act, a "legal representative" is a person "whether by virtue of testamentary act or operation of law, stands in the place of the decedent with respect to his property." *Jackson v. D.C.*, No. 25-CV-00889 (DLF), 2026 WL 890452, at *8 (D.D.C. Mar. 31, 2026) (quoting *Strother v. District of Columbia*, 372 A.2d 1291, 1295–96 (D.C. 1977)). Importantly, the survival statute is "the *exclusive means* by which an estate may recover for common law torts resulting in the decedent's death." *Henson*, 466 F.Supp.2d at 192 (emphasis added).

Second, Plaintiff Ayyash's wrongful death claim is subject to D.C.'s Wrongful Death Act, which can only be brought by Decedent's "personal representative." *See* D.C. Code §16-2702. D.C. law defines a "personal representative" as "officially appointed executors or administrators" and "the term is strictly construed." *Est. of Manook v. Rsch. Triangle Inst.*, *Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 16-17 (D.D.C. 2010) (internal citations and quotations omitted). Plaintiffs do not claim to be Decedent's executor or administrator, nor does the meandering pleading contain any facts establishing that Plaintiffs stood in the place of Decedent "with respect to his property." *Strother*, 372 A.2d at 1296. To the contrary, Decedent was survived by a wife and at least one child. *See* Compl. (R. 72, ¶ 188(D)–(E)); *Jackson*, 2026 WL 890452, at *8 (holding that parents were not decedent's legal representatives when decedent had living children).[2] While Plaintiffs are family members, they simply do not have standing to assert claims for wrongful death, negligence, negligence per se, and breach of fiduciary duty. Accordingly, this Court may affirm dismissal on these alternate grounds.

---

[2] Plaintiff Ayyash's wrongful death claim also fails because D.C.'s Wrongful Death Act applies only to deaths occurring in D.C. *See Perry v. Criss Brothers Iron Works*, 741 F. Supp. 985, 986 (D.D.C. 1990).

### D. Plaintiffs Failed to State Claims for Negligence and Negligence Per Se.

The Complaint fails to plausibly allege the existence of a legal duty of care owed to Plaintiffs, Gulf Air's breach of any applicable duty, and that any alleged breach resulted in Plaintiffs' claimed damages.

First, the Complaint failed to identify with any reasonable precision what common law duty Gulf Air allegedly owed to Plaintiffs, let alone the legal basis of any such duty.

Second, Plaintiffs failed to plausibly allege breach of any applicable duty of care. The Complaint repeatedly concludes that Gulf Air "failed" to take various actions, but failed to explain how Gulf Air's conduct in this case fell below any applicable standard of care.

Third, the Complaint's allegations concerning causation are entirely speculative and fail to demonstrate how Gulf Air's actions were the proximate cause of the injury complained of, thus warranting dismissal. *See, e.g.*, *William Loveland Coll. v. Distance Educ. Accreditation Comm'n*, 347 F. Supp. 3d 1, 21–22 (D.D.C. 2018), *aff'd sub nom. William Loveland Coll. v. Distance Educ. Accrediting Comm'n*, 788 F. App'x 5 (D.C. Cir. 2019). The District Court correctly observed that "it is impossible to see how," there is "any logical connection between the alleged acts and the claimed injury" (Final Order, R. 30) based solely on bald

assertions that "Gulf Air's breaches and negligence directly caused [Decedent's] incapacitation and . . . death." Compl. (R. 48, ¶ 38.)

Plaintiffs also failed to state a claim for negligence per se because they failed to plead an underlying negligence claim. *See Hunter on behalf of A.H. v. District of Columbia,* 64 F.Supp.3d 158, 1880–89 (D.D.C. 2014). Nonetheless, their negligence per se claim is independently deficient as a matter of law. Plaintiffs make no attempt to identify any relevant, specific duties imposed on Gulf Air by the laundry list of generic policy pronouncements, generalized aviation regulations and materials cited in the Complaint. *See, e.g.*, Compl. (R. 141, ¶ 642.) Nor do Plaintiffs plead that Decedent is within the class of persons to be protected, as is required for negligence per se. *See Samuels v. Safeway, Inc.*, 391 F. Supp. 3d 1, 3 (D.D.C. 2019).

In addition, a plaintiff must further show that the "*statutory violation* was the proximate cause" of the injury. *Iacangelo v. Georgetown Univ.*, 595 F. Supp. 2d 87, 93 (D.D.C. 2009) (emphasis in original) (quoting *Rong Yao Zhou v. Jennifer Mall Rest., Inc.*, 534 A.2d 1268, 1277 (D.C. 1987)). Plaintiffs offer only a barebones assertion as to causation, claiming without explanation that Decedent's death would have been prevented but for Gulf Air's alleged "regulatory violations." Compl. (R. 141, ¶ 643.)[3]

---

[3] To the extent the Complaint attempts to assert other, separate claims against Gulf Air for its alleged failure to, *inter alia*, mitigate crew incapacitation risks, provide

**E. Plaintiffs' Breach of Fiduciary Duty Claim Fails.**

Plaintiffs Hindi's and Ayyash's breach of fiduciary duty claim fails because there is no fiduciary relationship with Gulf Air. Under D.C. law, neither a contract nor an ordinary business relationship creates a fiduciary duty; the parties must extend their relationship to one "founded upon trust and confidence." *Krukas v. AARP, Inc.*, 458 F. Supp. 3d 1, 8 (D.D.C. 2020) (cleaned up). An employer-employee relationship, standing alone, does not impose fiduciary duties on the employer. *See Carswell v. Air Line Pilots Ass'n, Int'l,* 540 F. Supp. 2d 107, 119–20 (D.D.C. 2008). Plaintiffs alleged no facts showing that Gulf Air assumed fiduciary obligations to Decedent or to them. The fiduciary duty claim therefore fails.

**F. Plaintiffs' Fraud Based Claims Fail.**

Claims sounding in fraud must satisfy Rule 9(b), which requires pleading the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b). There

---

crew medical evaluations, implement an effective safety management system, and comply with regulatory requirements, they have not articulated a viable cause of action. The law is clear that Plaintiffs cannot enforce the regulations to which they cite. It is well settled that "[r]egulations alone cannot create private rights of action; the source of the right must be a statute." *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir. 2007). Moreover, any such claims would necessarily implicate Gulf Air's operation and services and would be preempted by the Airline Deregulation Act. *See* 49 U.S.C. § 41713(b)(1) (claims related to an air carrier's prices, routes, or services are preempted).

must be a false representation of material fact, made knowingly, with intent to deceive, reasonable reliance, and resulting damages. *Essroc Cement Corp. v. CTI/D.C., Inc.*, 740 F. Supp. 2d 131, 145 (D.D.C. 2010). A fraudulent-concealment theory likewise requires a duty to disclose; "mere silence does not constitute fraud unless there is a duty to speak." *Saucier v. Countrywide Home Loans*, 64 A.3d 428, 439 (D.C. 2013) (cleaned up).

The Complaint did not identify any knowing misrepresentation of material fact made by Gulf Air to Plaintiffs, much less one on which Plaintiffs reasonably relied to their detriment. Nor did Plaintiffs plead fraudulent concealment. The Complaint alleged in conclusory fashion that Gulf Air "concealed or suppressed" facts concerning Decedent's medical condition, hospital records, and the circumstances of his death. Compl. (R. 145, ¶ 664.) But Plaintiffs pleaded no facts establishing that Gulf Air owed them an affirmative duty to disclose any of that information. *See Saucier*, 64 A.3d at 439. The bare assertion that Gulf Air "intentionally concealed the facts with the intent to defraud," is precisely the kind of conclusory allegation the heightened fraud pleading standard under Rule 9(b) does not permit. Compl. (R. 93, ¶ 327; R. 80, ¶ 232; R. 145, ¶ 666.)

### G. Plaintiffs' Emotional Distress Claims Fail.

Plaintiff Hindi asserted negligent infliction of emotional distress ("NIED"), but to state a viable claim, D.C. law requires allegations satisfying either the zone-

of-danger test or the special-relationship test. *Hedgepeth v. Whitman Walker Clinic,* 22 A.3d 789, 810–11 (D.C. 2011). While the Complaint invokes the phrase "zone of danger," (R. 149, ¶ 692), it fails to show that Gulf Air's conduct placed Plaintiff Hindi in danger of *physical injury* and that as a result, he feared for his own safety and suffered a "serious and verifiable" emotional injury. *See Hedgepeth*, 22 A.3d at 796–98. Plaintiff's barebones invocation of the doctrine is plainly insufficient. *See, e.g.*, *Kowalevicz v. United States*, 302 F. Supp. 3d 68, 78 (D.D.C. 2018) (dismissing NIED claim under zone of danger test when plaintiff failed to allege physical danger).

Plaintiff Ayyash's intentional infliction of emotional distress ("IIED") claim fares no better. To state an IIED claim, a plaintiff must plead extreme and outrageous conduct that intentionally or recklessly causes severe emotional distress. *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982). The Complaint alleged in conclusory fashion that Gulf Air engaged in "extreme and outrageous conduct" and "intentionally cause[d] severe emotional harm," based on alleged concealment of facts about Decedent's condition and the hospital's alleged deficiencies, which "obstruct[ed]" Plaintiff Ayyash's "ability to understand her son's death and pursue justice." Compl. (R. 148, ¶ 685.) Those conclusory allegations do not plausibly establish conduct "so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency," as is required to maintain an IIED claim. *Sere*, 443 A.2d at 37.

## III. PLAINTIFFS NEVER MOVED FOR LEAVE TO AMEND THEIR COMPLAINT, AND IT WAS NOT AN ABUSE OF DISCRETION FOR THE DISTRICT COURT NOT TO HAVE AFFORDED SUCH LEAVE SUA SPONTE

### A. Standard of Review.

The decision not to afford Plaintiffs leave to amend their Complaint sua sponte is reviewed for abuse of discretion. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 (D.C. Cir. 1994).

### B. Plaintiffs Never Moved for Leave to Amend.

Pursuant to Rules 7(i) and 15.1 of the Local Rules of the District of Columbia District Court, to amend a pleading a party must file a motion for leave attaching the proposed amended pleading thereto. *See also* Standing Order ¶ 7(i). "[A] bare request . . . without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." *Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (internal quotations and citations omitted). To that end, requesting "leave to amend as an alternative argument" is insufficient and denying a request to amend for failure to comply with the local rules is not an abuse of discretion. *Id.* at 130–131.

Plaintiffs never filed a motion for leave to amend their Complaint. Instead, noting in their Rule 60 Motion that the District Court dismissed the case "[w]ithout

permitting discovery or adequate opportunity to amend." (R 17.) This passing remark, made *after* the Complaint had already been dismissed, is not tantamount to a motion for leave, and thus cannot be treated as one for purposes of this appeal. *See*, *e.g.*, *Rollins*, 703 F.3d at 130–31. As a result, "it 'could hardly have been an abuse of discretion' for the District Court not to have afforded [plaintiffs] such leave sua sponte.'" *Kowal,* 16 F.3d at 1280 (quoting *Confederate Mem'l Ass'n, Inc., v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Moreover, the District Court did not abuse its discretion by dismissing the Complaint under Rule 8 without first affording Plaintiffs leave to amend. Relying on *Ciralsky v. C.I.A.*, Plaintiffs argue that because some of their claims were or may have been time-barred by the date of the Final Order, the dismissal, which was without prejudice, operated as a dismissal with prejudice, thus obligating the District Court to, sua sponte, give them leave to amend. However, and contrary to Plaintiffs' assertions, this Court's findings in *Ciralsky* establish that the District Court did not abuse its discretion.

In *Ciralsky*, the district court dismissed plaintiff's amended complaint without prejudice under Rule 8. 355 F.3d at 664–65. Plaintiff subsequently filed motions to alter or amend the judgment under Rule 59(e) and for leave to file a second amended complaint under Rule 15(a), in which he argued potential unfair prejudice if not permitted to amend, "as the statute of limitations may be deemed to have run on

some of his claims." *Id.* at 665. Both motions were denied after finding no manifest injustice because plaintiff failed to substantiate his claims regarding the statute of limitations. *Id*.

This Court found no abuse of discretion because the dismissal was without prejudice and plaintiff did not give the district court "any reason to suspect that its dismissal without prejudice could be. . . the functional equivalent of a dismissal with prejudice because the statute of limitations had run on at least some of his claims." *Id.* at 671. This Court found no manifest injustice when plaintiff "could have easily avoided the outcome, but instead elected not to act until after a final order had been entered," thus denying the Rule 59(e) motion and the motion for leave to amend did not constitute an abuse of discretion. *Id.* at 673 (finding that by failing to timely raise the limitations issue (i.e., before final judgment), plaintiff "forfeited any claim of an abuse of discretion.").

Here, Plaintiffs never raised any statute of limitations concerns at any time before the Final Order was entered. As a result, Plaintiffs cannot now claim it was an abuse of discretion for the District Court to have not taken the limitations periods into consideration in ruling on any pending motion. The judgment of the District Court should be affirmed.

## IV. THE DISTRICT COURT DID NOT DEPRIVE PLAINTIFFS OF THEIR DUE PROCESS RIGHTS

### A. Standard of Review.

The sequencing in which the district court considers pending motions is reviewed for abuse of discretion. *In Re Sealed Case*, 77 F.4th 815, 832 (D.C. Cir. 2023).

### B. Plaintiffs were Not Deprived of their Due Process Rights by the District Court's Docket Management Decisions.

Plaintiffs' due process rights were not implicated by the sequence in which the District Court decided pending motions. For example, Plaintiffs contend that it was error for the District Court to have relied on Exhibit A to Gulf Air's Motion to Dismiss while their Motion to Strike Defendant Gulf Air's Exhibit A ("Motion to Strike") (R. 493) was pending. Br. at 13. However, Plaintiffs' argument is based on the unsupportable premise that the District Court relied on Exhibit A before deciding Plaintiffs' Motion to Strike, but there is nothing in the record supporting Plaintiffs' conclusion in this regard. The Final Order denied eight of Plaintiffs' motions, including their Motion to Strike, and also granted Gulf Air's Motion to Dismiss, giving no indication as to the precise order in which the motions were considered and decided. *See* Final Order (R. 31.) Plaintiffs, therefore, failed to establish the actual order in which the motions were decided, let alone that the order exceeded the bounds of the District Court's discretion. *In re Sealed Case*, 77 F.4th at 832. Absent

authority to the contrary, district courts are vested with "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Similarly, Plaintiffs failed to demonstrate "procedural irregularities" or a "consistent pattern of procedural rulings favoring Defendants." Br. at 13. The crux of Plaintiffs' argument is that they disagree with the District Court's decision to adhere to its Standing Order, and they criticize the exercise of the District Court's authority to extend the time for certain acts to be completed, if it was necessary to do so. However, none of the acts they identify were improper or otherwise implicate procedural irregularities requiring reversal of the District Court's rulings.

Plaintiffs further argue prejudice because they were never given the opportunity to consent to a magistrate judge. Br. at 13. However, all parties need to consent to proceed under a magistrate judge (*see* Fed. R. Civ. P. 73), and Plaintiffs do not and cannot contend that Defendants would have consented. There are no facts on the record from which this Court can conclude that Plaintiffs' due process rights were violated.

## CONCLUSION

For all of the foregoing reasons, the judgment of the District Court should be affirmed.

Dated: August 21, 2026
Washington, D.C.

*/s/ Mark A. Johnston*

Mark A. Johnston, Esq.

*Counsel for Defendant-Appellee*
*Gulf Air B.S.C. (c)*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). The brief contains 6,494 words, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using MS Word 2007 in a 14-point Times New Roman font.

Dated: August 21, 2026
Washington, D.C.

*/s/ Mark A. Johnston*

Mark A. Johnston, Esq.

*Counsel for Defendant-Appellee*
*Gulf Air B.S.C. (c)*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on August 21, 2026.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid to the following non-CM/ECF participants.

Tala Josephano
1876 PCH
Lomita, CA 90717

Samiha Ayyash
#6 Abu Nsair Karmeh Street
Jubaiha Amman Jordan 11937

Samiha Ayyash
Feras Hindi
7823 New London Drive
Springfield, VA 22153

Dated: August 21, 2026
Washington, D.C.

*/s/ Mark A. Johnston*

Mark A. Johnston, Esq.

*Counsel for Defendant-Appellee*
*Gulf Air B.S.C. (c)*

ADDENDUM

# **ADDENDUM**

## **TABLE OF CONTENTS**


D.C. Code § 12-101 ADD1

D.C. Code § 13-423 ADD1

D.C. Code § 16-2702 ADD1

## Statutes and Regulations

**§ 12-101. Survival of rights of action.**

On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to this death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased.

D.C. Code § 12-101 (2025).

**§ 13-423. Personal jurisdiction based upon conduct.**

(a) A District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - -

(1) Transacting any business in the District of Columbia;

. . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423 (2025).

**§ 16-2702. Party plaintiff; statute of limitations.**

An action pursuant to this chapter shall be brought by and in the name of the personal representative of the deceased person, and within 2 years after the death of the person injured.

D.C. Code § 16-2702 (2012).